# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| CHADWICK SMITH, Individually and for Others Similarly Situated,<br><br>                    Plaintiffs,<br>v.<br><br>GUIDANT GLOBAL, INC. and GUIDANT GROUP, INC.,<br><br>                    Defendants. | Case No. 2:19-cv-12318-GAD-APP<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Guidant Global, Inc. (Guidant Global) and Guidant Group, Inc. (Guidant Group) (collectively, Defendants) have failed to pay Chadwick Smith (Smith) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2.  Instead, Defendants pay Smith, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.  Smith brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because

Defendants maintain their headquarters in this District and Division.

## THE PARTIES

6. Smith was an hourly employee of Defendants.

7. Smith worked for Defendants from approximately 2011 until 2017.

8. Smith's written consent was filed on August 6, 2019. Doc. 1-A.

9. Guidant Group is a foreign corporation doing business and headquartered in Michigan. Guidant Group is a subsidiary of the Impellam Group PLC (Impellam). Impellam is a UK-based staffing firm that operates as Guidant Group in the United States.

10. Guidant Global is a Michigan corporation that maintains its United States headquarters in Southfield, Michigan. In December 2015, Impellam acquired Bartech Group, Inc. (Bartech) and its subsidiaries.

11. In 2018, Impellam merged its US and UK operations and rebranded them as Guidant Global.

12. Guidant Group and Guidant Global are a single enterprise.

13. Defendants engage in the related activities of staffing personnel to industries throughout the United States and the world.

14. Defendants work as a unified operation under common control, sharing at least and address and common directors/officers.

15. Defendants share a common business purpose in that they complemented and depended on each other to operate, staff, and otherwise satisfy their obligations.

16. Guidant Global has already been served with process. Doc. 3.

17. Guidant Group may be served with process by serving its registered agent **CSC-Lawyers Incorporating Service, 601 Abbot Road, East Lansing, Michigan 48823, USA.**

## COVERAGE UNDER THE FLSA

18. At all relevant times, Defendants were employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all relevant times, Defendants were enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all relevant times, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

21. At all relevant times, Defendants had an annual gross volume of sales made in excess of $1,000,000.

22. At all relevant times, Smith and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

23. Defendants provide global workforce management and staffing solutions.

24. Defendants connect staffing companies to clients, such as power companies.

25. Defendants control the terms, methods, and types of pay Smith and other Putative Class Members receive.

26. Smith worked for Defendants from approximately 2011 until 2017.

27. Smith performed work for Defendants in Owensville and Edwardsport, Indiana.

28. Smith worked for Defendants as a Coordinator.

29. Smith reported the hours he works to Defendants on a regular basis.

30. Smith and the Putative Class Members were not guaranteed a salary.

31. If Smith or the Putative Class Members worked fewer than 40 hours in a week, they were only paid for the hours worked.

32. Smith and the Putative Class Members regularly worked over 40 hours in a week.

33. In fact, Smith routinely worked 60 to 90 hours per week.

34. Instead of receiving overtime, Smith and the Putative Class Members received the same hourly rate for the hours worked over 40 in a work week.

35. The hours Smith and the Putative Class Members worked are reflected in Defendants' records.

36. Defendants' created the "straight time for overtime" payment scheme.

37. Defendants' ratified the "straight time for overtime" payment scheme.

38. Defendants' approved the "straight time for overtime" payment scheme.

39. Defendants' did not challenge the "straight time for overtime" payment scheme.

40. Defendants' have been sued for FLSA claims related to the "straight time for overtime" payment scheme.

41. Defendants' clients have been sued for FLSA claims related to the "straight time for overtime" payment scheme.

42. Defendants were and are aware of the overtime requirements of the FLSA.

43. Defendants nonetheless fail to pay certain workers, such as Smith and the Putative Class Members, overtime.

44. Defendants' failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA Collective Action Allegations

45. Defendants' illegal "straight time for overtime" policy extends beyond Smith.

46. It is Defendants' "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action.

47. Defendants pay thousands of workers using the same unlawful scheme.

5

48. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

49. The workers impacted by Defendants' "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

50. Therefore, the class is properly defined as:

**All workers of Defendants who were, at any point in the past 3 years, paid the same hourly rate for hours worked over 40 in a work week (or "straight time for overtime") (Putative Class Members).**

### COLLECTIVE CAUSES OF ACTION

51. Smith incorporates all previous paragraphs and alleges that the illegal pay practices Defendants imposed on Smith were likewise imposed on the Putative Class Members.

52. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

53. Numerous other individuals, like Smith, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.

54. Based on his experiences and tenure with Defendants, Smith is aware that Defendants' illegal practices were imposed on the Putative Class Members.

55. The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

56. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

57. The specific job titles or precise job locations of the various Putative Class Members do not prevent collective treatment.

58. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

59. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

60. Smith demands a trial by jury.

## PRAYER

Smith prays for relief as follows:

    a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to

        assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Smith and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.    For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this the 18th day of September 2019.

        By: */s/ Jennifer L. McManus*
        **Jennifer L. McManus (P65976)**
        **FAGAN MCMANUS, PC**
        25892 Woodward Avenue
        Royal Oak, MI 58067-0910
        248-542-6300 – Telephone
        jmcmanus@faganlawpc.com

        **AND**

        **Michael A. Josephson**
        TX Bar No. 24014780
        (*admitted pro hac vice*)
        **Andrew W. Dunlap**
        TX Bar No. 24078444
        (*admitted pro hac vice*)
        **Taylor A. Jones**
        TX Bar No. 24107823
        (*admitted pro hac vice*)

**Lindsay R. Itkin**
TX Bar No. 24068647
(*admitted pro hac vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
TX Bar No. 24001807
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2019, I served the foregoing document on all parties and/or their counsel of record via this Court's CM/ECF filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Jennifer L. McManus*
**Jennifer L. McManus**