UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHADWICK SMITH,

    Plaintiff,

    v.

GUIDANT GLOBAL INC., ET AL.,

    Defendants.

Case No. 19-cv-12318

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

## **OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT [10]**

### **I. INTRODUCTION**

On August 6, 2019, 2019, Plaintiff Chadwick Smith ("Plaintiff") filed the instant collective action under the Fair Labor Standards Act ("FLSA") for unpaid overtime against Defendant Guidant Global, Inc. *See* ECF No. 1. On September 18, 2019, Plaintiff amended his Complaint to add Defendant Guidant Group, Inc. *See* ECF No. 8.

Presently before the Court is Defendants' Guidant Global, Inc. and Guidant Group, Inc. (together, the "Defendants") Motion to Dismiss Amended Complaint, filed on October 2, 2019. ECF No. 10. Plaintiff filed a Response on October 23, 2019. ECF No. 15. Defendants filed their Reply on November 6, 2019. ECF No. 16. A hearing on Defendants' Motion was held on December 10, 2019. For the

1

reasons that follow, the Court will DENY Defendants' Motion to Dismiss Amended Complaint [#10] as it relates to the issue of joint employment relationship status. Further, the Court finds the consent issue of Defendants' Motion MOOT.

## II. FACTUAL BACKGROUND

Plaintiff asserts that he was an hourly employee for Defendants from approximately 2011 until 2017, working as a Coordinator in Owensville and Edwardsport, Indiana. ECF No. 8, PageID.25, 27. He maintains that he reported his hours to Defendants on a regular basis. *Id.* at PageID.27. According to Plaintiff, he and the "Putative Class Members" regularly worked over forty hours in a week. *Id.* In fact, Plaintiff alleges that he "routinely worked 60 to 90 hours per week." *Id.* Plaintiff asserts in his Amended Complaint that Defendants paid him and the "Putative Class Members" according to an illegal "straight time for overtime" payment scheme in violation of the FLSA. *Id.* at PageID.28. Plaintiff seeks to recover unpaid overtime and other damages due to him and the "Putative Class Members" in this collective action. *Id.* at PageID.24.

Defendant Guidant Global, Inc. is a Michigan corporation that maintains its headquarters in Southfield, Michigan. *Id.* at PageID.25. Defendant Guidant Group, Inc. is a foreign corporation that conducts business and is headquartered in Michigan. *Id.* Together, Defendants maintain that they have no record of Plaintiff working for them "as a W-2 employee." ECF No. 10, PageID.271 n.1. They contend

that Plaintiff is instead "an employee and/or an independent contractor" for a staffing agency, Warren Steele & Associates. *Id.* Defendant Guidant Group, Inc. purportedly "helped to facilitate three different assignments of [Plaintiff]," as an employee and/or independent contractor of Warren Steel & Associates, by "lending administrative support."[1] *Id.*

Plaintiff alleges that Defendants are a "single enterprise" under "common control" with a "common business purpose," as they complement and depend on each other to "operate, staff, and otherwise satisfy their obligations." ECF No. 8, PageID.25. Further, he asserts that Defendants "control the terms, methods, and types of pay" which he and other "Putative Class Members" receive. *Id.* at PageID.27.

Plaintiff commenced this collective action under the FSLA only against Defendant Guidant Global, Inc. *See* ECF No. 1. He attached his "Consent to Join Wage Claim" against Defendant Guidant Group, Inc. to his initial Complaint. *Id.* at PageID.10. On September 18, 2019, Plaintiff amended his Complaint to also include Defendant Guidant Group, Inc. *See* ECF No. 8. On October 22, 2019, Plaintiff filed his additional consent to participate in this collective action lawsuit against Defendant Guidant Global, Inc. *See* ECF No. 14, PageID.286.

---

[1] Defendants assert that they will file a motion for summary judgment "[i]f necessary, and at the appropriate time" in the instant action since Plaintiff "is not their employee[.]" *See* ECF No. 10, PageID.271 n. 1.

Defendants filed their instant Motion on October 2, 2019. ECF No. 10. They argue that Plaintiff's Amended Complaint should be dismissed for two reasons: (1) that Plaintiff's consent form is defective as to Defendant Guidant Global, Inc. because it only names Defendant Guidant Group, Inc.; and (2) that Plaintiff failed to adequately plead a "joint employment relationship" such that Defendant Guidant Group, Inc. plausibly could be considered his employer. *Id.* at PageID.269. Plaintiff opposed Defendants' Motion on October 23, 2019, asserting that Defendants' first claim is now moot and contending that he did adequately plead Defendant Guidant Group, Inc. as his employer. ECF No. 15, PageID.293. Defendants filed their Reply to Plaintiff's opposition on November 6, 2019. ECF No. 16.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley*

*v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). While courts are required to accept the factual allegations in a complaint as true, *Twombly,* 550 U.S. at 556, the presumption of truth does not apply to a claimant's legal conclusions. *See Iqbal,* 556 U.S. at 678. Therefore, to survive a motion to dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555) (internal citations and quotations omitted).

