foundUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHADWICK SMITH,

Plaintiff,

v.

Case No. 19-cv-12318

GUIDANT GLOBAL INC., ET AL.,

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE [30]

### I. INTRODUCTION

On August 6, 2019, Plaintiff Chadwick Smith ("Plaintiff") filed the instant collective action under the Fair Labor Standards Act ("FLSA") for unpaid overtime against Defendant Guidant Global, Inc.  *See* ECF No. 1.  On September 18, 2019, Plaintiff amended his Complaint to add Defendant Guidant Group, Inc.[1]  *See* ECF No. 8.

Presently before the Court is Plaintiff's Motion for Conditional Certification and Court-Authorized Notice, filed on January 28, 2020.  ECF No. 30.  Guidant filed

_____

[1] Hereinafter, the Court will refer to Defendants Guidant Global, Inc. and Guidant Group, Inc. together as "Guidant."

1

a Response on February 28, 2019.  ECF No. 34.  Plaintiff filed his Reply on March 6, 2020.  ECF No. 35.  A hearing on Plaintiff's Motion was held on August 13, 2020. For the reasons that follow, the Court will **DENY** Plaintiff's Motion for Conditional Certification and Court-Authorization Notice [#30].

## II. FACTUAL BACKGROUND

Plaintiff asserts that he and those "similarly situated" to him are individuals who were employed by Guidant as hourly employees.  ECF No. 8, PageID.24, 27. Plaintiff brings this action against Guidant for allegedly failing to compensate him, and other workers like him, for overtime as required by the FLSA, 29 U.S.C. 201 *et seq*.  *Id.* at PageID.24.  Plaintiff seeks to recover unpaid overtime and other damages due to him and the Putative Class Members in this collective action.  *Id.*  On December 11, 2019, this Court denied Guidant's Motion to Dismiss, finding that Plaintiff sufficiently alleged Guidant's joint employment relationship.  ECF No. 20, PageID.329.  This Court also determined that Guidant's raised consent issue was moot.  *See id.* at PageID.329.

Plaintiff now moves for conditional certification of a class defined as:

All workers covered by a Guidant Staffing Company Agreement who were paid straight time for overtime within the past 3 years.

ECF No. 30, PageID.917.  Plaintiff asserts that Guidant's "straight time for overtime" policy failed to compensate him and the other hourly workers for their overtime worked.  *Id.* at PageID.948.  Plaintiff claims that Guidant's allegedly illegal

straight time for overtime pay practice is "widespread and systematically applied to Smith and the Putative Class." *Id.* at PageID.937.

Guidant is a managed services provider ("MSP"), meaning it provides administrative support for companies' contingent worker programs. ECF No. 34, PageID.1476. Guidant offers global workforce management and staffing solutions to various industries, including the oil and gas, as well as nuclear industries. ECF No. 30, PageID.931. Plaintiff, for example, was staffed to Duke Energy in Indiana as a Mechanical Coordinator and Commissioning Coordinator. ECF No. 30-1, PageID.958; *see also* ECF No. 8, PageID.25, 27. According to Plaintiff, Guidant acts as an employer in "many ways," including requiring its clients to enter into Master Service Agreements and its Temporary Worker Agreements. ECF No. 30, PageID.932–33. "For all intents and purposes … Guidant acts as the employer, even officing in its clients' facilities on-site and providing on-site representatives to manage the contingent workers. *Id.* at PageID.933.

