## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHADWICK SMITH,

           Plaintiff,

v.

   GUIDANT GLOBAL, INC., et. al,

           Defendant.

_____/

Case No. 2:19-cv-12318-GAD-APP

Judge: Hon. Gershwin A. Drain
Magistrate Judge: Hon. Anthony P. Patti

## **DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants Guidant Global, Inc. ("Guidant Global") and Guidant Group, Inc. ("Guidant Group") (collectively, the "Defendants") respectfully move for a protective order as depositions noticed by Plaintiff Chadwick Smith ("Smith"). Smith has noticed two Rule 30(b)(6) depositions and three fact witness depositions.

The Rule 30(b)(6) depositions, which collectively identify over 50 topics for testimony, seek significant discovery as to the putative class which Smith sought to represent. Given this Court's ruling which denied Smith's motion for collective certification, such discovery is irrelevant, disproportional and should not be allowed.

Moreover, the Rule 30(b)(6) deposition notices also purport to demand the production of documents from Defendants in fewer than 30 days, in violation of Rules 30(b)(2) and 34(b)(2).

Finally, one of the fact depositions relates to a Defendant witness, Lynda Lemoine, who has no involvement at all in the program in which Smith worked, and therefore that deposition should not go forward.

Plaintiff's deposition notices are unreasonable on their face.  Yet, Smith has refused Defendants' reasonable requests to limit the scope of the depositions and/or withdraw the notices, and the parties, despite multiple telephone conversations and frequent e-mail exchanges, have been unable to further narrow the discovery, thus necessitating this motion.   Further support for this motion is set forth in the accompanying Brief.

WHEREFORE, Defendants respectfully request that the Court (a) enter a protective order as to the Rule 30(b)(6) depositions limiting the scope of the depositions to the facts and circumstances directly related to Plaintiff's case and, in the case of Lynda Lemoine's deposition, a protective order barring the taking of her deposition; and a protective order prohibiting document discovery outside the time period set for discovery; (b) award defendants' their attorneys' fees and costs in bringing this motion, and (c) grant such further relief as the Court deems just and necessary.

/s/ Michael A. Pavlick
Michael A. Pavlick
  michael.pavlick@klgates.com
K&L Gates LLP
210 6th Avenue, Floor 11

2

Pittsburgh, PA 15222-2613
Tel. (412) 355-6275
Fax: (412) 355-6500

Gregory N. Blasé (P66079)
  gregory.blase@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

Keith James (P43208)
  james@keithjamesPLLC.com
Keith James PLLC
26677 W. Twelve Mile Road
Southfield, MI 48034
Tel. (248) 871-7728

**Counsel for Defendants**

September 16, 2020

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHADWICK SMITH,

       Plaintiff,

v.

  GUIDANT GLOBAL, INC., et. al,

       Defendant.

_____ /

Case No. 2:19-cv-12318-GAD-APP

Judge: Hon. Gershwin A. Drain
Magistrate Judge: Hon. Anthony P. Patti

## ORDER

AND NOW, this _____ day of September, 2020, it is hereby ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Protective Order is granted and it is FURTHER ORDERED that:

1.    The Rule 30(b)(6) depositions and the fact depositions noticed by Plaintiff are limited to matters directly related to Plaintiff's claims under the FLSA, as discovery beyond those parameters is irrelevant, disproportional, overbroad and unduly burdensome;

2.    Defendants have no obligation to respond to Plaintiff's untimely document requests associated with the Rule 30(b)(6) depositions they noticed; and

3.    Defendants shall have no obligation to produce Lynda Lemoine for her fact deposition.

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHADWICK SMITH,

        Plaintiff,

v.

  GUIDANT GLOBAL, INC., et. al,

        Defendant.

_____/

Case No. 2:19-cv-12318-GAD-APP

Judge: Hon. Gershwin A. Drain
Magistrate Judge: Hon. Anthony P. Patti

**BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

## I.    INTRODUCTION

Defendants Guidant Global, Inc. ("Guidant Global") and Guidant Group, Inc. ("Guidant Group") (collectively, the "Defendants") respectfully move for a protective order as to depositions noticed by Plaintiff Chadwick Smith ("Smith"). Smith has purported to notice two Rule 30(b)(6) depositions and three fact witness depositions. The Rule 30(b)(6) depositions, which collectively identify over 50 topics for testimony, seek significant discovery as to the collective group which Smith sought to represent. Given this Court's ruling which denied Smith's motion for collective certification, and the upcoming discovery cutoff deadline set by the Court, the deposition discovery plaintiff seeks is irrelevant, disproportional to the needs of the case, and should not be allowed. Moreover, the deposition notices also

purport to demand the production of documents from defendants in violation of Rules 30(b)(2) and 34(b)(2).  Finally, one of the fact depositions relates to a Defendant witness who has no involvement at all in the program in which Smith worked, while another of the fact depositions involves a Defendant witness who provides general administrative support and whose testimony would be duplicative of the third fact witness.   Plaintiff's deposition notices are unreasonable on their face.  Yet, Smith has refused Defendants' reasonable request that to limit the scope of the depositions and/or withdraw the notices, necessitating Defendants' motion for protective order.

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

Where the Court denies a motion for conditional certification under the Fair Labor Standards Act ("FLSA"), is discovery relating to the potential claims of putative class members relevant and proportional?

Suggested Answer:        No.

Can a plaintiff shorten the time requirements for producing documents pursuant to the Federal Rules of Civil Procedure by deposition notice, particularly where, as here, the production would not be due under the Federal Rules until after the close of discovery.

Suggested Answer:        No.

Must a party respond to requests for production of documents that are served fewer than 30 days prior to the close of discovery, as such discovery cannot be completed prior to the discovery cut-off?

Suggested Answer:        No.

## **APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

- "Accordingly, the Court will deny Plaintiff's Motion for Conditional Certification under 29 U.S.C. § 216(b). T*he Court's decision to not grant conditional certification does not preclude Plaintiff from pursuing his FLSA claim on his own behalf.*" *Smith v. Guidant Global, Inc.*, Case No. 2:19-cv-12318-GAD-APP (E.D. Mich. 2020), ECF No. 43 (p.18) (emphasis supplied).

- "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed.R.Civ.P. 26(b)(1).

- While discovery is traditionally broad, "areas off limits to discovery include those 'that [are] relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information is otherwise relevant to issues in the case.'" *Nichols v. Cantoro's Café*, Case No. 19-12945, 2020 WL 1872364 (E.D. Mich. April 15, 2020) (citing *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).

3

- "Although a deposition may properly seek production of documents from a party, the thirty-day period prescribed by Rule 34(a) nevertheless applies. Fed.R.Civ.P. 30(b)(2)." *Leys v. Lowe's Home Centers, Inc.,* No. 1:08-CV-1084, 2009 WL 1911818 (W.D. Mich. July 1, 2009).

## II.   BACKGROUND AND ARGUMENT

### A.   Background

On August 20, 2020, the Court denied plaintiff's motion for conditional certification.  (ECF No. 43, p.19).  "This Court's decision to not grant conditional certification does not preclude Plaintiff from pursuing his FLSA claim on his own behalf."  *Id.*  Thus, the plain language of the Court's decision bars Smith from representing putative class members in a collective action under the FLSA, and allows him to pursue only his "own claim" on his "own behalf."

Smith was placed by a Warren Steele and Associates, a staffing agency, at two power plants in Indiana operated by Duke Energy.  Smith's "own claim" is for unpaid overtime, in that he alleges he was paid straight time for overtime rather than time-and-one-half.   Thus, the scope of the case is very limited: was Smith paid straight time for overtime (which information rests with the staffing agency) and, if

4

so, was it illegal for him to be paid that way.[1]  Defendants' principal defense is that it did not employ Smith.

Under the then-current scheduling order, discovery was to be served in time to be completed by August 31, 2020.  (ECF No. 25).  On the afternoon of Monday, August 24, 2020, plaintiff served two notices of deposition (the same notice as to each of the two Defendants), purporting to require deposition testimony and the production of documents from each defendant on Monday, August 31, 2020—less than five business days later (the "First Rule 30(b)(6) Deposition").  Each deposition notice set forth 15 proposed topics, almost all of which were directed in whole or in part to class certification issues and the claims of putative class members.  In violation of Rules 30 and 34, the deposition notices also purported to command the production of certain documents at or before the commencement of the depositions.

On Tuesday, August 25, 2020, Defendants advised Plaintiff that the deposition notices were not valid, and offered to confer about the timing and scope of the depositions.  Defendants explained to Plaintiff that the deposition notices were invalid on their face, because they did not provide Defendants with sufficient time

---

[1]     "Straight time for overtime" itself is not per se illegal.  It is perfectly permissible to pay exempt employees "straight time for overtime," since they are not entitled to overtime in the first instance.  *Rivera v. Anjost Corp.,* 645 F. Appx 30, 31 (2d Cir. 2016); *Boykin v. The Boeing Co.*, 128 F.3d 1279, 1283 (9th Cir. 1997).  *See* 29 C.F.R. § 604 (hourly payments on top of wages lawful in certain circumstances).  Smith has asserted that whether or not he performs exempt duties, he was not paid a bona fide salary and therefore cannot be classified as exempt.

to object, respond, and prepare for any contemplated Rule 30(b)(6) depositions.  Ex. G.

First, giving less than seven days' notice for two Rule 30(b)(6) depositions is "patently unreasonable."  *E.g. Leys v. Lowe's Home Centers, Inc.,* No. 1:08-CV-1084, 2009 WL 1911818 (W.D. Mich. July 1, 2009); *accord Hart v. United States,* 772 F.2d 285, 286 (6th Cir. 1985); *Freeman v. City of Detroit*, No. 09-CV-13184, 2011 WL 1298174, at *2 (E.D. Mich. Apr. 5, 2011).  This was particularly the case where the deposition notices proposed to seek testimony on a number of complex topics, and would have required significant time to prepare for.  *Id.*

Second, the purported notices improperly sought to end run around the timing provisions of Rule 34.  When seeking documents in connection with the deposition of a party, Rule 30(b)(2) requires the document requests to comply with Rule 34, including its timing provision.  *See* Fed. R. Civ. P. 30(b)(2).  Simply, Plaintiff lacked any basis to require the production of documents in fewer than 30 days.  *See id.*; Fed. R. Civ. P. 34(b)(2); *Leys*, 2009 WL 1911818 at *1.[2]

---

[2]   The *Leys* case is directly on point.  In that case, the plaintiff, like plaintiff in this case, purported to serve a 30(b)(6) and document request under Rule 30(b)(2).  *Leys*, 2009 WL 1911818 at *1.  And, just as in this case, the plaintiff gave defendant just 4 business days' advance notice and sought to conduct the deposition on the last day before the end of discovery.  *Id.*  The court ruled that it was "patently unreasonable" for plaintiff to "afford[] defendant only four business days" in which to prepare for a complex corporate representative deposition that would take several months to prepare for.  *Id.*  The court observed that "[p]laintiffs had six months to prepare their case, during which they were free to seek a deposition of the defendant

6

Defendants also asserted proportionality and relevance objections to the deposition notices. Ex. G. Plaintiff refused to withdraw the deposition notices, but when Defendants agreed at Plaintiff's insistence not to oppose an extension of discovery, Plaintiff agreed to push back the date of the depositions and to continue to confer about the scope of the depositions. Ex. G. The parties then began discussing narrowing the scope of the deposition, as Defendants continued to insist that the deposition cover only topics that were relevant and proportional, i.e., as to Smith only. Plaintiff agreed to eliminate several topics; others were narrowed somewhat, but many of them continued to seek discovery as to the putative class.

On September 2, 2020, this Court conducted a status conference. At the time, the parties were still discussing narrowing the scope of the Rule 30(b)(6) depositions, but had not agreed on the scope of the depositions. At the September 2, 2020 status conference, this Court extended discovery by 30 days. Defendants did not object, as they had promised Plaintiff, and Plaintiff did not object.

Thereafter, on September 3, 2020, Plaintiff served additional deposition notices, including a second Rule 30(b)(6) deposition, covering over 40 topics (the "Second Rule 30(b)(6) Deposition," and three notices for fact witnesses: Christina

---

corporation at any time, upon proper notice. Instead, they chose to schedule a complicated deposition and document production at the very last minute of the discovery period, in circumstances that would make compliance by defendant virtually impossible. The court will not force defendant to do the impossible …" *Id.*

Cervera, Lynda Lemoine, and Susan deBlaqueire, each of whom submitted a declaration in support of Defendants' opposition to Plaintiff's motion for conditional certification.  Ex. H.  Plaintiff also served an amended version of the First Rule 30(b)(6) Deposition.  Ex. I. Plaintiff invited Defendants to provide objections by September 10, 2020.  Ex. I.  Defendants provided Plaintiff with written objections on September 8, 2020.  Ex. F.  The parties had a phone conversation on September 10, 2020 and were unable to resolve their differences.  Plaintiff served amended deposition notices on September 11, 2020, and September 14, 2020, which form the basis for Defendants' motion for protective order.  Exs. A-F, J-K.

**B.**    **Argument as to Relevance and Proportionality**

The starting point for evaluating Plaintiff's deposition notices is this Court's order denying conditional certification.  The Court stated: "Accordingly, the Court will deny Plaintiff's Motion for Conditional Certification under 29 U.S.C. § 216(b). T*he Court's decision to not grant conditional certification does not preclude Plaintiff from pursuing his FLSA claim on his own behalf.*" *Smith v. Guidant Global, Inc.*, Case No. 2:19-cv-12318-GAD-APP (E.D. Mich. 2020), ECF No. 43 (p.18) (emphasis supplied).  The clear import of the Court's ruling is that the case is limited to Smith's claims, and Smith's claims only.  Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged

8

matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The rule plainly provides that discovery may only be had if the matter on which discovery is sought "is relevant to any party's claim or defense and proportional to the needs of the case . . . ." *Id.* "[A]reas off limits to discovery include those 'that [are] relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information is otherwise relevant to issues in the case.'" *Nichols v. Cantoro's Café*, Case No. 19-12945, 2020 WL 1872364 (E.D. Mich. April 15, 2020) (citing *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998)).

Here, the Court struck the claims of the putative class members. Accordingly, any discovery as to putative class members, including opt-ins, is "off limits" to discovery.[3] The practical result of the Court's ruling vis a vis discovery is that

---

[3]    Three individuals "opted in" to the instant litigation. This Court's order denying conditional certification made no provision for the "opt ins" to continue to participate in the case and, as discussed above, limited the claims going forward to Smith's claim. While research did not reveal any Sixth Circuit case or Michigan district court case on point, other courts have held that opt-ins are not parties to a case when conditional certification is denied. *See, e.g., Coder v. M-I, LLC*, 2019 WL 5425437, *4 (E.D. La. Oct. 23, 2019) (agreeing with the line of cases that have held that "an opt-in plaintiff in a FLSA case where no class has been certified or where the conditionally certified class has been decertified must be dismissed without prejudice, as he has opted into a nonexistent class, not into the original

Plaintiff is not entitled to discovery beyond those matters directly relevant to Smith's personal claim under the FLSA.