## IV. ANALYSIS

Defendants present two arguments in support of their Motion to Dismiss. First, they assert that Plaintiff's consent to the collective action, as to Defendant Guidant Global, Inc., is defective. ECF No. 10, PageID.269. Second, they claim Plaintiff fails to adequately plead a joint employment relationship for Defendants as defined by the FLSA. *Id.* The Court shall address each argument in turn.

### A. Plaintiff Properly Filed His Consent to Collective Action Against Both Defendants

Section 216(b) of the FLSA states, in relevant part, that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. §216(b). When Defendants filed their Motion, Plaintiff filed a consent only as to Defendant Guidant Group, Inc. *See* ECF No. 1, PageID.10. On October 22, 2019, however, Plaintiff filed his additional consent to participate in this collective action lawsuit against Defendant Guidant Global, Inc. *See* ECF No. 14, PageID.286.

In his Response, Plaintiff argues that this additional filing renders Defendants' Motion, as it relates to the consent issue, moot. ECF No. 15, PageID.293. Defendants acknowledged Plaintiff's filing of consent as to Defendant Guidant Global, Inc. in their Reply. ECF No. 16, PageID.311. They thus agree with Plaintiff that this issue is moot. *Id.*

Accordingly, this Court finds that Defendants' Motion, as it relates to the consent issue, is moot.

### B. Plaintiff Sufficiently Alleges Defendants' Joint Employment Relationship

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee …." 29 U.S.C. § 203(d). Two or more entities can be joint employers and responsible for complying with the

Act. *See* 29 C.F.R. § 791.2(a). Under the FLSA, the issue of joint employment depends upon "all of the facts in the particular case and is largely an issue of control." *Parrott v. Marriott International, Inc.*, 2017 WL 3891805, at *1 (E.D. Mich. Sept. 6, 2017) (quoting *Bacon v. Subway Sandwiches & Salads LLC*, 2015 WL 729632, at *4 (E.D. Tenn. Feb. 19, 2015)). The Sixth Circuit has not formulated a test to identify a joint employer for FLSA purposes; however, in this district, the focus has been the following factors: whether the plaintiff's alleged joint employer (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *See Parrott*, 2017 WL 3891805, at *2; *Dowd v. Directv, LLC*, 2016 WL 28866, at *4 (E.D. Mich. Jan. 4, 2016) (citing *Bonnett v. California Health & Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983)).

In the instant matter, Defendants contend that Plaintiff does not plead "any of the indicia of joint employment[.]" ECF No. 10, PageID.277. Specifically, Defendants argue that Plaintiff has not adequately plead in the Amended Complaint that Defendant Guidant Group, Inc. employed him. *Id.* They maintain that Plaintiff's allegation that Defendants are an "enterprise" is insufficient on the issue of who employed Plaintiff. ECF No. 16, PageID.315. At the hearing, Defendants argued that a "higher level of pleading" is required for this case on the joint employer issue.

7

In their Reply, Defendants cite to a case from the Western District of Texas for support that Plaintiff's Amended Complaint in the instant matter is deficient. ECF No. 16, PageID.314. In *Joaquin v. The Coliseum, Inc.*, the court found that Plaintiffs did not adequately plead Defendant Alejandro Hinojosa qualified as their employer under the FLSA. 2016 WL 3906820, at *4 (W.D. Tex. July 13, 2016). The court explained that Plaintiffs "fail[ed] to plead facts relevant to most of the economic reality factors adopted by the Fifth Circuit." *Id.* Further, the court determined that Plaintiffs' allegations concerning Defendant Hinojosa's control of the corporate Defendants' operations were "conclusory." *Id.* Finally, it noted how Plaintiffs failed to plead any facts regarding whether Defendant Hinojosa possessed hiring power; maintained employment records or defined the terms of their work; controlled the conditions of their employment; or even plead what Defendant Hinojosa's role was in relation to the various other named corporate Defendants. *Id.*

The Court does not find the *Joaquin* decision persuasive as it relates to the instant matter. First, the Court recognizes that the Sixth Circuit has not adopted the "economic reality test," which was employed by the district court in *Joaquin*, in order to evaluate an employer/employee relationship under the FLSA. Courts have applied many variations of the joint employer test; the touchstone of many of the variations of the joint employer test is "that the employment relationship is highly fact-dependent and different factors may be appropriate under different factual

scenarios." *Ali v. Piron, LLC*, 2018 WL 1185271, at *5 (E. D. Mich. Mar. 7, 2018). The Court is not inclined to follow the "economic reality test" adopted by the Fifth Circuit and applied in *Joaquin*.