Guidant contests its status as the employer of Plaintiff or the other Putative Class Members. ECF No. 34, PageID.1480 ("[I]t is clear that the putative plaintiffs are not employed by Guidant in the ordinary or traditional sense."). According to Guidant, these workers are employed by their supplier. *Id.* Guidant explains that it instead serves as MSP for contingent worker programs of 56 unrelated customers in the United States and internationally. *Id.* at PageID.1477. Stated differently,

Guidant claims to serve as a "middle link" of a "chain" between a "customer at one end" and "tens to hundreds of suppliers" on the other end. *Id.* "In total, Guidant has 1,647 contracted suppliers, over 1,300 of whom have active workers right now with a Guidant customer." *Id.* Guidant explains that it has helped suppliers place approximately 75,000 employees in 2019 alone. *Id.*

In the present motion, Plaintiff claims that he presents "ample evidence to satisfy the modest factual showing required to demonstrate that he and the Putative Class Members together were victims of a common policy or plan alleged to violate the law." ECF No. 30, PageID.949 (citation omitted). He submits pleadings, declarations of eight workers (including his own declaration), Guidant's employment records, and pay records. Plaintiff argues that such evidence demonstrates how Guidant paid him and the Putative Class Members straight time for overtime and failed to pay them overtime despite these employees regularly working more than 40 hours a week. *Id.*

In its Response, Guidant opposes conditional certification, arguing that Plaintiff cannot show a common policy in violation of the FLSA, nor can he show that he and other Putative Class Members are similarly situated. ECF No. 34, PageID.1479. Guidant emphasizes the scope of Plaintiff's proposed collective, stating that the nationwide class comprises "of over 200,000 workers, employed by

over 1600 staffing agencies and assigned to work at 56 different companies in a variety of different industries[.]" *Id.* at PageID.1474.

Plaintiff filed his Reply on March 6, 2020.

### III. LAW & ANALYSIS

## A. Legal Standard

Section 207 of the FLSA requires employers to compensate their employees at "a rate not less than one and one-half times the regular rate" of pay for time worked in excess of forty hours in any workweek. 29 U.S.C. § 207(a)(1). The FLSA's "collective action" provision, section 216(b), allows one or more employees to bring an action for overtime compensation on "behalf of himself…and other employees similarly situated." 29 U.S.C. § 216(b).

"Section 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546 (6th Cir. 2006). District courts follow a two-phase process for certification in order to determine if opt-in plaintiffs and lead plaintiffs are similarly situated. *See Williams, et al. v. K&K Assisted Living LLC, et al.*, No. 15-cv-11565, 2015 WL 7257274, at *2 (E.D. Mich. Nov. 17, 2015) (citation omitted). First, during the "notice" stage, the court determines whether to certify the suit as a collective action, which enables potential opt-in plaintiffs to be notified of and

participate in the suit. *See id.* Second, after the court has received all the opt-in forms and discovery has concluded, the second stage occurs wherein the court utilizes a stricter standard to judge whether class members are similarly situated. *See id.* (citation omitted).

At the initial "notice" stage, involved in Plaintiff's present Motion, the lead plaintiff(s) "must show only that his position is similar, not identical to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47. Indeed, this "fairly lenient" standard requires only that the plaintiff "submit evidence establishing at least a colorable basis for [his] claim that a class of 'similarly situated' plaintiffs exist." *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004) (citation omitted). This similarity can be illustrated by a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 548 (citation and internal quotation marks omitted).

If the plaintiff can meet his burden, the court may authorize notification of similarly situated employees to allow them to opt into the suit. *See Comer*, 454 F.3d at 546. "The court may also order the defendant to provide plaintiffs with the contact information of potential opt-in plaintiffs." *Williams*, 2015 WL 7257274, at *3 (citing *Cobus v. DuHadway, Kendall & Associates, Inc.*, No. 13-cv-14940, 2014 WL 4181991, at *2 (E.D. Mich. Aug. 21, 2014)). The court may also limit the scope of

a conditional class based on the plaintiff's factual showing.  *Id.*; *see also Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *6 (E.D. Mich. Mar. 23, 2012) ("[The] Court has the discretion to re-shape the class in an appropriate manner.").  If the court grants collective action certification at this stage, "the certification is conditional and by no means final."  *Comer*, 454 F.3d at 546–47.

"At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated."  *Id.* at 547.  Using a more rigorous standard at the second stage, "[d]istrict court have based their final-certification decisions on a variety of factors, including the 'factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action.'"  *Bacon v. Eaton Aeroquip, LLC*, No. 11-cv-14103, 2012 WL 65657603, at *3 (citation omitted).

### B. Analysis

#### 1. Lenient Standard

Plaintiff maintains that his case is in the "notice" stage, thus the question of the propriety of certification is subject to the more lenient standard based on the pleadings and affidavits.  ECF No. 30, PageID.940; *see also* ECF No. 35, PageID.1634.  In its Response, Guidant contends that a heightened standard, rather

than the traditional, lenient standard, should be applied in instant case.  ECF No. 34, PageID.1475–76 n.1.  It cites to two cases in the Eastern District which applied a "more restrictive" standard of review to support its argument, *Cross v. AMC Detroit, Inc.*, No. 18-11968, 2019 WL 2570371, at *2–3 (E.D. Mich. June 20, 2019), and *Perry v. Randstad General Partner (US) LLC*, No. 14-11240, 2015 WL 2237829, at *6 (E.D. Mich. May 12, 2015).  In *Cross*, the district court employed a "modest-plus standard" because the parties conducted "some discovery."  2019 WL 2570371, at *3.  The district court emphasized that the parties were afforded almost six months to conduct discovery related to the issue of conditional certification.  *Id.*  Such discovery provided the parties "an ample opportunity to obtain substantial information about Defendant's policies and procedures and Plaintiffs' claims."  *Id.* The district court in *Perry* similarly concluded that a "heightened" or "more restrictive" standard for conditional certification may be appropriate in light of the parties' discovery.  2015 WL 2237829, at *6, *rev'd on other grounds*, 876 F.3d 191 (6th Cir. 2017).

Courts in the Sixth Circuit typically apply a "heightened" or "more restrictive"—but not stringent—standard when the parties have conducted discovery on the issue of conditional certification.  *See Byers v. Care Transport, Inc.*, No. 13-cv-15174, 2016 WL 4771328, at *3 (E.D. Mich. Sept. 14,2016) (citations omitted). Here, Guidant concedes that there has been no discovery.  ECF No. 34, PageID.1475

n.1.  It instead highlights how Plaintiff's counsel has conducted "significant discovery in similar cases involving Guidant[.]"  *Id.*  At the hearing, Plaintiff confirmed the lack of discovery in this matter.  Plaintiff explained that Guidant has not responded to any of his written discovery requests and thus reiterated that a heightened standard for his present Motion is inappropriate.  The Court agrees with Plaintiff that Guidant's demand to use a heightened standard in this case—based on his actions to obtain information from other lawsuits demonstrating the uniformity of the challenged pay policy—is unsubstantiated within this Circuit.  Given that no discovery has occurred in the instant matter, the Court will employ the more lenient standard in deciding Plaintiff's Motion for Conditional Certification.

Here, despite Guidant's arguments to the contrary, Plaintiff has presented sufficient evidence showing that he and potential plaintiffs are "similarly situated" victims of a common policy or plan of Guidant's that violated FLSA: failing to pay the Putative Class Members the requisite "time and a half" overtime premium despite regularly working more than 40 hours in a workweek.

As mentioned above, Plaintiff has submitted eight declarations, employment records, and pay records in support of his present Motion.  This record includes workers' allegations of fact based on their employment in Guidant's system as well as support evidence to demonstrate the challenged FLSA policy.  Guidant has submitted declarations in an attempt to refute Plaintiff's allegations.  At this first

stage of § 216(b) certification, however, the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations. *Fisher v. Mich. Bell Tel. Co.*, 665 F.Supp.2d 819, 826 (E.D. Mich. 2009) (citation omitted). "Rather, those tasks are addressed at the second stage." *Id.*

### 2. Similarly Situated

The FLSA authorizes workers to sue collectively on behalf of themselves and others "similarly situated" for violations of minimum wage and overtime protections of the FLSA. 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated." *See Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957, 960 (W.D. Mich. 2009) (citation omitted). To be considered "similarly situated," it is sufficient if a plaintiff's "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *Swinney v. Amcomm Telecomm., Inc.*, No. 12-12925, 2013 WL 4507919, at *3 (E.D. Mich. Aug. 23, 2013) (citation omitted).

At this "notice" stage, the Court finds that Plaintiff has established that he is similar enough to proceed collectively with his action through discovery. He relies principally on eight declarations, including his own, to demonstrate that he and the Putative Class Members are "similarly situated." *See* ECF Nos. 30-1, 30-2, 30-3, 30-4, 30-5, 30-6, 30-7, 30-8; *see also* ECF No. 30, PageID.949; ECF No. 35, PageID.1634–35. Plaintiff asserts that these "substantial allegations" demonstrate

that all Putative Class Members "were paid only for the hours they worked; regularly worked more than 40 hours each week; and were paid 'straight time for overtime.'" ECF No. 35, PageID.1635.  He argues that this evidence is "more than sufficient to meet [his] modest factual burden at the initial stage of conditional certification." ECF No. 30, PageID.949 (quoting *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2015 WL 7257274, at *4 (E.D. Mich. Nov. 17, 2015)).

Guidant argues that these declarations are insufficient.  It asserts that each declarant states "in conclusory fashion and without any evidence in support, that Guidant had a policy of paying straight time for overtime[:] 'Guidant's pay policy truly paid me hourly for the hours I worked.'"  ECF No. 34, PageID.1484. Moreover, Guidant asserts that these declarations are limited to the declarants' personal knowledge and that the declarants are homogenous.  *Id.*

This Court disagrees.  The Sixth Circuit has explained that the plaintiff only needs to make a "modest factual showing" under this "fairly lenient standard."  *See Comer v. Wal-Mart Stores*, 454 F.3d 544, 547 (6th Cir. 2006).  "Evidence presented on a motion for FLSA conditional certification need not meet the same evidentiary standards applicable to motions for summary judgment because there is no possibility of final disposition at the first stage of collective action certification." *Williams*, 2015 WL 7257274, at *4 (citing *Fisher v. Mich. Bell Tel. Co.*, 665

F.Supp.2d 819, 826 (E.D. Mich. 2009)).  Indeed, Plaintiff should be "afforded an opportunity, through discovery, to test fully the factual basis of [their] case."  *Id.*

Here, each declaration reveals similar allegations of fact based on the worker's experience in Guidant's system.  For example, Plaintiff asserts that Guidant "kept and maintained" his pay records and "had the authority to set [his] and Guidant's other hourly employees' rates and methods of pay."  ECF No. 30-1, PageID.957.  Further, he declares that "Guidant's pay policy truly paid [him] for the hours he worked," and that pay did not include overtime.  *Id.*  Plaintiff and the seven other declarants assert that they were regularly required to work in excess of 40 hours per week.  *See, e.g.* ECF No. 30-2, PageID.965 (asserting that he worked in 13-hour shifts for as many as 7 days a week); ECF No. 30-4, PageID.979 (claiming that he worked in 11-hour shifts for as many as 5 days a week); ECF No. 30-6, PageID.993 (claiming that he worked in 12-hour shifts for as many as 6 days a week).

The Court concludes that this evidence is sufficient to meet the fairly lenient standard.  The Court thus finds the cases which Guidant cites to in its Response, *Cason v. Vibra Healthcare*, *Accord Swinney v. Amcomm Tel., Inc.*, and *Shipes v. Amurcon Corp.*, for the proposition that Plaintiff should present more evidence to a wider scope of the collective sought, unpersuasive.  *See* ECF No. 34, PageID.1489.  In each of these cases, the district court emphasized the lack of affidavits presented in support of motions for conditional certification.  For example, in *Cason*, the

district court took issue with the plaintiff failing to identify "any other person so claims that her FLSA rights were violated" by the challenged policy. No. 10-10642, 2011 WL 1659381, at *2 (E.D. Mich. May 3, 2011). Here, Plaintiff has submitted seven additional declarations to his own, as well as several pay records, to support his argument that Guidant violated the FLSA for its "straight time for overtime pay scheme."

Moreover, the Court agrees with Plaintiff that whether he and the Putative Class Members worked in the same job position, at the same locations, were sourced to the same customers, or by the staffing companies, has no bearing on whether they are "similarly situated" with respect to the challenged policy. Indeed, this Court reiterates that at this stage, the lead plaintiff "must show only that his position is similar, not identical to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47.

### 3. Common Policy

District courts permit a lead plaintiff to show that the claimants are similarly situated by demonstrating that "they and potential plaintiffs were victims of a common policy or plan that violated the law." *Demorris v. Rite Way Fence, Inc., et al.*, No.14-cv-13777, 2015 WL 12990483, at *3 (E.D. Mich. Mar. 30, 2015); *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004) (citations omitted). "Proof of [the challenged] policy or of conduct in conformity with that

policy [including by representative testimony] proves a violation as to all the plaintiffs." *Arrington v. Mich. Bell Tel. Co.*, No. 10-10975, 2011 U.S. Dist. LEXIS 84234, at *11 (E.D. Mich. Aug. 1, 2011) (citation omitted).

Here, Plaintiff has shown that Guidant maintained a common practice and policy applicable to him and the Putative Class Members who were paid straight time for overtime. In each of the eight attached declarations, the employees assert that they were paid the same hourly rate for all hours worked—regardless of the number of hours they worked. *See, e.g.*, ECF No. 30-1, PageID.957. The declarants explain that when they worked over 40 hours in a week, Guidant paid them according to their regularly hourly rate. *See, e.g.*, ECF No. 30-3, PageID.971. Further, each declaration includes the following two assertions:

> Based on my personal knowledge drawn from my experience and observations working for Guidant, conversations with other employees that work for Guidant as hourly employees, and my familiarity with Guidant's payroll practices and policies, I know that other hourly workers were subjected to the same straight time for overtime pay practice, regardless of their actual job title, rate of pay, location, supervisor, or any other individualized factor.

> * * * * *

> I have spoken with several former coworkers who Guidant also paid the same hourly rate for all hours worked. Through these conversations, I know that there is a general interest among the straight time workers in recovering back wages that we are entitled to through this collective action. Based on these conversations, I know Guidant's other straight time workers would be interested to learn about their rights and their opportunity to join this lawsuit.

*See, e.g.*, ECF No. 30-6, PageID.996.  These declarations demonstrate that Guidant's challenged overtime pay practice is widespread.

Plaintiff also attached paystubs from three employees to demonstrate the hourly and overtime rates are the same.[2]  *See* ECF No. 30-9 (listing hourly and overtime rate as $85.00); ECF No. 30-10 (listing hourly and overtime rate as $100.00); ECF No. 30-12 (listing hourly and overtime rate as $70.00).  Moreover, Plaintiff attached Guidant's records to demonstrate the widespread compensation plan.  For example, Guidant's "Employment Term Breakdown Sheet" demonstrate an hourly and overtime rate of $67.69.00 for employee Edward Webb.  *See* ECF No. 30-18, PageID.1210.

The Court concludes this presented evidence is sufficient to demonstrate the policy was common among similarly situated employees.  Moreover, the Court does not find Guidant's assertions—that there exists an outstanding question related to whether Plaintiff and the Putative Class Members are "employed" by Guidant—appropriate at this initial stage.  *See* ECF No. 34, PageID.1480.  It is premature to determine Guidant's raised issue of employment status, as it is not a prerequisite to conditional certification.  *See Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213,

---

[2] The Court takes notice that Plaintiff also attached a paystub from Douglas Boes. ECF No. 30-11.  However, this paystub did not include Guidant's name on the earnings statement.

219 (E.D. Mich. 2010); *see also Graham v. Word Enterprises Perry, LLC*, No. 18-cv-10167, 2019 WL 2959169, at *5 (E.D. Mich. June 18, 2019).

### 4. Manageability

However, this Court's inquiry does not conclude here. Upon review of the parties' briefs and presented evidence, this Court is concerned with this action's case management. Here, Guidant asserts that the potential nationwide class may include 200,000 workers, who are employed by over 1,600 staffing agencies and assigned to work at 56 different companies in a variety of different industries. At the hearing, Plaintiff stated that there is no evidence that this number is correct. When this Court asked Plaintiff to provide a more accurate estimate of the class size, Plaintiff only explained that the proposed notice would be sent to "thousands" of workers, rather than "hundreds of thousands" of workers. Moreover, Plaintiff cited to another case in this District, *Serbay v. Dialogdirect, Inc.*, No. 16-12716, 2017 WL 163866 (E.D. Mich. Jan. 17, 2017), for the proposition that other courts have granted motions for conditional certification of a collective action involving a potentially large class size. However, this Court denotes that the district court in *Serbay* did not address the proposed class size in its opinion.

Plaintiff also highlighted that the straight time for overtime pay practice typically affects employees in the power and energy industries, and thus limits the number of customers. Looking to Duke Energy Corp., the customer which Plaintiff

worked with in 2016 and 2017, ECF No. 30-1, PageID.958, Guidant asserts that there are "between 100 and 200 agencies that supply workers … at approximately 400 different locations." ECF No. 34, PageID.1478. At this moment, there are 2,752 contingent workers at Duke who were placed through Guidant. ECF No. 34-4, PageID.1515. Another district court in this Circuit has recognized that one factor relevant to certification is whether a manageable class exists. *See Jimenez v. Lakeside Pic-N-Pac, LLC*, No. 1:06-cv-456, 2007 WL 4454295, at *5 (W.D. Mich. Dec. 14, 2007) (citing *Olivo v. GMAC Mortg. Corp.*, 374 F.Supp.2d 545, 548 (E.D. Mich. 2004)). The Court takes seriously the large number of factual determinations that would be necessary to a finding that any one individual was paid according to Guidant's straight time for overtime pay practice. The Court thus concludes that this case would not be manageable as a collective action. Indeed, the Court questions how a collective action of this magnitude would further the principles of economy and fairness.

This Court's concerns are not an anomaly. At least three courts in this Circuit have recognized that courts should consider whether "[a]s a matter of sound case management, …a manageable class exists." *See Olivo*, 374 F.Supp.2d at 548 (citation omitted) (reversing the magistrate judge's order, which concluded that the allegations of plaintiffs' complaint alone were sufficient to justify the sending of court-authorized notice to all putative class members); *Jimenez*, 2007 WL 4454295,

at *6 ("In light of the large number of factual determinations that would be necessary to a finding that any one individual was paid less than minimum wage on any one day, this case would not be manageable as a collective action."); *Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957, 960 (W.D. Mich. Dec. 3, 2009) (denying a potential class which would have consisted of between 800 and 900 employees).

Accordingly, the Court will deny Plaintiff's Motion for Conditional Certification under 29 U.S.C. § 216(b).  The Court's decision to not grant conditional certification does not preclude Plaintiff from pursuing his FLSA claim on his own behalf.

## IV. CONCLUSION

For the reasons articulated above, it is **ORDERED** that Plaintiff's Motion for Conditional Certification and Court-Authorized Notice [#10] is **DENIED**.

**IT IS FURTHER ORDERED** that counsel for the parties shall appear for a Status Conference on September 2, 2020 at 3:00 p.m.

**SO ORDERED.**

Dated:        August 20, 2020

/s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 20, 2020, by electronic and/or ordinary mail.

/s/ Teresa McGovern
Case Manager