While research did not reveal any Sixth Circuit or Michigan district court case on point, other courts have prohibited discovery as to putative class members after conditional certification is denied.  In *Thompson v. Allied Services Augmentation Partners, Inc.*, 2019 WL 6405390, *4 (W.D.N.C. Nov. 27, 2019), Plaintiff's counsel, who represented the plaintiff in that case as well, sought discovery as to the putative class.  Conditional certification was denied in the interim.  Thereafter, the court denied plaintiff's request for class discovery.  The "undersigned finds that the

lawsuit, and therefore only the original named plaintiff in the suit proceeds.'"). *Gibbs v. MLK Express Servs., LLC*, 2019 WL 2635746, *10 (M.D. Fla. June 27, 2019) ("When conditional certification is denied, existing opt-in plaintiffs usually 'are dismissed from the lawsuit without prejudice and the matter proceeds on the named plaintiff's individual claims.'"); *Rowe v. Hosp. Housekeeping Sys., LLC*, 2018 WL 1123621, *1 (E.D. La. Feb. 28, 2018) ("dismissal of the opt-in plaintiffs' claims in a case in which no class is certified is appropriate."); *Metzger v. Auto Rescue of Mke LLC*, 2016 WL 7839153,  *2 (E.D. Wis. May 20, 2016) ("conditional class certification was denied, and thus, the opt-in plaintiffs never became parties to th[e] suit." ); *Beery v. Quest Diagnostics, Inc.*, 2013 WL 3441792, *2 (D.N.J. July 8, 2013) ("all of these conditions-(1) conditional certification, (2) notice to purported opt-ins, and (3) the filing of consents to join-are required for opt-ins to become parties to the action." ); *Clay v. Huntington Ingalls, Inc.,* 2012 WL 860375, at *3 (E.D. La. Mar. 13, 2012) ("When a court declines to certify a class under the FLSA, the claims of the opt-in plaintiffs can no longer proceed as such . . . . Plaintiffs articulate no reason for their request, and further, the effect of granting their request would be to create the same unmanageable situation that Judge Zainey sought to avoid in denying collective certification."); *Torres-Hernandez v. Florida State Plastering*, 2010 WL 116235564, *6 (M.D. Fla. July 1, 2010).   Accordingly, discovery as the opt-in claims is precluded for the same reasons as discovery as to the putative class members.

requested discovery of Putative Class Members data in Requests for Production Nos. 1 and 2 is not proportional to the needs of this case and should be denied." And in *Thompson*, just as in this case, the discovery deadlines were drawn in a way that did "not seem to suggest that [the court] intended to allow extensive discovery into the putative class or that he planned to reconsider conditional certification." *Id. Accord Rumreich v. Good Shepherd Day School of Charlotte, Inc.,* 2018 WL 4760798, at *10 (M.D. Fla. July 31, 2018) ("Because the Undersigned recommends Plaintiff's Motion [for conditional certification] be denied, the Undersigned need not address the remaining issues raised by her Motion, including…Plaintiff's request that Defendant disclose information regarding potential class members."); *Calvo v. Summit Broadband, Inc.*, 2018 WL 3635104, at *13 (M.D. Fla. Apr. 17, 2018) ("because the Undersigned recommends Plaintiff's Motion be denied, the Undersigned need not address . . . those issues relating to Plaintiff's proposed Notice and Plaintiff's request that Summit disclose information regarding potential class members.").

Plaintiff may argue that the discovery sought is necessary to potentially reconsider its position on conditional certification. The argument lacks merit for several reasons. First, this Court's order did not invite or allow for Plaintiff to refile. Second, pursuant to this Court's local rules, a motion for reconsideration must be filed within 14 days, which time has passed. Local Rule 7.1(h)(1). Third, the

11

discovery schedule, which includes the close of discovery on September 30, motions for summary judgment a month later, and a trial at the beginning of 2021, leaves no room for reconsideration, much less for the far-reaching class discovery that plaintiff belatedly seeks.  Fourth, it was Plaintiff's decision to define the putative class as it did, and it was Plaintiff's decision to double down on its proposed putative class during the briefing schedule.

This case is now about Smith, and any discovery must be directly related to Smith's claim.  As a result, the following discovery is plainly irrelevant and disproportional:

### The First Rule 30(b)(6) Deposition (Exhibit A)

- Topic Nos. 1 and 2 ask for the identities of the 1600+ staffing companies and Defendants customers.  The only staffing agency relevant to this case is the one that employed and placed Smith, i.e., Warren Steele and Associates, and furthermore the only customer relevant to this case is the one for whom Smith worked, Duke Energy.  The identities of the other staffing agencies and customers can serve one and only one purpose, and that is to allow Plaintiff's counsel to identify future targets for litigation.  Indeed, Plaintiff's counsel has already sued several of the suppliers in the Duke program.

- Topic Nos. 3 and 4 seek the locations and regions where workers supplied by staffing agencies performed work for Defendants' customers, and the

12

types of industries in which Defendants' customers worked. While Defendants see no relevance to this testimony whatsoever to Smith's own claims, it has discussed allowing testimony on these subjects, with the understanding that the term "locations" did not mean every single location to which a worker was assigned, but rather, a general geographic description. Testimony beyond that, though, is neither proportional nor relevant.

- Topic Nos. 5 and 8 relate to the number of potential putative class members. This discovery has no bearing on Smith's individual claim. Plaintiffs have chosen to define the putative class as workers who received straight time for overtime, and given that Defendants do not pay the putative class members and do not have such pay data in its custody, possession, or control, every single person placed is potentially within the collective Plaintiff proposed. However unrealistic the proposed collective was, it was Plaintiff's choice to define the collective in that manner, and it is too late for Plaintiff to change course. Defendants are willing to consider limited testimony relating to the number of workers placed on a yearly basis collectively in its programs.

- Topic Nos. 6 and 7 ask how many putative class members each staffing agency placed with each customer. Again, this is discovery that would seem to have no bearing on Smith's individual claim and is overbroad and burdensome. Neither the identity of the staffing companies/customers nor how many workers were placed

by each staffing company with each customer is relevant, nor is that proportional discovery.  Any such testimony must be limited to Warren Steele's placement of Smith with Duke.

- Topic No. 9 asks for testimony about every single contract Defendants have with staffing companies.  It does make reference to templates, and testimony regarding the Warren Steele contract would arguably be consistent with the case as it exists now, so if testimony was limited to the Warren Steele contract, such testimony would be at least arguably relevant and proportional.  Testimony regarding other agencies, though, is irrelevant and is disproportionate, in addition to being burdensome and overbroad.

- Topic No. 10 asks for testimony about every single contract Defendants have with their customers.  It does make reference to templates, and testimony regarding the Duke contract would arguably be consistent with the case as it exists now, so if testimony regarding the Duke contract is satisfactory, such testimony would be at least arguably relevant and proportional.  Testimony regarding other customers, though, is irrelevant and is disproportionate in addition to being burdensome and overbroad.

- Topic No. 11 asks for testimony about template contracts Defendants have with the staffing companies which require payment of straight time for overtime or otherwise have a bill rate for regular hours that is the same as the bill

14

rate for overtime hours.  The deposition notice mentions several staffing agency agreements as templates, but those agencies, including Zempleo, ASAP, and Sirius, are not relevant to Smith's claims and therefore discovery as to them is irrelevant, disproportionate, burdensome and overbroad.  As for Warren Steele, this topic is repetitive of Topic No. 9.

## The Second Rule 30(b)(6) Deposition (Exhibit B)

- The Second Rule 30(b)(6) Deposition asks repeatedly throughout the 44 topics identified for testimony to provide testimony regarding the "Plaintiffs." That term is defined to include the "opt-ins," and for the reasons set forth above, discovery as to the "opt-ins" is objectionable based on relevance and proportionality.

- The notice purports to define "Staffing Company" and "Client" as companies to which Plaintiff and "and/or PUTATIVE CLASS MEMBERS" are supplied to or supplied by.  Those definitions should be restricted to companies to which Plaintiff was supplied or which supplied Plaintiff.  Anything else is disproportionate and irrelevant.

- Topic Nos. 20, 29, 30, 32, 35, 36, 37, 38, 41 and 42 all seek testimony as to Plaintiff and "workers."  Testimony as to the overly broad group of "workers" (which is not a defined term) has no bearing on Smith's individual claim and is therefore overbroad and burdensome in addition to being disproportionate and irrelevant.

15

- Topic Nos. 5, 6, 7, 8, 9, 12 and 18 relate to classification decisions, e.g., whether an employee is exempt or non-exempt.  Plaintiff asserts he was an hourly employee in the complaint and in his declaration in support of the motion for conditional certification.  He does not claim that he was wrongly classified or that this is a case about classification; rather, he claims he was paid straight time for overtime.  Thus, querying Guidant's witness about exemption decisions is disproportionate and irrelevant.

### Lynda Lemoine Deposition (Ex. C)

- Plaintiff purports to notice a fact deposition of Lynda Lemoine.  Lemoine, who is an employee of Corestaff, works as a Project Manager for Guidant's program with Entergy.  She has no involvement with the Duke program and, therefore, no involvement with Smith.   Her deposition is patently disproportionate and irrelevant.

### deBlaquiere and Cervera Depositions (Exs. D and E)

- Plaintiff purports to notice fact depositions of Susan deBlaquiere and Christina Cervera.  While Guidant does not object to their depositions per se, the subject matter of the deposition should be limited to Smith's claim.  Anything else is disproportionate and irrelevant.

16

**B.**   <u>**Argument as to Untimely Document Requests**</u>

Both the First and Second Rule 30(b)(6) Depositions noticed by Plaintiff purport to include a document request pursuant to Rule 45, which documents the witness is asked to produce at the deposition.  In the case of the First Rule 30(b)(6) Deposition, the most recent version of which was served on September 14, *see* Ex. K, Defendants were given just four days to produce documents, as the deposition was noticed for September 18, 2020.  In the case of the Second Rule 30(b)(6) Deposition, the most recent version of which was served on September 11, *see* Ex. J, Defendants were given just seventeen days to produce documents, as the deposition was noticed for September 28, 2020.  Among the documents requested as to both depositions are any documents including oral or written communications involving the witness relating to the subject matter of the deposition, and all documents reviewed by the witness in preparation for the deposition.  Exs. A and B.

By so demanding the production of documents contemporaneous with depositions, the purported notices improperly seek to end run around the timing provisions of Rule 34.  When seeking documents in connection with the deposition of a party, Rule 30(b)(2) requires the document requests to comply with Rule 34, including its timing provision, which permits 30 days to produce documents.  *See* Fed. R. Civ. P. 30(b)(2).  In *Leys,* the United States District Court for the Western District of Michigan dealt with a similar factual scenario.  There, seven days prior

17

to the close of discovery, the plaintiff noticed a Rule 30(b)(6) deposition to take place in four days.  The court noted that the "scope of the intended examination is daunting, and would require at least a month of research and preparation." *Leys,* 2009 WL 1911818, *1.  "Moreover, the deposition notice required the production of voluminous documents.  Although a deposition may properly seek production of documents from a party, the thirty-day period prescribed by Rule 34(a) nevertheless applies. Fed. R. Civ. P. 30(b)(2)." *Id.*  Simply, Plaintiff lacked any basis to require the production of documents by Defendants in fewer than 30 days.  *See id.*; Fed. R. Civ. P. 34(b)(2); *Leys*, 2009 WL 1911818 at *1.  *See also Great Am. Ins. Co. v. McElwee Bros., Inc.*, No. CIV.A. 03-2793, 2004 WL 574749, at *4 (E.D. La. Mar. 19, 2004) ("[R]equests for production of documents in conjunction with a deposition notice to a party deponent must comply with Fed. R. Civ. P. 34. Under Rule 34(b), parties have 30 days to respond to requests for production of documents unless the court orders responses within some shorter or longer time.").  As the *Leys* court stated, "The court cannot condone plaintiffs' exercise in eleventh hour brinkmanship." *Leys*, 2009 WL 1911818 at *1.  And because plaintiff failed to serve any deposition notices more than 30-days before the discovery cutoff, he cannot demand the production of documents in connection with the deposition notice.[4]

---

[4]     Even if the First and Second Rule 30(b)(6) Depositions somehow relate back to when a prior version was first served, rather than when the amended versions were served, they still do not comply with the 30-day period for production of documents.

18

Rather, Defendants are not obligated to produce any documents pursuant to the First and Second Rule 30(b)(6) Deposition notices.  The Court's scheduling order (ECF No. 25) expressly states that discovery "<u>shall be completed on or before</u> the date set forth in the scheduling order."  ECF No. 25 (emphasis in original).  The requests for production in the deposition notices do not allow for discovery to be completed on or before the close of discovery (which is now September 30, 2020).  If 30 days is calculated from the service of the most recent First and Second Rule 30(b)(6) Deposition notices, the discovery would not be completed until October 14 and October 11, respectively.  If 30 days is calculated from service of the original First and Second Rule 30(b)(6) Deposition notices, the discovery as to the Second Rule 30(b)(6) Deposition notice would not be completed until October 3, 2020.  Thus, the document requests attached to the Rule 30(b)(6) Deposition notices are untimely and should be stricken.

### C.    <u>Argument as to Overbreadth and Burdensomeness</u>

To the extent the discovery Plaintiff seeks is not disproportionate and irrelevant, it is nevertheless overbroad and burdensome.  "District courts have discretion to limit the scope of discovery where the information sought is overly

---

The original First Rule 30(b)(6) Deposition was served on August 24, 2020, and the deposition is noticed for September 18, 2020.  That is fewer than 30 days.  The original Second Rule 30(b)(6) Deposition was served on September 3, 2020, and was noticed for September 28, 2020, which is also fewer than 30 days.

broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Here, the discovery as to putative class members is plainly overbroad and burdensome. It is estimated that, within the FLSA limitations period, Defendants provided administrative support for the placement with its customers of in excess of 200,000 workers. Without knowing which of those 200,000+ workers may have been paid "straight time for overtime," Defendant would have to review over 200,000 sets of records, spread out over at least 56 customers and 1600 suppliers to respond to the discovery. To place this in perspective, a report provided by Defendants to Plaintiff's counsel in the *Bowser* litigation in Pittsburgh, which covered just one month of transactions between Guidant, Duke Energy (as the customer) and the staffing agencies, included over 45,000 entries and in printed form is roughly 7000 pages. Given this Court's ruling on conditional certification, Plaintiffs are engaging in a classic fishing expedition that requires discovery of virtually every aspect of Defendant's operations and is disproportional to this litigation.

The discovery in this case is properly limited to Smith's claim under the FLSA, and not those of the putative class members. This Court found the case to be unmanageable as positioned by the Plaintiff, and the type of discovery sought by Plaintiff highlights is similarly unmanageable, particularly here where there is a

discovery deadline, already once extended, of September 30, 2020.  To allow Plaintiff's discovery requests without limitation "would be to create the same unmanageable situation that [the Court] sought to avoid in denying collective certification." *Clay v. Huntington Ingalls, Inc.,* 2012 WL 860375, at *3.

## III.  <u>CONCLUSION</u>

For all of foregoing reasons, Defendants respectfully request that the Court (a) enter a protective order as set forth below, (b) award defendants' their attorneys' fees and costs in bringing this motion, and (c) grant such further relief as the Court deems just and necessary.

Defendants respectfully request that the Court enter an order:

1.    Limiting the First and Second Rule 30(b)(6) Depositions and the fact depositions to matters directly related to Plaintiff's claims under the FLSA, as discovery beyond those parameters is irrelevant, disproportional, overbroad and unduly burdensome;

2.    Relieving Defendants from any obligation to respond to Plaintiff's untimely document requests associated with the First and/or Second Rule 30(b)(6) Depositions (or alternatively, an order relieving Defendants from any obligation to respond to those document requests in fewer than 30 days); and

3.    Relieving Defendants from producing Lynda Lemoine for her fact deposition.

*/s/ Michael A. Pavlick*

Michael A. Pavlick
  michael.pavlick@klgates.com
K&L Gates LLP
210 6th Avenue, Floor 11
Pittsburgh, PA 15222-2613
Tel. (412) 355-6275
Fax: (412) 355-6500

Gregory N. Blasé (P66079)
  gregory.blase@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175

Keith James (P43208)
  james@keithjamesPLLC.com
Keith James PLLC
26677 W. Twelve Mile Road
Southfield, MI 48034
Tel. (248) 871-7728

**Counsel for Defendants**

September 16, 2020

## <u>CERTIFICATE OF SERVICE</u>

      I, Michael A. Pavlick, hereby certify that on September 16, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the Court's ECF system, which will send notification of such filing to counsel who have registered to receive electronic notices through the Court's ECF System.  I further certify that I have mailed by First Class, United States Mail, Postage Prepaid to all non-ECF participants listed on the Court's Notice of Electronic Filing.


                    */s/ Michael A. Pavlick*
                    Michael A. Pavlick

Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHADWICK SMITH, Individually and For Others Similarly Situated<br><br>v.<br><br>GUIDANT GLOBAL, INC. and GUIDANT GROUP, INC. | **Case No. 2:19-CV-12318-GAD-APP**<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S FIRST AMENDED  FED. R. CIV. P. 30(b)(6)**
**DEPOSITION NOTICE TO GUIDANT GROUP, INC.**
**AND GUIDANT GLOBAL, INC. AND GUIDANT GROUP,INC.**
**AND SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE that Plaintiff will take the videotaped, oral deposition of the following witness before a certified court reporter for all purposes, including but not limited to discovery and presentation at trial on the merits:

| | |
|---|---|
| **Witness:** | **Guidant Group, Inc. and Guidant Global, Inc. (Guidant)** |
| **Date:** | **September 18, 2020** |
| **Time:** | **9:30 AM** |
| **Place:** | **Zoom** |

The deposition will continue from day to day until completed. The deposition will take place via videoconference through ZOOM or a similar remote videoconferencing technology. If the deposition is taken in person by agreement, the witness will appear live at the address listed above (or at another address of his/her choosing), and his/her testimony will be videotaped by a videographer and/or remotely through teleconference. A certified court reporter will be present remotely to transcribe the deposition. The court reporter shall swear the witness in remotely from wherever s/he is located via videoconference.

1

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Guidant is hereby notified of its obligation to designate one or more person(s) having actual knowledge of the following subject(s) and authorized to testify as its designated corporate representative(s) on the subject(s) and provide testimony in this case. The subject matter(s) of the deposition will concern the following:

### DEFINITIONS

1.  "YOU" or "YOUR" or "DEFENDANT" or "GUIDANT" refers to Guidant Group, Inc. and Guidant Global, Inc; GUIDANT's agents, employees, insurance companies (along with their agents and employees), attorneys, accountants, investigators; and anyone else acting on GUIDANT's behalf.

2.  "PLAINTIFF" or "PLAINTIFFS"—unless specified otherwise—refers to the Named Plaintiff Chadwick Smith, as well as to any opt-in plaintiff who joins, or has already joined, this action by filing written consent.

3.  "PUTATIVE CLASS MEMBERS" refers to all workers covered by a GUIDANT STAFFING COMPANY Agreement who were billed for on a STRAIGHT TIME FOR OVERTIME basis within the past three (3) years.

    PUTATIVE CLASS MEMBERS includes all qualifying PERSONS, regardless of whether: (1) they have or have not filed a consent to join this action; (2) this case has or has not been certified for collective or class treatment; (3) GUIDANT contends a worker was properly paid overtime or exempt from overtime under the pay plan at issue; and (4) GUIDANT contends a worker was paid a "salary."

4.  The "RELEVANT TIME PERIOD"—unless specified otherwise—refers to the period beginning August 6, 2009 and continuing through the present.

5.  The "LIMITATIONS PERIOD" refers to the period beginning August 6, 2016 and continuing through the present.

6.  "FLSA" means the Fair Labor Standards Act.

7.  "STRAIGHT TIME FOR OVERTIME" means billed the same hourly rate for all hours worked, including those in excess of 40 hours in a single workweek, regardless of whether GUIDANT contends that the compensations represents a salary or some other type of guarantee.

8.  "STAFFING COMPANY" refers to a company that supplies the PLAINTIFF and/or PUTATIVE CLASS MEMBERS, including but not limited to Allied Staff Augmentation Partners, Inc., Sirius Technical Services, Inc., Applied Analysis Corporation, Steele & Associates, and MBO Partners.

9.  "CLIENT" means a third-party company to which GUIDANT supplies PLAINTIFFS and

PUTATIVE CLASS MEMBERS to work, including but not limited to Duke Energy Corporation and Entergy Corporation.

10. "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

11. "DOCUMENT" means a writing, recording, or photograph, as defined by Federal Rule of Evidence 1001. DOCUMENT is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. "DOCUMENT" includes, but is not limited to any: note, memorandum, correspondence, contract, or agreement; pamphlet or manual computer printout; computer tape; tape recording; photograph, photographic negative, or transparency; movie film; videotape recording; and every writing, printed, or other graphic material of any kind whatsoever.

12. "IDENTIFY" or "IDENTITY" when referring:

    a. to a PERSON, means to state a present or last known address, telephone number, title, or position and place of employment, and, if previously or presently employed by GUIDANT, the date he or she was hired, and the date he or she was terminated, if applicable; if the PERSON is a business entity, also state the legal name, common name (if different), and current address of the headquarters and main business office (if different);

    b. to a DOCUMENT means, if a legible copy of the DOCUMENT is not provided with YOUR answer, to provide a complete description of the DOCUMENT referred to, including its title (if it has one), the date it was prepared, and the name of the person who prepared it, and to IDENTIFY the PERSON who has custody of, control over, or access to, it.

    c. to an oral communication means to state the date and the place where it occurred, the substance of the communication, the IDENTITY of each PERSON to whom present when such communication was made, and the IDENTITY of each PERSON to whom the communication was made.

    d. when used as a part of a request for facts to support a particular allegation or contention, includes the IDENTITY of discovery DOCUMENTS, expert reports, deposition transcripts, oral communications, and all other forms of recorded facts;

    e. to any other context, to provide a description with sufficient particularity that the thing may be specified and recognized, including relevant dates and places, and the IDENTITY of relevant PERSONS and DOCUMENTS.

## DEPOSITION TOPICS

(1)    The IDENTITY of each STAFFING COMPANY that provide any PLAINTIFF and/or PUTATIVE CLASS MEMBER to GUIDANT during the LIMITATIONS PERIOD. In the alternative, GUIDANT may provide the answers to this topic in writing the day before the deposition.

(2)    The IDENTITY of each CLIENT, customer, and/or third party to which GUIDANT provided any PLAINTIFF or PUTATIVE CLASS MEMBER during the LIMITATIONS PERIOD. In the alternative, GUIDANT may provide the answers to this topic in writing the day before the deposition.

(3)    The general locations and regions where GUIDANT staffed or otherwise supplied any PLAINTIFF and/or PUTATIVE CLASS MEMBER to any CLIENT, customer, or third party during the LIMITATIONS PERIOD.

(4)    The industries to which GUIDANT staffed or otherwise supplied any PLAINTIFF and/or PUTATIVE CLASS MEMBER to any CLIENT, customer, or third party during the LIMITATIONS PERIOD.

(5)    The number of PUTATIVE CLASS MEMBERS, including:

     a)    The factual basis supporting GUIDANT's contention that there are 200,000 PUTATIVE CLASS MEMEBRS, *see* ECF 34;

     b)    GUIDANT's efforts to determine the total number of PUTATIVE CLASS MEMEBERS, including but not limited to the DOCUMENTS GUIDANT relied upon in calculating the number of PUTATIVE CLASS MEMBERS and the IDENTITY of the PERSONS involved in calculating the number of PUTATIVE CLASS MEMBERS; and

     c)    The IDENTITY of any DOCUMENTS supporting GUIDANT's contention that there are 200,000 PUTATIVE CLASS MEMEBRS.

(6)    The number of PUTATIVE CLASS MEMBERS and PLAINTIFFS each STAFFING COMPANY provided to GUIDANT during the LIMITATIONS PERIOD, including the

factual basis supporting GUIDANT's contention that there are over 1,600 STAFFING COMPANIES that supplied the PUTATIVE CLASS MEMBERS to GUIDANT, *see* ECF 34, and the IDENTITY of any DOCUMENTS supporting GUIDANT's contention. In the alternative, GUIDANT may provide the answers to this topic in writing the day before the deposition.

(7)     The number of PUTATIVE CLASS MEMBERS and PLAINTIFFS GUIDANT supplied to each CLIENT, customer, and/or third party during the LIMITATIONS PERIOD, including the factual basis supporting GUIDANT's contention that there are "56 different companies" to which GUIDANT supplied the PUTATIVE CLASS MEMBERS, *see* ECF 34, and the IDENTITY of any DOCUMENTS supporting GUIDANT's contention. In the alternative, GUIDANT may provide the answers to this topic in writing the day before the deposition.

(8)     The number of workers who were staffed to and/or supplied by GUIDANT who were paid STRAIGHT TIME FOR OVERTIME during the LIMITATIONS PERIOD.

(9)     The Master Services Agreement and/or contract (and any addendums thereto) templates that dictated the relationship between GUIDANT and each STAFFING COMPANY that supplied any PLAINTIFF and/or PUTATIVE CLASS MEMBER to GUIDANT during the LIMITATIONS PERIOD. Templates include Entergy and Duke Master Services Agreements, which shall be produced one week prior to the deposition.

(10)    The Master Services Agreements and/or contracts (and any addendums thereto) templates that dictated the relationship between GUIDANT and each CLIENT, customer, and third party to which GUIDANT supplied any PLAINTIFF and/or PUTATIVE CLASS MEMBER during the LIMITATIONS PERIOD. Templates include Entergy and Duke Master Services Agreements, which shall be produced one week prior to the deposition.

(11)    The STAFFING COMPANY Agreement templates between GUIDANT and each STAFFING COMPANY that dictated any PLAINTIFF and/or PUTATIVE CLASS MEMBER would be paid STRAIGHT TIME FOR OVERTIME and/or for whose services billed STRAIGHT TIME FOR OVERTIME during the LIMITATIONS PERIOD. Templates include staffing company agreements with Zempleo, Warren Steel and Associates,

Allied Staff Augmentation Partners, and Sirius, which shall be produced one week prior to the deposition.

Additionally, the witness is hereby requested to produce the documents and information listed on the attached Exhibit "A" at the time and place of the deposition, pursuant to Federal Rule of Civil Procedure 45(c) and (d). The deposition will continue from day to day until completed.

Respectfully submitted,


By: */s/ Taylor A. Jones*
      **Michael A. Josephson**
      TX Bar No. 24014780
      **Andrew W. Dunlap**
      TX Bar No. 24078444
      **Taylor A. Jones**
      TX Bar No. 24107823
      **JOSEPHSON DUNLAP**
      11 Greenway Plaza, Suite 3050
      Houston, Texas 77046
      713-352-1100 – Telephone
      713-352-3300 – Facsimile
      mjosephson@mybackwages.com
      adunlap@mybackwages.com
      tjones@mybackwages.com

      **Richard J. (Rex) Burch**
      TX Bar No. 24001807
      **BRUCKNER BURCH PLLC**
      8 Greenway Plaza, Suite 1500
      Houston, Texas 77046
      713-877-8788 – Telephone
      713-877-8065 – Facsimile
      rburch@brucknerburch.com

      **Jennifer McManus (P65976)**
      **FAGAN MCMANUS, PC**
      25892 Woodward Avenue
      Royal Oak, Michigan 58067
      248-542-6300 – Telephone
      jmcmanus@faganlawpc.com

      **ATTORNEYS IN CHARGE FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

On September 11, 2020, I served a copy of this document on Guidant by serving its counsel of record via email and fax, in accordance with the Federal Rules of Civil Procedure.

      */s/ Taylor A. Jones*
      **Taylor A. Jones**

7

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHADWICK SMITH, Individually and For Others Similarly Situated | **Case No. 2:19-CV-12318-GAD-APP** |
| v. | JURY TRIAL DEMANDED |
| GUIDANT GLOBAL, INC. and GUIDANT GROUP, INC. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**SUBPOENA DUCES TECUM**

1.  A current resume or curriculum vitae for the witness, including current job description and listing of all educational, training, and other courses the witness has taken part in regarding their area of work.

2.  A list of cases in which the witness has previously given testimony.

3.  The documents containing written or oral communications between the witness and any other person that are related to the subject matter of the Rule 30(b)(6) deposition to which this witness has been designated in this litigation (including e-mails and other materials maintained electronically). This request seeks only those documents, or those portions of the same, not protected by attorney-client and work-product privileges.

4.  All documents reviewed in preparation of this deposition.

Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHADWICK SMITH, Individually and For Others Similarly Situated <br><br> v. <br><br> GUIDANT GLOBAL, INC. and GUIDANT GROUP, INC. | **Case No. 2:19-CV-12318-GAD-APP** <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF'S FIRST AMENDED SECOND FED. R. CIV. P. 30(b)(6)**
**DEPOSITION NOTICE TO GUIDANT GROUP, INC. AND GUIDANT**
**GLOBAL, INC. AND SUBPOENA DUCES TECUM**

PLEASE TAKE NOTICE that Plaintiff will take the videotaped, oral deposition of the following witness before a certified court reporter for all purposes, including but not limited to discovery and presentation at trial on the merits:

| | |
|---|---|
| **Witness:** | **Guidant Group, Inc. and Guidant Global, Inc. (Guidant)** |
| **Date:** | **September 30, 2020** |
| **Time:** | **9:30 AM** |
| **Place:** | **Zoom** |

The deposition will continue from day to day until completed. The deposition will take place via videoconference through ZOOM or a similar remote videoconferencing technology. If the deposition is taken in person by agreement, the witness will appear live at the address listed above (or at another address of his/her choosing), and his/her testimony will be videotaped by a videographer and/or remotely through teleconference. A certified court reporter will be present remotely to transcribe the deposition. The court reporter shall swear the witness in remotely from wherever s/he is located via videoconference.

1

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Guidant is hereby notified of its obligation to designate one or more person(s) having actual knowledge of the following subject(s) and authorized to testify as its designated corporate representative(s) on the subject(s) and provide testimony in this case. The subject matter(s) of the deposition will concern the following:

## DEFINITIONS

1. "YOU" or "YOUR" or "DEFENDANT" or "GUIDANT" refers to Guidant Group, Inc. and Guidant Global, Inc; GUIDANT's agents, employees, insurance companies (along with their agents and employees), attorneys, accountants, investigators; and anyone else acting on GUIDANT's behalf.

2. "GUIDANT GROUP" refers to Defendant Guidant Group, Inc.; GUIDANT GROUP's agents, subsidiaries, employees, insurance companies (along with their agents and employees), attorneys, accountants, investigators; and anyone else acting on GUIDANT GROUP's behalf.

3. "GUIDANT GLOBAL" refers to Defendant Guidant Global, Inc.; GUIDANT GLOBAL's agents, subsidiaries, employees, insurance companies (along with their agents and employees), attorneys, accountants, investigators; and anyone else acting on GUIDANT GLOBAL's behalf.

4. "PLAINTIFF" or "PLAINTIFFS"—unless specified otherwise—refers to the Named Plaintiff Chadwick Smith, as well as to any opt-in plaintiff who joins, or has already joined, this action by filing written consent.

5. "PUTATIVE CLASS MEMBERS" refers to all workers covered by a GUIDANT STAFFING COMPANY Agreement who were billed for on a STRAIGHT TIME FOR OVERTIME basis within the past three (3) years.

   PUTATIVE CLASS MEMBERS includes all qualifying PERSONS, regardless of whether: (1) they have or have not filed a consent to join this action; (2) this case has or has not been certified for collective or class treatment; (3) GUIDANT contends a worker was properly paid overtime or exempt from overtime under the pay plan at issue; and (4) GUIDANT contends a worker was paid a "salary."

6. The "RELEVANT TIME PERIOD"—unless specified otherwise—refers to the period beginning August 6, 2009 and continuing through the present.

7. The "LIMITATIONS PERIOD" refers to the period beginning August 6, 2016 and continuing through the present.

8. "FLSA" means the Fair Labor Standards Act.

9.     "STRAIGHT TIME FOR OVERTIME" means billed the same hourly rate for all hours worked, including those in excess of 40 hours in a single workweek, regardless of whether GUIDANT contends that the compensations represents a salary or some other type of guarantee.

10.    "STAFFING COMPANY" or "STAFFING COMPANIES" refers to a company that supplies the PLAINTIFF and/or PUTATIVE CLASS MEMBERS, including but not limited to Allied Staff Augmentation Partners, Inc., Sirius Technical Services, Inc., Applied Analysis Corporation, Steele & Associates, and MBO Partners.

11.    "CLIENT" or "CLIENTS" means a third-party company to which GUIDANT supplies PLAINTIFFS and PUTATIVE CLASS MEMBERS to work, including but not limited to Duke Energy Corporation and Entergy Corporation.

12.    "MSP" means a Managed Service Provider or an entity like GUIDANT that acts as an intermediary between STAFFING COMPANIES and third parties to provide workers. *See* https://www.guidantglobal.com/what-is-outsourcing/what-is-msp (explaining "What is a Managed Service Provider (MSP)" and the Managed Service Provider services GUIDANT markets to CLIENTS) (last visited on September 3, 2020).

13.    "EMPLOYMENT" means a relationship in which an employee provides services requested by or on behalf of an employer, other than an independent contractor relationship.

14.    "PERSON" includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

15.    "DOCUMENT" means a writing, recording, or photograph, as defined by Federal Rule of Evidence 1001. DOCUMENT is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. "DOCUMENT" includes, but is not limited to any: note, memorandum, correspondence, contract, or agreement; pamphlet or manual computer printout; computer tape; tape recording; photograph, photographic negative, or transparency; movie film; videotape recording; and every writing, printed, or other graphic material of any kind whatsoever.

16.    "IDENTIFY" or "IDENTITY" when referring:

   a.   to a PERSON, means to state a present or last known address, telephone number, title, or position and place of EMPLOYMENT, and, if previously or presently employed by GUIDANT, the date he or she was hired, and the date he or she was terminated, if applicable; if the PERSON is a business entity, also state the legal name, common name (if different), and current address of the headquarters and main business office (if different);

   b.   to a DOCUMENT means, if a legible copy of the DOCUMENT is not provided with YOUR answer, to provide a complete description of the DOCUMENT referred to, including its title (if it has one), the date it was prepared, and the name of the person who prepared it, and to IDENTIFY the PERSON who has custody of, control over, or access to, it.

c.  to an oral communication means to state the date and the place where it occurred, the substance of the communication, the IDENTITY of each PERSON to whom present when such communication was made, and the IDENTITY of each PERSON to whom the communication was made.

d.  when used as a part of a request for facts to support a particular allegation or contention, includes the IDENTITY of discovery DOCUMENTS, expert reports, deposition transcripts, oral communications, and all other forms of recorded facts;

e.  to any other context, to provide a description with sufficient particularity that the thing may be specified and recognized, including relevant dates and places, and the IDENTITY of relevant PERSONS and DOCUMENTS.

4

**DEPOSITION TOPICS**

(1)   General details of PLAINTIFFS' and the EMPLOYMENT and work performed on behalf of GUIDANT, including:

    a)   Job Positions/Titles Held;

    b)   Work schedule and hours worked;

    c)   Required certificates, training, and/or experience;

    d)   General job duties and responsibilities;

    e)   The IDENTITY of supervisors, reporting requirements, and chain of command;

    f)   Locations of work;

    g)   The IDENTITY of the STAFFING COMPANY or STAFFING COMPANIES that provided each PLAINTIFF; and

    h)   The IDENTITY of the CLIENT or CLIENTS to which GUIDANT provided or assigned each PLAINTIFF.

(2)   PLAINTIFFS' compensation, including:

    a)   Wages, bonuses, per diems, and reimbursements;

    b)   Raises and deductions from compensation;

    c)   The method used to determine the salary, hourly rate, and overtime rate, including any raises or decreases in pay; and

    d)   Methods and forms for tracking compensation.

(3)   Time worked by PLAINTIFFS, including:

    a)   Methods for tracking and reporting time spent working; and

    b)   Policies, practices, procedures, forms, reports, rules, and guidelines (written or unwritten) regarding the time spent working by PLAINTIFFS and the methods of reporting the same.

(4)   All changes to the exempt/non-exempt status, classification, or compensation (rate or method) of PLAINTIFFS during the RELEVANT TIME PERIOD.

(5)   GUIDANT's decision to classify the PLAINTIFFS as exempt under the FLSA and any analogous state wage and hour laws, and the IDENTITY of any PERSON(s) responsible for, or involved in, such decision.

(6)   The category of FLSA exemption which GUIDANT claims is/was applicable to the PLAINTIFFS (i.e., executive, administrative, professional, etc.) and the basis for why this category of exemption is or was claimed.

5

(7)    The facts GUIDANT considered that weigh(ed) against finding that a specific exemption (i.e., executive, administrative, professional, etc.) claimed is/was applicable to the PLAINTIFFS.

(8)    All time studies and/or other research undertaken by GUIDANT to determine the percentage of time spent by the PLAINTIFFS performing non-exempt work.

(9)    All time studies and/or other research undertaken by GUIDANT to determine the percentage of time spent by the PLAINTIFFS performing exempt work.

(10)    The standards GUIDANT applied in determining whether PLAINTIFFS were exempt employees, including whether PLAINTIFFS were paid on a salary basis.

(11)    Any investigation, decision, or review by GUIDANT regarding whether PLAINTIFFS' compensation met the salary basis test under the FLSA, including:

    a)   The IDENTITY of PERSON(s) (internally or externally, including employees of any STAFFING COMPANY that provided PLAINTIFFS and/or employees of any CLIENT to which GUIDANT provided PLAINTIFFS) who provided information or made decisions regarding the salary basis;

    b)   The specific information, DOCUMENTS, or authoritative sources that GUIDANT consulted or relied upon (if any);

    c)   Any calculations performed by GUIDANT and the results of those calculations to determine whether PLAINTIFFS' compensation met the reasonable relationship test;

    d)   The facts and law supporting each conclusion made related to salary basis;

    e)   The dates that GUIDANT (and its agents) made any investigation, decision, or review as to whether PLAINTIFFS were paid a salary under the FLSA; and

    f)   The dates that GUIDANT (and its agents) communicated the results of any investigation, decision, or review as to whether PLAINTIFFS were paid a salary under the FLSA.

(12)    Any investigation, decision, or review by GUIDANT regarding the propriety of treating PLAINTIFFS as exempt employees, for the purposes of the FLSA, including:

    a)   The IDENTITY of PERSON(s) (internally or externally, including employees of any STAFFING COMPANY that provided PLAINTIFFS and/or employees of any CLIENT to which GUIDANT provided PLAINTIFFS) who made decisions regarding the exempt employee classification of PLAINTIFFS and the information they relied on;

      b)  Any differences in the classification of workers as exempt employees based on individualized factors, including, but not limited to experience, location, dates of EMPLOYMENT, client, or duties performed;

      c)  The specific information from the United States Department of Labor or any other state agency that GUIDANT consulted or relied upon in classifying PLAINTIFFS as exempt employees; and

      d)  The dates that GUIDANT (and/or its agents) made any investigation, decision, or review into its decision(s) to classify PLAINTIFFS as exempt employees.

(13)   GUIDANT's communications with PLAINTIFFS regarding their compensation and exempt/non-exempt status and/or classification under the FLSA or analogous state wage and hour laws.

(14)   GUIDANT's communications with PLAINTIFFS regarding their job assignments to GUIDANT's CLIENTS, including but not limited to:

      a)  The IDENTITY of the PERSON(s) responsible for communicating job and/or CLIENT assignments to PLAINTIFFS;

      b)  The method or procedure that GUIDANT communicated job and/or CLIENT assignments to PLAINTIFFS;

      c)  The frequency that GUIDANT communicated with PLAINTIFFS about their job and/or CLIENT assignments;

      d)  Whether GUIDANT controlled, tracked, and/or recorded PLAINTIFFS' job and/or CLIENT assignments.

(15)   The factual basis for GUIDANT's contention that GUIDANT complied with the FLSA in good faith and did not willfully violate the FLSA.

(16)   The factual basis for GUIDANT's willfulness defense, including but not limited to the IDENTTY of any DOCUMENTS supporting GUIDANT's willfulness defense.

(17)   The PERSON(s) at GUIDANT with responsibility for ensuring compliance with the FLSA relating to the payment of overtime wages for the job positions in which PLAINTIFFS worked.

(18)   Prior settlements of claims relating to the misclassification of workers as exempt employees between GUIDANT and any employee GUIDANT classified as exempt made during the RELEVANT TIME PERIOD, including the terms of any settlement and the amount paid.

(19)    Prior settlements of claims relating to GUIDANT's payment of STRAIGHT TIME FOR OVERTIME between GUIDANT and any employee paid STRAIGHT TIME FOR OVERTIME made during the RELEVANT TIME PERIOD, including the terms of any settlement and the amount paid.

(20)    The job titles and locations worked of all workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME for the services such workers perform for GUIDANT's CLIENTS.

(21)    Any Master Services Agreements or other contracts (including any addendums thereto) entered into between GUIDANT and any third-party (including any STAFFING COMPANY and/or CLIENT) governing the work performed by PLAINTIFFS on behalf of GUIDANT.

(22)    GUIDANT's corporate structure and management.

(23)    The factual and legal basis for GUIDANT's contention that it did not employ PLAINTIFFS during the LIMITATIONS PERIOD, *see* ECF 23 at ¶ 63, including but not limited to each factor of the economic realities and/or joint employer tests.

(24)    The factual and legal basis for GUIDANT's contention that the STAFFING COMPANIES that supplied PLAINTIFFS are or were PLAINTIFFS' employers within the meaning of the FLSA.

(25)    The relationship between GUIDANT GLOBAL and GUIDANT GROUP, including but not limited to whether GUIDANT GLOBAL and GUIDANT GROUP have interrelated operations, common management, common ownership, centralized control of labor relations, and/or centralized, shared, or common Human Resources Department.

(26)    GUIDANT's business relationship with each STAFFING COMPANY that provided or supplied any PLAINTIFF to GUIDANT during the LIMITATIONS PERIOD, including but not limited to:

    a)    The IDENTITY of any agreement, contract, or other DOCUMENT(s) that govern or evidence those relationships during the RELEVANT TIME PERIOD;

    b)    The IDENTITY of the PERSON(s) primarily involved in the business relationship between GUIDANT and each STAFFING COMPANY that provided PLAINTIFFS during the LIMITATIONS PERIOD;

    c)    The length, duration, or degree of permanency of GUIDANT's business relationship with each STAFFING COMPANY;

d) Whether GUIDANT and each STAFFING COMPANY have any shared management, have a direct or indirect ownership interest in each other, and/or are under common control; and

e) Whether GUIDANT and each STAFFING COMPANY share ownership or control of the location(s) where work is performed or services are provided.

(27) GUIDANT's business relationship with each CLIENT to which GUIDANT provided or supplied any PLAINTIFF during the LIMITATIONS PERIOD, including but not limited to:

a) The IDENTITY of any agreement, contract, or other DOCUMENT(s) that govern or evidence those relationships during the RELEVANT TIME PERIOD;

b) The IDENTITY of the PERSON(s) primarily involved in the business relationship between GUIDANT and each CLIENT to which GUIDANT provided PLAINTIFFS during the LIMITATIONS PERIOD;

c) The length, duration, or degree of permanency of GUIDANT's relationship with each CLIENT;

d) Whether GUIDANT and each CLIENT have any shared management, have a direct or indirect ownership interest in each other, and/or are under common control; and

e) Whether GUIDANT and each CLIENT share ownership or control of the location(s) where work is performed or services are provided.

(28) The process, method, and criteria GUIDANT utilizes to select or engage STAFFING COMPANIES, including:

a) The IDENTITY of any PERSON(s) responsible for deciding which STAFFING COMPANY to select or engage; and

b) The IDENTITY of any DOCUMENT(s) that state, describe, detail, or outline the process, method or criteria GUIDANT utilizes when determining which STAFFING COMPANY to select of engage for different CLIENTS, locations, or industries.

(29) The process through which workers that STAFFING COMPANIES provide to GUIDANT are trained, vetted, and ultimately allowed to work through GUIDANT and for GUIDANT's CLIENTS.

(30)   The circumstances through which GUIDANT pays the STAFFING COMPANIES that provided PLAINTIFFS and other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME.

(31)   The increments for which GUIDANT pays each STAFFING COMPANY that provided PLAINTIFFS (i.e., per worker, per day, per hour, per job, etc.).

(32)   The circumstances through which GUIDANT's CLIENTS to which GUIDANT provided PLAITIFFS and other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME pay GUIDANT for the services GUIDANT and these workers provide.

(33)   The increments for which GUIDANT bills each CLIENT to which GUIDANT provided PLAINTIFFS (i.e., per worker, per day, per hour, per job, etc.).

(34)   GUIDANT's authority to set, determine, or otherwise negotiate the bill and/or pay rates and compensation methods for PLAINTIFFS with the STAFFING COMPAINIES that provided PLAINTIFFS and/or the CLIENTS to which GUIDANT supplied PLAINTIFFS, including but not limited to the IDENTITY of the PERSON(s) at GUIDANT with such authority.

(35)   GUIDANT's authority to audit or review the compensation rate and/or method that each STAFFING COMPANY applies to PLAINTIFFS and other workers that STAFFING COMPANIES provide to GUIDANT for which GUIDANT bills STRAIGHT TIME FOR OVERTIME, including but not limited to:

  a)   The dates of each instance GUIDANT exercised its authority to audit or review the compensation rate and/or method that these STAFFING COMPANIES apply to the workers provided to GUIDANT during the RELEVANT TIME PERIOD;

  b)   The IDENTITY of the PERSON(s) involved in any audit of review of the compensation rate and/or method that these STAFFING COMPANIES apply to the workers provided to GUIDANT during the RELEVANT TIME PERIOD; and

  c)   The IDENTITY of any DOCUMENTS, including any communications between GUIDANT and any STAFFING COMPANY, regarding or otherwise evidencing any audit or review of the compensation rate and/or method that these STAFFING COMPANIES apply to the workers provided to GUIDANT that GUIDANT conducted (including DOCUMENTS stating or describing the outcome of such audit or review) during the RELEVANT TIME PERIOD.

(36)    GUIDANT's authority to ensure the STAFFING COMPANIES that provided PLAINTIFFS and other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME are properly compensated and classified in accordance with the FLSA and analogous state wage and hour laws, including:

    a)   What standards and criteria GUIDANT utilizes to determine whether PLAINTIFFS and the other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME are paid on a salary basis;

    b)   What standards and criteria GUIDANT utilizes to determine whether PLAINTIFFS and the other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME perform exempt job duties ;

    c)   The IDENTITY of the PERSONS(s) responsible for ensuring the STAFFING COMPANIES properly compensate and classify these workers in accordance with the FLSA and analogous state wage and hour laws; and

    d)   The IDENTITY of any DOCUMENTS that describe, detail, or outline GUIDANT's authority, the standards or criteria GUIDANT utilizes to ensure FLSA compliance, and/or any communications between GUIDANT and any STAFFING COMPANY that provided these workers regarding the STAFFING COMPANY's compliance or non-compliance with the FLSA or an analogous state wage and hour law.

(37)    Whether, formally or as a matter of practice, GUIDANT and the STAFFING COMPANIES that provided PLAINTIFFS and other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME jointly determine, share, or allocate responsibility over:

    a)   Payroll functions and/or processing;

    b)   Providing workers' compensation insurance;

    c)   Paying payroll taxes;

    d)   Providing facilities, job sites, and work locations; and

    e)   Providing equipment, tools, training, and/or materials necessary to perform these workers' jobs or services.

(38)    Whether, formally or as a matter of practice, GUIDANT and the CLIENTS to which GUIDANT provided PLAINTIFFS and other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME jointly determine, share, or allocate responsibility over:

a) Payroll functions and/or processing;

b) Providing workers' compensation insurance;

c) Paying payroll taxes;

d) Providing facilities, job sites, and work locations; and

e) Providing equipment, tools, training, and/or materials necessary to perform these workers' jobs or services.

(39) GUIDANT's communications with and/or marketing materials provided or publicized to GUIDANT's CLIENTS regarding GUIDANT's services as an MSP, GUIDANT's "extensive knowledge of tax, labour and legislation in local markets," and GUIDANT's efforts and ability to "ensure[] that a [CLIENT is] fully compliant" with the FLSA and analogous state wage and hour laws to "shield[] [CLIENTS] from possible lawsuits" and "mitigate[e] risks and ensur[e] compliance" on behalf of GUIDANT's CLIENTS. https://www.guidantglobal.com/what-is-outsourcing/what-is-msp (last visited September 3, 2020).

(40) GUIDANT's efforts and ability to "ensure[] that a [CLIENT is] fully compliant" with the FLSA and analogous state wage and hour laws to "shield[] [CLIENTS] from possible lawsuits" and "mitigate[e] risks and ensur[e] compliance" on behalf of GUIDANT's CLIENTS to which GUIDANT supplied PLAINTIFFS and other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME during the RELEVANT TIME PERIOD. *Id.*

(41) Whether, formally or as a matter of practice, GUIDANT and its STAFFING COMPANIES and/or CLIENTS jointly determine, share, or allocate the ability to direct, control, or supervise PLAINTIFFS or other workers for which GUDIANT bills STRAIGHT TIME FOR OVERTIME, directly or indirectly, during the LIMITATIONS PERIOD.

(42) Whether, formally or as a matter of practice, GUIDANT and its STAFFING COMPANIES and/or CLIENTS jointly determine, share, or allocate the power or authority (directly or indirectly) to hire, fire, or discipline PLAINTIFFS and other workers for which GUIDANT bills STRAIGHT TIME FOR OVERTIME or otherwise modify the terms of these workers' EMPLOYMENT during the LIMITATIONS PERIOD.

(43) GUIDANT's authority to hire, fire, discipline, control, manage, and/or direct PLAINTIFFS' compensation, bill rates, schedules, job assignments, CLIENT assignments, and/or STAFFING COMPANY.

(44) GUIDANT's discovery responses.

12

Additionally, the witness is hereby requested to produce the documents and information listed on the attached Exhibit "A" at the time and place of the deposition, pursuant to Federal Rule of Civil Procedure 45(c) and (d). The deposition will continue from day to day until completed.

Respectfully submitted,

By: /s/ Taylor A. Jones
        **Michael A. Josephson**
        TX Bar No. 24014780
        **Andrew W. Dunlap**
        TX Bar No. 24078444
        **Lindsay R. Itkin**
        TX Bar No. 24068647
        **Taylor A. Jones**
        TX Bar No. 24107823
        **JOSEPHSON DUNLAP LLP**
        11 Greenway Plaza, Suite 3050
        Houston, Texas 77046
        713-352-1100 – Telephone
        713-352-3300 – Facsimile
        mjosephson@mybackwages.com
        adunlap@mybackwages.com
        litkin@mybackwages.com
        tjones@mybackwages.com

        **Jennifer L. McManus (P65976)**
        **FAGAN MCMANUS, PC**
        25892 Woodward Avenue
        Royal Oak, Michigan 58067
        248-542-6300 – Telephone
        jmcmanus@faganlawpc.com

        **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On September 11, 2020, I served a copy of this document on Defendants and/or their counsel of record via email and certified mail/return receipt requested in accordance with the Federal Rules of Civil Procedure.

        /s/ Taylor A. Jones
        **TAYLOR A. JONES**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHADWICK SMITH, Individually and For Others Similarly Situated | **Case No. 2:19-CV-12318-GAD-APP** |
| | JURY TRIAL DEMANDED |
| v. | |
| | COLLECTIVE ACTION PURSUANT |
| GUIDANT GLOBAL, INC. and GUIDANT GROUP, INC. | TO 29 U.S.C. § 216(b) |

**SUBPOENA DUCES TECUM**

1. A current resume or curriculum vitae for the witness, including current job description and listing of all educational, training, and other courses the witness has taken part in regarding their area of work.

2. A list of cases in which the witness has previously given testimony.

3. The DOCUMENTS containing written or oral communications between the witness and any other PERSON that are related to the subject matter of the Rule 30(b)(6) deposition to which this witness has been designated in this litigation (including e-mails and other materials maintained electronically). This request seeks only those DOCUMENTS, or those portions of the same, not protected by attorney-client and work-product privileges.

4. All DOCUMENTS reviewed in preparation of this deposition.

14

Exhibit C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| CHADWICK SMITH, Individually and for Others Similarly Situated, | Case No. 2:19-cv-12318-GAD-APP |
| | Jury Trial Demanded |
| v. | FLSA Collective Action |
| GUIDANT GLOBAL, INC. and GUIDANT GROUP, INC., | |

### PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF LYNDA LEMOINE

TO: Defendants Guidant Global, Inc. and Guidant Group, Inc., by serving their attorney of record, Michael A. Pavlick, K&L Gates, LLP, 210 Sixth Ave., Pittsburgh, PA 15222; Gregory N. Blase, K&L Gates, LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111.

PLEASE TAKE NOTICE that Plaintiff will take the videotaped, oral deposition of the following witness before a certified court reporter for all purposes, including but not limited to discovery and presentation at trial on the merits:

| | |
|---|---|
| **Witness:** | **Lynda Lemoine ("Lemoine")** |
| **Date:** | **September 25, 2020** |
| **Time:** | **9:30 AM CST** |
| **Place:** | **ZOOM** |

The deposition will continue from day to day until completed. The deposition will take place via videoconference through ZOOM or a similar remote videoconferencing technology. If the deposition is taken in person by agreement, the witness will appear live at an agreed upon address, and his/her testimony will be videotaped by a videographer and/or remotely through teleconference. A certified court reporter will be present remotely to transcribe the deposition. The court reporter shall swear the witness in remotely from wherever s/he is located via videoconference.

Respectfully submitted,

By: */s/ Taylor A. Jones*
      **Michael A. Josephson**
      TX Bar No. 24014780
      **Andrew W. Dunlap**
      TX Bar No. 24078444
      **Lindsay R. Itkin**
      TX Bar No. 24068647
      **Taylor A. Jones**
      TX Bar No. 24107823
      **JOSEPHSON DUNLAP LLP**
      11 Greenway Plaza, Suite 3050
      Houston, Texas 77046
      713-352-1100 – Telephone
      713-352-3300 – Facsimile
      mjosephson@mybackwages.com
      adunlap@mybackwages.com
      litkin@mybackwages.com
      tjones@mybackwages.com

      **Jennifer L. McManus (P65976)**
      **FAGAN MCMANUS, PC**
      25892 Woodward Avenue
      Royal Oak, Michigan 58067
      248-542-6300 – Telephone
      jmcmanus@faganlawpc.com

      **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On September 11, 2020, I served a copy of this document on Defendants and/or their counsel of record via email and certified mail/return receipt requested in accordance with the Federal Rules of Civil Procedure.

      */s/ Taylor A. Jones*
      **TAYLOR A. JONES**

# Exhibit D

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHADWICK SMITH, Individually and for Others Similarly Situated,<br><br>v.<br><br>GUIDANT GLOBAL, INC. and GUIDANT GROUP, INC., | Case No. 2:19-cv-12318-GAD-APP<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF CHRISTINA CERVERA**

TO:    Defendants Guidant Global, Inc. and Guidant Group, Inc., by serving their attorney of record, Michael A. Pavlick, K&L Gates, LLP, 210 Sixth Ave., Pittsburgh, PA 15222; Gregory N. Blase, K&L Gates, LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111.

PLEASE TAKE NOTICE that Plaintiff will take the videotaped, oral deposition of the following witness before a certified court reporter for all purposes, including but not limited to discovery and presentation at trial on the merits:

| | |
|---|---|
| **Witness:** | **Christina Cervera ("Cervera")** |
| **Date:** | **September 25, 2020** |
| **Time:** | **2:00 PM CST** |
| **Place:** | **ZOOM** |

The deposition will continue from day to day until completed. The deposition will take place via videoconference through ZOOM or a similar remote videoconferencing technology. If the deposition is taken in person by agreement, the witness will appear live at an agreed upon address, and his/her testimony will be videotaped by a videographer and/or remotely through teleconference. A certified court reporter will be present remotely to transcribe the deposition. The court reporter shall swear the witness in remotely from wherever s/he is located via videoconference.

Respectfully submitted,

1

By: /s/ Taylor A. Jones

**Michael A. Josephson**
TX Bar No. 24014780
**Andrew W. Dunlap**
TX Bar No. 24078444
**Lindsay R. Itkin**
TX Bar No. 24068647
**Taylor A. Jones**
TX Bar No. 24107823
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
litkin@mybackwages.com
tjones@mybackwages.com

**Jennifer L. McManus (P65976)**
FAGAN MCMANUS, PC
25892 Woodward Avenue
Royal Oak, Michigan 58067
248-542-6300 – Telephone
jmcmanus@faganlawpc.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On September 11, 2020, I served a copy of this document on Defendants and/or their counsel of record via email and certified mail/return receipt requested in accordance with the Federal Rules of Civil Procedure.

/s/ Taylor A. Jones
**TAYLOR A. JONES**

# Exhibit E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHADWICK SMITH, Individually and for Others Similarly Situated, <br><br> v. <br><br> GUIDANT GLOBAL, INC. and GUIDANT GROUP, INC., | Case No. 2:19-cv-12318-GAD-APP <br><br> Jury Trial Demanded <br><br> FLSA Collective Action |

**PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF SUSAN DEBLAQUIERE**

TO:   Defendants Guidant Global, Inc. and Guidant Group, Inc., by serving their attorney of record, Michael A. Pavlick, K&L Gates, LLP, 210 Sixth Ave., Pittsburgh, PA 15222; Gregory N. Blase, K&L Gates, LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111.

PLEASE TAKE NOTICE that Plaintiff will take the videotaped, oral deposition of the following witness before a certified court reporter for all purposes, including but not limited to discovery and presentation at trial on the merits:

| | |
|---|---|
| **Witness:** | **Susan Deblaquiere ("Deblaquiere")** |
| **Date:** | **September 21, 2020** |
| **Time:** | **9:30 AM CST** |
| **Place:** | **ZOOM** |

The deposition will continue from day to day until completed. The deposition will take place via videoconference through ZOOM or a similar remote videoconferencing technology. If the deposition is taken in person by agreement, the witness will appear live at an agreed upon address, and his/her testimony will be videotaped by a videographer and/or remotely through teleconference. A certified court reporter will be present remotely to transcribe the deposition. The court reporter shall swear the witness in remotely from wherever s/he is located via videoconference.

Respectfully submitted,

By: */s/ Taylor A. Jones*
    **Michael A. Josephson**
    TX Bar No. 24014780
    **Andrew W. Dunlap**
    TX Bar No. 24078444
    **Lindsay R. Itkin**
    TX Bar No. 24068647
    **Taylor A. Jones**
    TX Bar No. 24107823
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    litkin@mybackwages.com
    tjones@mybackwages.com

    **Jennifer L. McManus (P65976)**
    **FAGAN MCMANUS, PC**
    25892 Woodward Avenue
    Royal Oak, Michigan 58067
    248-542-6300 – Telephone
    jmcmanus@faganlawpc.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On September 11, 2020, I served a copy of this document on Defendants and/or their counsel of record via email and certified mail/return receipt requested in accordance with the Federal Rules of Civil Procedure.

    */s/ Taylor A. Jones*
    **TAYLOR A. JONES**

2

# Exhibit F

**Pavlick, Michael**

| | |
|---|---|
| **From:** | Pavlick, Michael |
| **Sent:** | Tuesday, September 8, 2020 8:45 PM |
| **To:** | 'Taylor Jones' |
| **Cc:** | Andrew Dunlap; Lindsay Itkin; Blase, Gregory N.; 'Jennifer McManus'; Allison Lewton; Michael A. Josephson |
| **Subject:** | RE: Smith v. Guidant - Discovery Deficiencies |

## <u>OMNIBUS OBJECTIONS TO DISCOVERY</u>

Based on the Court's opinion denying conditional certification, there are two overarching objections to the discovery sought.

The Court's opinion stated, in pertinent part:

"Accordingly, the Court will deny Plaintiff's Motion for Conditional Certification under 29 U.S.C. § 216(b). The Court's decision to not grant conditional certification does not preclude Plaintiff from pursuing his FLSA claim on his own behalf."

The first objection is as to relevance.  The Court's decision has plainly limited this case to the facts and circumstances surrounding Plaintiff Chadwick Smith.  Accordingly, discovery that is not directly related to Smith's individual claim is irrelevant.

The second objection is as to proportionality.  Again, because the Court's decision denied conditional certification and has given Smith, only, the opportunity to pursue his individual FLSA claim, any discovery not directly related to Smith's individual claim is disproportional to the scope of the case now being litigated.

You sought broad, class-related discovery in the *Thompson v. ASAP* case after the district court denied your motion for conditional certification, and the court denied your request: "the undersigned finds that the requested discovery of Putative Class Members data in Requests for Production Nos. 1 and 2 is not proportional to the needs of this case and should be denied."  *Thompson v. Allied Services Augmentation Partners, Inc.*, 2019 WL 6405390, *4 (W.D.N.C. Nov. 27, 2019).  There, the court noted that the deadlines flowing from the order denying conditional certification, like the deadlines here, "do not seem to suggest that Judge Whitney intended to allow extensive discovery into the putative class or that he planned to reconsider conditional certification."  *Accord Rumreich v. Good Shepherd Day School of Charlotte, Inc.,* 2018 WL 4760798, at *10 (M.D.Fla. July 31, 2018) ("Because the Undersigned recommends Plaintiff's Motion [for conditional certification] be denied, the Undersigned need not address the remaining issues raised by her Motion, including…Plaintiff's request that Defendant disclose information regarding potential class members."); *Calvo v. Summit Broadband, Inc.*, 2018 WL 3635104, at *13 (M.D.Fla. April 17, 2018) ("because the Undersigned recommends Plaintiff's Motion be denied, the Undersigned need not address . . . those issues relating to Plaintiff's proposed Notice and Plaintiff's request that Summit disclose information regarding potential class members.");

To be clear, the Court's decision on conditional certification precludes broad, class-type discovery.  By its focus on Smith's claim, it also precludes discovery as to the three opt-ins who have filed consents.  That is consistent with the approach other courts have adopted when  conditional certification is denied.  *See, e.g., Gibbs v. MLK Express Servs., LLC*, 2019 WL 2635746, *10 (M.D. Fla. June 27, 2019); *Rowe v. Hosp. Housekeeping Sys., LLC*, 2018 WL 1123621, *1 (E.D. La. Feb. 28, 2018); *Metzger v. Auto Rescue of Mke LLC*, 2016 WL 7839153,  *2 (E.D. Wis. May 20, 2016); *Beery v. Quest Diagnostics, Inc.*, 2013 WL 3441792, *2 (D.N.J. July 8, 2013); *Torres-Hernandez v. Florida State Plastering*, 2010 WL 116235564, *6 (M.D. Fla. July 1, 2010).

As to the specific discovery requests:

**1.      Responses to Prior Discovery.**  You have asked Defendants to supplement answers to prior discovery.

A.      Request for Production ("RFP") No. 2 seeks documentation of "wages and/or other compensation GUIDANT paid to PLAINTIFF and each PUTATIVE CLASS MEMBER.  The short answer is that Defendants did not pay plaintiff or any putative class member, and therefore there are no responsive documents.  Such documentation rests with the individual staffing agencies/suppliers, over which Defendants do not have possession, custody or control.  Regardless, though, such request, as it relates to each putative class member, runs afoul of the relevance and proportionality objections identified above.  Indeed, the request is patently overbroad and burdensome.  It is estimated that, within the FLSA limitations period, Defendants provided administrative support for the placement with its customers of in excess of 200,000 workers.  Without knowing which of those 200,000+ workers were paid "straight time for overtime," Defendant would have to review over 200,000 sets of records, spread out over at least 56 customers and 1600 suppliers to respond to the discovery.  To place this in perspective, a report provided by Defendants to Plaintiff's counsel in the *Bowser* litigation in Pittsburgh which covered just one month of transactions between Guidant, Duke Energy (as the customer) and the staffing agencies included over 45,000 entries and in printed form is 7000 pages.  This is a classic fishing expedition that requires discovery of virtually every aspect of Defendant's operations and is disproportional to this litigation.

B.      RFP No. 3 seeks the identity of each putative class member.  This request runs afoul of the relevance and proportionality objections identified above and is patently overbroad and burdensome.  Defendants do not know which of the estimated 200,000+ workers placed with customers were paid straight time for overtime.  Thus it would have little choice but to disclose the identity of every worker placed in the limitations period (as well as workers placed before the limitations period who were still on assignment at some point in the limitations period).  Again, this is a classic fishing expedition which is disproportionate to this litigation.

C.      RFP No. 4 seeks pay and bill rate data.  This request runs afoul of the relevance and proportionality objections identified above and is patently overbroad and burdensome.  It is estimated that, within the FLSA limitations period, Defendants provided administrative support for the placement with its customers of in excess of 200,000 workers.  Without knowing which of those 200,000+ workers were paid "straight time for overtime," Defendant would have to review over 200,000 sets of records, spread out over at least 56 customers and 1600 suppliers to respond to the discovery.  To place this in perspective, a report provided by Defendants to Plaintiff's counsel in the *Bowser* litigation in Pittsburgh which covered just one month of transactions between Guidant, Duke Energy (as the customer) and the staffing agencies included over 45,000 entries and in printed form is 7000 pages.  This is a classic fishing expedition that requires discovery of virtually every aspect of Defendant's operations and is disproportional to this litigation.  Responsive documents were provided for Plaintiff.  If you believe the production as to Plaintiff is inadequate, please identify specific deficiencies.

D.      RFP No. 5 seeks documents demonstrating all compensation paid to Plaintiff and the putative class members.  The short answer is that Defendants did not pay plaintiff or any putative class member, and therefore there are no responsive documents.  Such documentation rests with the individual staffing agencies/suppliers, over which Defendants do not have possession, custody or control.  Regardless, though, such request, as it relates to each putative class member, runs afoul of the relevance and proportionality objections identified above.  Indeed, the request is patently overbroad and burdensome.  It is estimated that, within the FLSA limitations period, Defendants provided administrative support for the placement with its customers of in excess of 200,000 workers.  Without knowing which of those 200,000+ workers were paid "straight time for overtime," Defendant would have to review over 200,000 sets of records, spread out over at least 56 customers and 1600 suppliers to respond to the discovery.  To place this in perspective, a report provided by Defendants to Plaintiff's counsel in the *Bowser* litigation in Pittsburgh which covered just one month of transactions between Guidant, Duke Energy (as the customer) and the staffing agencies included over 45,000 entries and in printed form is 7000 pages.  This is a classic fishing expedition that requires discovery of virtually every aspect of Defendant's operations and is disproportional to this litigation.

E.      RFP No. 7 seeks work orders with compensation and bill rate information.  As to compensation, the short answer is that Defendants did not pay plaintiff or any putative class member, and therefore there are no responsive documents.  Such documentation rests with the individual staffing agencies/suppliers, over which Defendants do not have possession, custody or control.  As to bill rates, such request, as it relates to each putative class member, runs afoul of the relevance and proportionality objections identified above.  Indeed, the request is patently overbroad and burdensome.  It is estimated that, within the FLSA limitations period, Defendants provided administrative support for the placement with its customers of in excess of 200,000 workers.  Without knowing which of those 200,000+ workers were paid "straight time for overtime," Defendant would have to review over 200,000 sets of records, spread out over at least 56 customers and 1600 suppliers to respond to the discovery.  To place this in perspective, a report provided by Defendants to Plaintiff's counsel in the *Bowser* litigation in Pittsburgh which covered just one month of transactions between Guidant, Duke Energy (as the customer) and the staffing agencies included over 45,000 entries and in printed form is 7000 pages.  This is a classic fishing expedition that requires discovery of virtually every aspect of Defendant's operations and is disproportional to this litigation.  Responsive documents were provided for Plaintiff.  If you believe the production as to Plaintiff is inadequate, please identify specific deficiencies.

F.      RFP No. 8 seeks IQN Navigator time cards for Plaintiff and putative class members.  There are no such documents for Plaintiff.  As to the putative class members, such request runs afoul of the relevance and proportionality objections identified above, as it relates to a subset of workers of which Plaintiff was not one.  Indeed, the request is patently overbroad and burdensome and is a classic fishing expedition relating to customer(s) of Defendants for whom Plaintiff did not work.

G.      RFP No. 9 seeks discovery of all staffing company agreements that Defendants have with each of its suppliers.  Defendants have produced the Warren Steele agreement, which is the agreement between Defendant(s) and the agency which employed Plaintiff.   The request as to putative class members runs afoul of the relevance and proportionality objections identified above and is patently overbroad and burdensome.  Currently Defendants have contracts with 1600+ staffing agencies.  You already have well over 100 agreements which were provided in the *Bowser* litigation, which relates to Duke Energy, the company for which Plaintiff worked.  The Warren Steele agreement and those agreements provide numerous templates for you.  Discovery as to other staffing agencies simply is unwarranted given the scope of the litigation.

**2.      The Depositions of Cervera, Lemoine and deBlaquiere.**  You have noticed fact depositions of Christina Cervera, Lynda Lemoine and Susan deBlaquiere.  Again, these depositions are subject to the relevant and proportionality objections voiced above and are objectionable to the extent they pertain to matters other than those related to Plaintiff Smith.  Smith worked for Duke Energy at powerplants in Indiana.  In that regard, Lemoine, who works in New Orleans as a Program Manager for Defendants' program with Entergy, would have no relevant information.  deBlaquiere, as Vice-President of Program Management, oversees several programs, including the Duke program.  Arguably, then, she may have relevant and proportionate information as to Smith's claims.  Cervera provides support across a number of programs, but has no personal knowledge of Smith or his placement.  Whatever testimony she might be able to provide as to Smith's claims would be, at best, duplicative of deBlaquiere's testimony and, given the short time for discovery and the fact that her deposition was only noticed late last week, principles of judicial economy counsel against taking her deposition.  In short, Lemoine has no direct knowledge of Smith or the Duke program, and Defendants object to the taking of her deposition.  Similarly, Cervera has no direct knowledge of Smith and while familiar to some extent with certain aspects of the Duke program, her knowledge overlaps with that of deBlaquiere.  As such, Defendants object to the taking of Lemoine's deposition and Cervera's deposition, especially given the tight discovery schedule.

**3.      Rule 30(b)(6) Deposition as to Manageability.**  We have discussed the scope of this deposition on two previous occasions.  Throughout those discussions, I have made the relevance and proportionality objections set forth above, and I continue to believe that those objections preclude the taking of the deposition.  Moreover, you have suggested that the purpose behind this deposition is to file a second conditional certification motion.  The Court did not invite you to do so and the schedule for the case clearly does not envisage a second bite at the apple.  Nevertheless, in an effort to compromise, we had identified topics over which limited testimony related to Smith's claims might be possible.  Your

revised Rule 30(b)(6) notice, however, goes well beyond the parameters of the subject matter contemplated by Defendants and therefore, Defendants object to the taking of the deposition.

As to specific objections to each of the topics apart from the relevance and proportionality objections:

A.    Topic Nos. 1 and 2 are the identities of the staffing companies. As explained above regarding RFP No. 9, the only staffing agency relevant to this case is the one that employed Smith, i.e., Warren Steele, and furthermore the only customer relevant to this case is the one for whom Smith worked, Duke Energy. The identities of the other staffing agencies and customers can serve one and only one purpose, and that is to allow you to identify future targets for litigation. Indeed, you received the identities of the suppliers in the Duke program and have already sued several of them.

B.    Topic Nos. 3 and 4 are the locations and regions where workers supplied by staffing agencies performed work for Defendants' MSP customers, and the types of industries Defendants worked in. While Defendants see no relevance to this testimony whatsoever, we had discussed allowing testimony on these subjects, with the understanding that the term "locations" did not mean every single location to which a worker was assigned. If the specific locations where every worker was assigned was required testimony, it would be overbroad and unduly burdensome, as explained previously.

C.    Topic Nos. 5 and 8 relate to the number of potential putative class members. The issue here is that you have defined the putative class as workers who received straight time for overtime, and given that Defendants do not pay the putative class members and do not have such pay data in its custody, possession, on control, every single person placed is potentially within the collective you proposed, from Defendants' viewpoint. However unrealistic the proposed collective was, it was your choice to define the collective in that manner, and any effort to use this deposition to reevaluate your position is too late. I am willing to consider testimony relating to the number of workers placed on a yearly basis, since identifying that number would be manageable.

D.    Topic Nos. 6 and 7 ask how many putative class members each staffing agency placed with each customer. Again, this is discovery that would seem to have no bearing on Smith's individual claim and is overbroad burdensome. Neither the identity of the staffing companies/customers nor how many workers were placed by each staffing company with each customer is relevant, nor is that proportional discovery. Testimony relating to Warren Steele's placement of its employees with Duke would, however, arguably be consistent with the case as it exists now, and would not be unduly burdensome and overbroad.

E.    Topic No. 9 asks for testimony about every single contract Defendants have with staffing companies. It does make reference to templates, and testimony regarding the Warren Steele contract would arguably be consistent with the case as it exists now, so if testimony regarding the Warren Steele contract as satisfactory, we can agree to such testimony. Testimony regarding other agencies, though, is irrelevant and is disproportionate, in addition to being burdensome and overbroad.

F.    Topic No. 10 asks for testimony about every single contract Defendants have with their customers. It does make reference to templates, and testimony regarding the Duke contract would arguably be consistent with the case as it exists now, so if testimony regarding the Duke contract is satisfactory, we can agree to such testimony. Testimony regarding other agencies, though, is irrelevant and is disproportionate in addition to being burdensome and overbroad.

G.    Topic No. 11 asks for testimony about template contracts Defendants have with the staffing companies which require payment of straight time for overtime or otherwise have a bill rate for regular hours that is the same as the bill rate for overtime hours. You mention several staffing agency agreements as templates, but Zempleo, ASAP, and Sirius are not relevant to Smith's claims and therefore discovery as to them is irrelevant, disproportionate, burdensome and overbroad. As for Warren Steele, it seems this topic is repetitive of Topic No. 9.

**4.       Second Rule 30(b)(6) Deposition.**  You noticed on September 3, 2020 a second Rule 30(b)(6) deposition, which notice included document requests.  The objections as to relevance and proportionality are reasserted as to this deposition.  For example, Topic Nos. 18, 19, 20, 30, 32, 35, 36, 37, and 38 extend beyond the Plaintiff.  Moreover, a number of the topics relate to classification decisions (e.g., whether an employee is exempt or non-exempt), which is not germane to this case, which as you have asserted is about the payment of straight time for overtime.  Among the topics which focus on classification issues are: Nos. 5, 6, 7, 8, 9, 12, and 18.

There is another independent basis for objecting to this deposition based upon its timing.  The deposition is comprehensive and includes over 40 topics to be covered.  Moreover, it contains a request for documents that covers all documents relating to all topics.

Given the complexity of the deposition and the amount of time necessary to prepare, and given the other discovery requested shortly before this Rule 30(b)(6) deposition, including another Rule 30(b)(6) depositions, the notice provided is "patently unreasonable."  *E.g. Leys v. Lowe's Home Centers, Inc.*, 2009 WL 1911818 (W.D. Mich. July 1, 2009); *accord Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1985); *Freeman v. City of Detroit*,  2011 WL 1298174, at *2 (E.D. Mich. Apr. 5, 2011).  This is particularly the case where the deposition notices propose to seek testimony on a number of complex topics, and would require significant time to prepare for.

Second, Plaintiff improperly seeks to end run around the timing provisions of Rule 34.  When seeking documents in connection with the deposition of a party, Rule 30(b)(2) requires the document requests to comply with Rule 34, including its timing provision.  See Fed. R. Civ. P. 30(b)(2).  Thus, plaintiff lacks any basis to require the production of documents in fewer than 30 days.  See id.; Fed. R. Civ. P. 34(b)(2); Leys, 2009 WL 1911818 at *1.  In that regard, the Court's original scheduling order (ECF No. 25) requires discovery to be completed "on or before" the last day of discovery, which document discovery cannot be concluded by then.

The court's ruling in Leys v. Lowe's Home Centers, Inc.  is instructive.  In that case, the plaintiff, like plaintiff in this case, purported to serve a 30(b)(6) and document request under Rule 30(b)(2).  Leys, 2009 WL 1911818 at *1.  And, just as in this case, the plaintiff gave defendant just 4 business days' advance notice and sought to conduct the deposition on the last day before the end of discovery.  Id.  The court ruled that it was "patently unreasonable" for plaintiff to "afford[] defendant only four business days" in which to prepare for a complex corporate representative deposition that would take several months to prepare for.  Id.  The court observed that "[p]laintiffs had six months to prepare their case, during which they were free to seek a deposition of the defendant corporation at any time, upon proper notice.  Instead, they chose to schedule a complicated deposition and document production at the very last minute of the discovery period, in circumstances that would make compliance by defendant virtually impossible.  The court will not force defendant to do the impossible …"  Id.

While a limited deposition may be had here, the notice as currently drafted is objectionable.

We have agreed on September 22 as a date for Mr. Smith's deposition.  I am not available on September 17, 19, 23, 24, 26 and 29, assuming you want all-day depositions.  If you need something less than all day, some of those dates may work.

---

**From:** Taylor Jones <tjones@mybackwages.com>
**Sent:** Thursday, September 3, 2020 10:31 AM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; 'Jennifer McManus' <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

**External Sender:**

Michael:

While I understand Guidant has raised the same objections (i.e., relevance, proportionality, undue burden) to the RFPs as it has for the 30(b)(6), it was not our understanding that Guidant would produce a 30(b)(6) witness in lieu of responding to the RFPs. Indeed, we need Guidant's supplementation *before* the 30(b)(6) deposition(s), as we agree the subject matter overlaps and we need to be able to (and are entitled to) question the corporate representative(s) about the discovery/production. Please let me know if you would like to discuss further.

Thanks,



**TAYLOR JONES** // JOSEPHSON DUNLAP

PHONE # 713-352-1100     FAX # 713-352-3300
ADDRESS 11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE WWW.MYBACKWAGES.COM

---

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Thursday, September 3, 2020 9:07 AM
**To:** Taylor Jones <tjones@mybackwages.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; 'Jennifer McManus' <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Taylor:

I thought our discussions re. the 30(b)(6) depositions covered one and the same given that they trip over each other.  Are you telling me that you are treating them differently?

---

**From:** Taylor Jones <tjones@mybackwages.com>
**Sent:** Thursday, September 3, 2020 9:17 AM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; 'Jennifer McManus' <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Michael,

We still have not received Guidant's supplemental responses or production. As indicated in my email below, as well as during our last few conferences, it is our position that we are entitled to this discovery, especially given the Court's cert ruling based strictly on manageability and size of the class. We previously offered multiple potential compromises on this production, but all of them fell on deaf ears. If we do not receive the supplementation by Tuesday, September 8th, then we intend to move to compel the same. Please let me know if Guidant intends to supplement its responses and production so we can avoid engaging in motion practice and burdening the Court with this issue.

Thank you,



**TAYLOR JONES** // JOSEPHSON DUNLAP
PHONE #  713-352-1100        FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

---

**From:** Taylor Jones
**Sent:** Friday, August 21, 2020 4:45 PM
**To:** 'Pavlick, Michael' <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@MyBackWages.com>; Lindsay Itkin <litkin@mybackwages.com>; 'Blase, Gregory N.' <Gregory.Blase@klgates.com>; 'Jennifer McManus' <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Michael,

Given the Court's cert ruling based on the manageability of the case, we think it is imperative that Guidant supplement its responses to Plaintiff's First Set of Discovery, as we have repeatedly requested, which would identify the putative class members, so we can confirm (or refute) Guidant's claims that the class covers approximately 200,000 potential plaintiffs. Specifically, Guidant must supplement its responses to RFP Nos. 2 (payroll data), 2 (identities of the putative class members), 4 (pay and bill rates), 5 (payroll documents), 7 (work orders for putative class members showing pay and bill rates) , 8 (timecards), and 9 (staffing company agreements). Guidant refused to produce any of this information, but such information is now directly relevant to whether conditional certification is appropriate, especially given the court's findings and concerns. Please supplement Guidant's responses to these Requests in 7 days. If you would like to discuss this matter further, please let me know.

Thank you,



**TAYLOR JONES** // JOSEPHSON DUNLAP
PHONE #  713-352-1100        FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

---

**From:** Taylor Jones
**Sent:** Wednesday, April 29, 2020 11:29 AM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@MyBackWages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Hi Michael,

I just wanted to follow up on the Guidant discovery issues. Specifically, have you had a chance to talk to Guidant re my proposed compromises? For convenience, I suggested:

- Guidant provide us with a vendor list and we can subpoena this information directly from the staffing companies, removing the burden from Guidant. We could work on creating a mutually agreeable subpoena, so Guidant does not object to the same.
- Alternatively, we could agree to a representative discovery plan of a subset percentage of the putative class.

I think we should be able to come to some sort of compromise on the discovery issues. Please let me know when you're available to discuss.

Thanks,



**TAYLOR JONES // JOSEPHSON DUNLAP**
PHONE # 713-352-1100    FAX # 713-352-3300
ADDRESS 11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE WWW.MYBACKWAGES.COM

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Friday, March 27, 2020 11:09 AM
**To:** Taylor Jones <tjones@mybackwages.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Taylor, on top of the burden and overbreadth arguments, I also said there are significant relevancy arguments since we don't know who was paid "straight time for overtime.'  Thanks for summarizing.

**From:** Taylor Jones <tjones@mybackwages.com>
**Sent:** Friday, March 27, 2020 12:05 PM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Michael,

Just to summarize our call, with regard to the Bartech Rule 26 Report:

- You think preparing and filing one is premature, given the Court has yet to order it.
- Greg explained that in this Court, discovery doesn't start until the Court enters a scheduling conference, rather than simply after the parties have conducted their Rule 26 conference. I will verify with Jennifer.
- Bartech intends to insert its own case summary, does not oppose the jurisdiction section, tentatively does not oppose the relation to other cases section, but intends to either submit its own proposed schedule or argue that setting a schedule at this time, given the COVID issues, is premature.
- I will circulate a proposed ESI plan that we can shoot redlines back and forth.
- You will send your edits to the draft report next week.

With regard to the Guidant discovery issues:

-   You maintain the requests are overly broad and unduly burdensome given the nature and size of the class and the numerous third-party staffing companies involved.
-   I suggested Guidant provide us with a vendor list and we can subpoena this information directly from the staffing companies, removing the burden from Guidant. I also suggested we could work on creating a mutually agreeable subpoena, so Guidant does not object to the same. You are going to discuss this proposal with Guidant and circle back next week.
-   Likewise, I proposed agreeing to a representative discovery plan of a subset percentage of the putative class. You are going to discuss this with Guidant and circle back next week, but you do not think Guidant will agree to this option.

If there is anything I've included here that you think misrepresents what occurred on our call, or if you think I left anything important out, please just respond to state the same.

Thanks & stay healthy,



**TAYLOR JONES** // JOSEPHSON DUNLAP
PHONE #   713-352-1100       FAX #   713-352-3300
ADDRESS   11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE   WWW.MYBACKWAGES.COM

---

**From:** Taylor Jones
**Sent:** Thursday, March 26, 2020 3:36 PM
**To:** 'Pavlick, Michael' <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@MyBackWages.com>; Lindsay Itkin <litkin@mybackwages.com>; 'Blase, Gregory N.' <Gregory.Blase@klgates.com>; 'Jennifer McManus' <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Michael,

Attached please find our draft of the Rule 26 Discovery Plan. We look forward to speaking with you tomorrow.

Thanks,



**TAYLOR JONES** // JOSEPHSON DUNLAP
PHONE #   713-352-1100       FAX #   713-352-3300
ADDRESS   11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE   WWW.MYBACKWAGES.COM

---

**From:** Taylor Jones
**Sent:** Wednesday, March 25, 2020 8:55 AM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@MyBackWages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Perfect. Then let's go ahead and try and kill two birds with one stone and knock them both out. I can circulate a draft of the Rule 26 report and a calendar invite.

Thanks & stay healthy,



**TAYLOR JONES** // JOSEPHSON DUNLAP

PHONE #  713-352-1100      FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Wednesday, March 25, 2020 8:53 AM
**To:** Taylor Jones <tjones@mybackwages.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

I can discuss whatever you put on the agenda.

**From:** Taylor Jones <tjones@mybackwages.com>
**Sent:** Wednesday, March 25, 2020 9:51 AM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Michael,

How about 10 CST/11 EST on Friday? Are you able to use that conference to discuss both cases and have a Rule 26 conference in the Ward case?

Thanks,



**TAYLOR JONES** // JOSEPHSON DUNLAP

PHONE #  713-352-1100      FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Wednesday, March 25, 2020 8:40 AM
**To:** Taylor Jones <tjones@mybackwages.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N.

<Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Friday is OK from 10-2 and from 3-5, although I can't promise that I will have had a chance to talk to the client by then.

---

**From:** Taylor Jones <tjones@mybackwages.com>
**Sent:** Wednesday, March 25, 2020 8:06 AM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Cc:** Andrew Dunlap <adunlap@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: Smith v. Guidant - Discovery Deficiencies

Michael,

I am following up on my email below regarding Guidant's deficient discovery responses. I think we should set up a time to discuss these issues, as well as the case generally, this week. We could kill two birds with one stone and loop in Bartech case. I am available all day Thursday and Friday, just let me know what time works best for you.

Thanks,



TAYLOR JONES // JOSEPHSON DUNLAP
PHONE #  713-352-1100     FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

---

**From:** Taylor Jones
**Sent:** Monday, March 23, 2020 8:16 PM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>; Guidry, Gregory (Greg) <greg.guidry@ogletree.com>
**Cc:** Andrew Dunlap <adunlap@MyBackWages.com>; Lindsay Itkin <litkin@mybackwages.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** Smith v. Guidant - Discovery Deficiencies

Counsel:

I am writing regarding Guidant's deficient discovery responses. Despite only propounding 11 requests for production, Guidant wholly failed to respond to any. Indeed, Guidant has objected to every single one of Plaintiff's RFPs as vague, overbroad, unduly burdensome, and irrelevant. While we understand that the putative class is approximately 200,000-300,000 workers, Guidant cannot simply ignore its discovery obligations on that basis alone. As detailed in our Reply in support of conditional certification, Guidant's manageability concerns do not halt this case, as it was Guidant's decision to impose a sweeping straight time for overtime policy on hundreds of thousands of workers. That being said, I think we can come to a compromise to address some of Guidant's concerns by agreeing to a representative discovery plan for an agreed subset of the putative class.

Further, with regard to Guidant's claims it does not maintain any records for these workers, such claims are readily refuted by the documents Guidant *did* produce for Smith. *See* Smith_001-038. These documents detail compensation,

11

identifying/contact information, bill and pay rates, client assignments, locations worked, supervisors, dates of employment, and hours, and are, therefore, responsive to RFP Nos. 1-5, and 10. It appears that the vast majority of this information is readily available to Guidant through its StaffEnabler system. Moreover, Guidant can simply request these documents from any staffing company who provided these workers to Guidant by exercising the audit rights Guidant has through its MSAs with these companies.

Finally with regard to RFP Nos. 8, 10-11, while Guidant claims these types of documents do not exist, or that it does not maintain them, we know such documents exist for all the putative class members because Guidant has produced (some of) them for Plaintiff, and we attached such documents for other potential class members to our cert motion.

We hope we can discuss these issues in more detail sometime this week to come to an agreement on supplemental production without having to engage in motions practice. I am available all day Thursday and Friday. Please let me know what time works best for you.

Thanks,



**TAYLOR JONES**  //  **JOSEPHSON DUNLAP**

| PHONE # | 713-352-1100 | FAX # | 713-352-3300 |
| ADDRESS | 11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046 |
| WEBSITE | WWW.MYBACKWAGES.COM |

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

# Exhibit G

**Pavlick, Michael**

| | |
|---|---|
| **From:** | Andrew Dunlap <adunlap@mybackwages.com> |
| **Sent:** | Thursday, August 27, 2020 3:24 PM |
| **To:** | Pavlick, Michael; Taylor Jones |
| **Cc:** | Blase, Gregory N.; Jennifer McManus; Lindsay Itkin; Allison Lewton; Michael A. Josephson; Keith James |
| **Subject:** | RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions |

**External Sender:**

Mike - Parties can agree to do discovery after the discovery deadline, nonetheless, I think your response gets us to where we need to be. So, thanks.

Are you free at 10:00 am CDT Monday?



**ANDREW DUNLAP  //  JOSEPHSON DUNLAP**

PHONE #  713-352-1100    FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM



---

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Thursday, August 27, 2020 2:18 PM
**To:** Andrew Dunlap <adunlap@mybackwages.com>; Taylor Jones <tjones@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

I am having major Outlook issues today.  I sent a response but it looks like it went to Drafts one of the times Outlook crashed rather than being sent.

1. As I previously indicated, we can confer Monday on the 30(b)(6) topics.
2. As I previously indicated, I don't think we can "agree" to extend discovery.  That's the court's decision.  I am not opposed to an extension of discovery.

---

**From:** Andrew Dunlap <adunlap@mybackwages.com>
**Sent:** Thursday, August 27, 2020 3:10 PM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>; Taylor Jones <tjones@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson

<mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Mike – If we don't hear from you today regarding the below question, we feel like we have no other choice, out of an abundance of caution, to get the Court involved due to the closure of discovery on August 31, 2020.

Again, I think are on the same page, but just for clarification – please confirm you agree to (1)  extending the discovery deadline for at least a few weeks and (2) to confer Monday regarding the 30(b)(6) topics?

Thanks,



**From:** Andrew Dunlap
**Sent:** Thursday, August 27, 2020 11:07 AM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>; Taylor Jones <tjones@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Mike – I think we are on the same page, but just for clarification - Do you agree to (1)  extending the discovery deadline for at least a few weeks and (2) conferring Monday regarding the 30(b)(6) topics?



**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Thursday, August 27, 2020 10:54 AM
**To:** Andrew Dunlap <adunlap@mybackwages.com>; Taylor Jones <tjones@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Andrew:

The below wasn't meant to push off indefinitely.

I am out of pocket tomorrow but am generally available Monday to talk.

---

**From:** Andrew Dunlap <adunlap@mybackwages.com>
**Sent:** Thursday, August 27, 2020 11:46 AM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>; Taylor Jones <tjones@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Mike – I don't think that approach works. We can confer with you tomorrow regarding the objections. We intend to get whatever is not resolved in front of the Court next week.

Please give us dates before the 31st for your corporate rep. It shouldn't be hard to get someone who can testify as to how many potential class members there actually are.

We will also get you dates for Smith.



**ANDREW DUNLAP** // JOSEPHSON DUNLAP
PHONE #   713-352-1100    FAX #   713-352-3300
ADDRESS   11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE   WWW.MYBACKWAGES.COM

---

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Thursday, August 27, 2020 10:38 AM
**To:** Taylor Jones <tjones@mybackwages.com>; Andrew Dunlap <adunlap@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Taylor:

Thank you for confirming plaintiff's withdrawal of the deposition notices.  As I indicated, we are preparing written objections to the deposition topics, and will serve those in due course.  We would be glad to convene a conference after plaintiff has reviewed those objections.  And once we have agreed on topics, I will be in a better position to commit to dates.

In the meantime, please confirm the dates on which plaintiff is available for his deposition.

**From:** Taylor Jones <tjones@mybackwages.com>
**Sent:** Wednesday, August 26, 2020 9:15 PM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>; Andrew Dunlap <adunlap@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Michael:

Defendants do not need to produce a witness on Monday, 8/31, so long as they agree that such deposition(s) will be conducted after the current 8/31 discovery deadline, which the Parties seem to be in agreement needs to be extended anyways. We are in no way trying to be unreasonable here. My request for alternative dates was simply that – please ask Defendants for alternative dates if 8/31 does not work for you or them. Indeed, we still need to confer on the objections you provide yesterday. If Defendants are willing to agree to conduct the deposition(s) after the current 8/31 discovery deadline (and/or extend the same), then I propose we set up a conference on Friday to discuss your objections to the noticed topics. I am available from 11-3 CST. If we're in agreement, please just let me know a time that works best for you.

Thanks,



**TAYLOR JONES** // **JOSEPHSON DUNLAP**
PHONE #  713-352-1100       FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

---

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Wednesday, August 26, 2020 7:14 PM
**To:** Taylor Jones <tjones@mybackwages.com>; Andrew Dunlap <adunlap@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Taylor:

As I indicated, Defendants are not in a position to identify dates.  We don't know who may be designated or their availability given questions regarding scope (which includes but is not limited to document requests), and we don't know what the Court will order with respect to scheduling.  We also don't know when you are willing to produce Mr. Smith, as you have avoided any commitment in that regard.  I can give you a date, but it is speculative and subject to change/reconsideration given the foregoing issues and the issues raised previously.  If that satisfies you, I would propose September 24 or September 29.  In any event, I need you to confirm in writing that Defendants do not have to produce a witness or witnesses on Monday.  Absent that, we will file our motion tomorrow.

---

**From:** Taylor Jones <tjones@mybackwages.com>
**Sent:** Wednesday, August 26, 2020 7:25 PM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>; Andrew Dunlap <adunlap@mybackwages.com>

**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Michael:

As I noted in my original email with the 30(b)(6) notice, if the noticed date does not work for counsel or defendants, please just propose alternative dates. Further, as we discussed today during our conference, the parties likely need to move to extend the scheduling order deadlines to continue discovery, including both Defendants' and Plaintiff's depositions.

Thanks,



**TAYLOR JONES** // JOSEPHSON DUNLAP

PHONE # 713-352-1100    FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE   WWW.MYBACKWAGES.COM

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Wednesday, August 26, 2020 6:02 PM
**To:** Andrew Dunlap <adunlap@mybackwages.com>; Taylor Jones <tjones@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Andrew:

First and foremost, and I hope you, your family and your colleagues remain safe tonight and tomorrow from Hurricane Laura.

I am requesting that Plaintiff withdraw the deposition notices for the reasons I stated in my earlier e-mail. I have already indicated Defendants' willingness to discuss with Plaintiff the timing and scope of those depositions (and in that regard, I reemphasize that we need preliminarily to schedule the long-delayed deposition of Mr. Smith). I don't believe it is proper to condition any agreement by Plaintiff to withdraw the patently unreasonable notices on a corresponding agreement by Defendant to make witnesses testify on a date certain and on topics that are objectionable. Moreover, given the close of discovery on August 31, 2020, I do not believe Defendants have the authority to unilaterally extend discovery. We will have a better idea of the options after the status conference. Absent Plaintiff's agreement to withdraw the deposition notices, Defendants will have no choice but to file an emergency motion for protective order.

**From:** Andrew Dunlap <adunlap@mybackwages.com>
**Sent:** Wednesday, August 26, 2020 2:48 PM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>; Taylor Jones <tjones@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Mike – We need a date for your representative for these topics. We are happy to pull this notice down, but we need some dates first in the next few weeks to be able to pull it down.

Thanks,



**ANDREW DUNLAP** // JOSEPHSON DUNLAP

PHONE #  713-352-1100     FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

---

**From:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Sent:** Tuesday, August 25, 2020 6:30 PM
**To:** Taylor Jones <tjones@mybackwages.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Andrew Dunlap <adunlap@mybackwages.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>; Keith James <James@keithjamespllc.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

Taylor:

I am in receipt of your Rule 30(b)(6) deposition notices, noticed for August 31, 2020.

Given the abbreviated notice, the nature of Rule 30(b)(6) depositions, Plaintiff's request for documents, scheduling concerns, and complications related to the pandemic, I am not able to nor am I obligated provide a witness or witnesses on August 31, 2020.  *See Leys v. Lowe's Home Centers, Inc.*, No. 1:08-CV-1084, 2009 WL 1911818 (W.D. Mich. July 1, 2009) (seven days notice of Rule 30(b)(6) deposition "patently unreasonable" where witness was asked to testify regarding a "variety of complex topics" with only four business days to prepare and deposition notice requested "voluminous" documentation).  *See also Hart v. United States*, 772 F.2d 285, 286 (6th Cir. 1985) ("Despite the general flexibility in the procedural rules, we do not agree that the notice given was reasonable under the circumstances of this case, although the need for the testimony was great and time was short.");  *Freeman v. City of Detroit*, No. 09-CV-13184, 2011 WL 1298174, at *2 (E.D. Mich. Apr. 5, 2011) ("[T]he Court finds that three days notice for a Rule 30(b)(6) deponent and seven additional deponents is not the 'reasonable written notice' required of Fed.R.Civ.P. 30(b) (1).").

I am happy to discuss alternate dates, but I do note that Defendants previously served notice of Plaintiff Smith's deposition, scheduled for early March 2020, on January 24, 2020.  Plaintiff was not made available his deposition, so I would insist that arrangements be made for his deposition in advance of any deposition of Defendants' witnesses.  While the original notice contemplated an in-person deposition for Mr. Smith, I would propose that his deposition be taken virtually.  To that end, I have attached an amended notice.  The date noticed is a placeholder.

On a related note, the scope of the Plaintiff's proposed deposition notices are overbroad.  I will provide you with specific objections, but generally, the proposed subject matter is irrelevant and disproportionate to the nature of the case in its current posture.  *See. e.g., Thompson v. Applied Services Augmentation Partners,* 2019 WL 6405390 (W.D.N.C., Nov. 27, 2019).

**From:** Taylor Jones <tjones@mybackwages.com>
**Sent:** Monday, August 24, 2020 3:09 PM
**To:** Pavlick, Michael <Michael.Pavlick@klgates.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Andrew Dunlap <adunlap@mybackwages.com>; Jennifer McManus <jmcmanus@faganlawpc.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** RE: ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions

My apologies, I forgot to include Jennifer. She's now CC'ed here.



**TAYLOR JONES** // JOSEPHSON DUNLAP
PHONE #  713-352-1100     FAX #   713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE   WWW.MYBACKWAGES.COM

**From:** Taylor Jones
**Sent:** Monday, August 24, 2020 2:07 PM
**To:** 'Pavlick, Michael' <Michael.Pavlick@klgates.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Andrew Dunlap <adunlap@MyBackWages.com>; Betts, Jenn <jenn.betts@ogletreedeakins.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** ELECTRONIC SERVICE - Smith v. Guidant, et al. - Plaintiff's Notices of 30(b)(6) Depositions
**Importance:** High

Michael:

Attached please find Plaintiff's Notices of Deposition pursuant to FRCP 30(b)(6). As you'll see we've noticed both depositions for August 31, 2020. Thus, we are willing to consolidate the two depositions, if Defendants intend to designate the same representative. Likewise, we've noticed the deposition to be conducted remotely. Please let us know if the noticed date works for you and Defendants, or propose alternative dates. We are faxing copies of the attached to your office as well.

Thank you,



**TAYLOR JONES** // JOSEPHSON DUNLAP
PHONE #  713-352-1100     FAX #   713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE   WWW.MYBACKWAGES.COM

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Michael.Pavlick@klgates.com.

# Exhibit H

**Pavlick, Michael**

| | |
|---|---|
| **From:** | Taylor Jones <tjones@mybackwages.com> |
| **Sent:** | Thursday, September 3, 2020 12:27 PM |
| **To:** | Pavlick, Michael |
| **Cc:** | Blase, Gregory N.; Keith James; Andrew Dunlap; 'Jennifer McManus'; Lindsay Itkin; Allison Lewton; Michael A. Josephson |
| **Subject:** | ELECTRONIC SERVICE - Smith v. Guidant - Notices of Deposition and Discovery Requests |
| **Attachments:** | 2020.09.03 - NOD - Christina Cervera.pdf; 2020.09.03 - NOD - Lynda Lemoine.pdf; 2020.09.03 - NOD - Susan Deblaquiere.pdf; 2020.09.03 - 30b6 NOD - Guidant Group & Guidant Global - Manageability.pdf; 2020.09.03 - First Set of Rogs - Guidant Group & Guidant Global - FINAL.pdf; 2020.09.03- Second Set of RFPs - Guidant Group & Guidant Global - FINAL.pdf |

**External Sender:**

Michael:

Attached please find:

(1)  Plaintiff's Notice of Deposition of Cristina Cervera for 9/21;
(2)  Plaintiff's Notice of Deposition of Lynda Lemoine for 9/23;
(3)  Plaintiff's Notice of Deposition of Susan Deblaquiere for 9/24;
(4)  Plaintiff's Notice of Deposition Pursuant to FRCP 30(b)(6) to Guidant Group & Guidant Global (updated per our prior conferences) for 9/18;
(5)  Plaintiff's First Set of Interrogatories ) to Guidant Group & Guidant Global; and
(6)  Plaintiff's Second Set of RFPs to ) to Guidant Group & Guidant Global.

With regard to the depositions, if the noticed dates do not work for you or the witnesses, please propose alternative dates in September for the same, so we can confer on a mutually agreeable date.

Thanks,



**TAYLOR JONES  //  JOSEPHSON DUNLAP**
PHONE #  713-352-1100        FAX #   713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE   WWW.MYBACKWAGES.COM

Exhibit I

**Pavlick, Michael**

---

| | |
|---|---|
| **From:** | Taylor Jones <tjones@mybackwages.com> |
| **Sent:** | Thursday, September 3, 2020 5:28 PM |
| **To:** | Pavlick, Michael |
| **Cc:** | Keith James; Blase, Gregory N.; 'Jennifer McManus'; Andrew Dunlap; Michael A. Josephson; Lindsay Itkin; Allison Lewton |
| **Subject:** | ELECTRONIC SERVICE - Smith v. Guidant - Plaintiff's Second Notice of FRCP 30(b)(6) Deposition |
| **Attachments:** | 2020.09.03 - Second 30(b)(6) NOD - Guidant Group & Guidant Global - FINAL.pdf |

**External Sender:**

Michael:

Attached please find Plaintiff's Second Notice of Deposition Pursuant to FRCP 30(b)(6) to Guidant Group and Guidant Global. As with the other notices we've sent, if the noticed date (9/28) does not work for you or the witness(es), please propose alternative dates so we can find a mutually agreeable date for everyone. Likewise, please provide us with any objections Defendant have to the noticed topics by **COB September 10, 2020**, so we can confer on the same. We are mailing a copy of the Notice (along with the documents I sent earlier today) to your office as well.

Thanks,



**TAYLOR JONES // JOSEPHSON DUNLAP**

PHONE # 713-352-1100    FAX # 713-352-3300
ADDRESS 11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE WWW.MYBACKWAGES.COM

# Exhibit J

**Pavlick, Michael**

| | |
|---|---|
| **From:** | Taylor Jones <tjones@mybackwages.com> |
| **Sent:** | Friday, September 11, 2020 7:29 PM |
| **To:** | Pavlick, Michael |
| **Cc:** | Blase, Gregory N.; Keith James; Andrew Dunlap; Michael A. Josephson; Lindsay Itkin; Allison Lewton |
| **Subject:** | ELECTRONIC SERVICE - Smith v. Guidant - Notices of Deposition |
| **Attachments:** | 2020.09.11 - Amd NOD - Christina Cervera.pdf; 2020.09.11 - Amd NOD - Lynda Lemoine.pdf; 2020.09.11 - Amd NOD - Susan Deblaquiere.pdf; 2020.09.11 - First Amd Second 30(b)(6) NOD - Guidant Group & Guidant Global - FINAL.pdf |

**External Sender:**

Michael,

Attached please find:

(1) Plaintiff's First Amended Notice of Deposition of Lynda Lemoine for 9/25 at 9:30;
(2) Plaintiff's First Amended Notice of Deposition of Christina Cervera for 9/25 at 2:00;
(3) Plaintiff's First Amended Notice of Deposition of Susan Deblaquiere for 9/21 at 9:30;
(4) Plaintiff's First Amended Notice of Deposition of Guidant Group and Guidant Global pursuant to FRCP 30(b)(6) for 9/19 at 9:30; and
(5) Plaintiff's First Amended Second Notice of Deposition of Guidant Group and Guidant Global pursuant to FRCP 30(b)(6) for 9/30 at 9:30.

Thanks,



**TAYLOR JONES  //  JOSEPHSON DUNLAP**
PHONE # 713-352-1100    FAX # 713-352-3300
ADDRESS 11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE WWW.MYBACKWAGES.COM

Exhibit K

**Pavlick, Michael**

| | |
|---|---|
| **From:** | Taylor Jones <tjones@mybackwages.com> |
| **Sent:** | Monday, September 14, 2020 12:12 PM |
| **To:** | Pavlick, Michael |
| **Cc:** | Blase, Gregory N.; 'Keith James'; Andrew Dunlap; Michael A. Josephson; Lindsay Itkin; Allison Lewton |
| **Subject:** | RE: ELECTRONIC SERVICE - Smith v. Guidant - Notices of Deposition |
| **Attachments:** | 2020.09.11 - First Amd 30b6 NOD - Guidant Group & Guidant Global - Manageability.pdf |

**External Sender:**

Michael,

It has just come to my attention that the First Amended 30(b)(6) notice (#4 in my email below) was not attached to my email on Friday, and that I included the incorrect date in my email (it's noticed for 9/18, not 9/19). I have reattached the notice here. Sorry for the confusion.

Thanks,



**TAYLOR JONES  //  JOSEPHSON DUNLAP**
PHONE #  713-352-1100     FAX #  713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

---

**From:** Taylor Jones
**Sent:** Friday, September 11, 2020 6:29 PM
**To:** 'Pavlick, Michael' <Michael.Pavlick@klgates.com>
**Cc:** Blase, Gregory N. <Gregory.Blase@klgates.com>; Keith James <James@keithjamespllc.com>; Andrew Dunlap <adunlap@MyBackWages.com>; Michael A. Josephson <mjosephson@mybackwages.com>; Lindsay Itkin <litkin@mybackwages.com>; Allison Lewton <alewton@mybackwages.com>
**Subject:** ELECTRONIC SERVICE - Smith v. Guidant - Notices of Deposition

Michael,

Attached please find:
   (1)  Plaintiff's First Amended Notice of Deposition of Lynda Lemoine for 9/25 at 9:30;
   (2)  Plaintiff's First Amended Notice of Deposition of Christina Cervera for 9/25 at 2:00;
   (3)  Plaintiff's First Amended Notice of Deposition of Susan Deblaquiere for 9/21 at 9:30;
   (4)  Plaintiff's First Amended Notice of Deposition of Guidant Group and Guidant Global pursuant to FRCP 30(b)(6) for 9/19 at 9:30; and
   (5)  Plaintiff's First Amended Second Notice of Deposition of Guidant Group and Guidant Global pursuant to FRCP 30(b)(6) for 9/30 at 9:30.

Thanks,

 **TAYLOR JONES** // **JOSEPHSON DUNLAP**

PHONE #  713-352-1100      FAX #   713-352-3300
ADDRESS  11 GREENWAY PLAZA, SUITE 3050, HOUSTON, TX 77046
WEBSITE  WWW.MYBACKWAGES.COM

2