Second, Plaintiff here pleads several facts evidencing the control which Defendants' jointly exercised over him. Specifically, Plaintiff directs the Court to pages four and five of his Amended Complaint which include allegations "supporting [Defendant] Guidant Group's status as [his] joint employer[.]" ECF No. 15, PageID.300. Plaintiff alleges background information of both Defendants, including that they (1) provide global workforce management and staffing solutions; (2) connect staffing companies to clients, such as power companies; and (3) control the terms, methods, and types of pay Plaintiff and other "Putative Class Members" receive. ECF No. 8, PageID.27. Plaintiff next discusses his specific relationship to Defendants, alleging that he (1) worked for Defendants between 2011 and 2017; (2) performed work as a Coordinator in Owensville and Edwardsport, Indiana; and (3) reported his hours to Defendants on a regular basis. *Id.* Additionally, Plaintiff incorporates facts evidencing Defendants' alleged violation of the FLSA, including that Defendants' "created," "ratified," "approved," and failed to challenge the "straight time for overtime" payment scheme. *Id.* at PageID.28.

Plaintiff argues in his Response that that these allegations contend that both Defendants acted in violation of their duties under the FLSA, as they both

9

"performed [the above-mentioned] acts." ECF No. 15, PageID.302. Further, Plaintiff cites to several court decisions within the district which denied motions to dismiss under Rule 12(b)(6) related to this joint employment relationship issue. *Id.* at PageID.299. In *Dowd v. Directv, LLC*, for example, the court denied Defendant employer's motion to dismiss, finding that Plaintiffs sufficiently alleged details about the nature of Defendants' relationship with subcontractors. 2016 WL 28866, at *5 (E.D. Mich. Jan. 4, 2016). There, Plaintiffs included details about the Defendants' corporate structure, specifically a contractor-subcontractor relationship, as well as the contracts by which they were bound by. *Id.*

Another court in this district similarly denied a Defendant employer's motion to dismiss where the Plaintiffs' complaint included "numerous claims which sufficiently allege that [Defendant] exercises control and is their joint employer." *Parrott v. Marriott International, Inc.*, 2017 WL 3891805, at *2 (E.D. Mich. Sept. 6, 2017). In *Parrott*, Plaintiffs alleged that Defendant supervised its employees and their work schedules by auditing financial records; controlled operations; maintained employment records; and imposed standardized procedures. *Id.* Given these purported facts, along with Plaintiffs' "numerous other allegations," the court determined that it could find Plaintiffs "sufficiently plead joint employment." *Id.*

In the instant matter, as listed above, Plaintiff similarly alleges facts revealing the nature of Defendants' status as a joint employer, including the control which

Defendants purportedly exercised over Plaintiff. *See* ECF No. 8, PageID.8–9. Furthermore, Plaintiff's allegations contend that both Defendants performed each purported act. Plaintiff argues that a "plain reading of the allegations reflects [Plaintiff's] contentions that Guidant Group and Guidant Global each acted in violation of their duties under the FLSA." ECF No. 15, PageID.302. The Court recognizes how the first paragraph of Plaintiff's Amended Complaint details how both Defendant Guidant Global, Inc. and Defendant Guidant Group, Inc. failed to pay Plaintiff and other workers like him overtime as required by the FLSA. ECF No. 8, PageID.24. This allegation places Defendants on notice of the claims against them. In fact, Defendants explain in their Motion that they are prepared to defend the instant action by filing a motion for summary judgment "based on the fact that [Plaintiff] is not their employee[.]" ECF No. 10, PageID.271 n. 1.

The Court recognizes that this Motion is designed to test the sufficiency of Plaintiff's Amended Complaint. It is therefore required to look at all of Plaintiff's allegations in a light most favorable to him. By doing this, and drawing all reasonable references in Plaintiff's favor, the Court finds that he alleges enough facts to support his joint employer theory. Plaintiff is not required to plead "detailed factual allegations" about Defendants' employment arrangements at this juncture. *See Ali v. Piron, LLC*, 2018 WL 1185271, at *5 (E.D. Mich. Mar. 7, 2018). The

Court can make a "reasonable inference" here that Defendants maintained a level of control that could ultimately translate into a joint employment relationship. *Id.*

Accordingly, the Court finds that Defendants' Motion, as it relates to the issue of joint employment relationship status, is denied.

## V. CONCLUSION

For the reasons articulated above, the Court will DENY Defendants' Motion to Dismiss as it relates to the issue of joint employment relationship status [#10]. Further, the Court finds the consent issue MOOT.

IT IS FURTHER ORDERED that Defendants submit their Answer to Plaintiff's Amended Complaint by Monday, December 30, 2019.

IT IS FURTHER ORDERED that Plaintiff and Defendants meet with the Court on Friday, January 10, 2020 at 9:30 a.m. for a Scheduling Conference.

SO ORDERED.

Dated: December 11, 2019

/s/Gershwin A. Drain
HON. GERSWHIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 11, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager