UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHADWICK SMITH,

Plaintiff,

v.

GUIDANT GLOBAL INC., ET AL.,

Defendants.

Case No. 19-cv-12318

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER [48]; (2) GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [56]; (3) DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL DISCOVERY [50]; AND (4) DENYING AS MOOT PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE [60]**

## I. INTRODUCTION

On August 6, 2019, Plaintiff Chadwick Smith ("Plaintiff") filed the instant collective action under the Fair Labor Standards Act ("FLSA") for unpaid overtime against Defendant Guidant Global, Inc.  *See* ECF No. 1.  On September 18, 2019, Plaintiff amended his Complaint to add Defendant Guidant Group, Inc.[1]  *See* ECF No. 8.

_____

[1] Hereinafter, the Court will refer to Defendants Guidant Global, Inc. and Guidant Group, Inc. together as "Guidant."

Presently before the Court are the parties' four discovery-related motions, which are fully briefed.  These motions include: (1) Guidant's Motion for Protective Order (ECF No. 48); (2) Plaintiff's Motion to Compel Discovery (hereinafter, "September Motion to Compel") (ECF No. 50); (3) Plaintiff's Motion to Compel Discovery (hereinafter, "October Motion to Compel") (ECF No. 56); and (4) Plaintiff's Motion to Extend Discovery (ECF No. 60).[2]  A hearing on the parties' unresolved issues from these discovery-related motions was held on November 16, 2020.  For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** Guidant's Motion for Protective Order [#48].  The Court will **GRANT** Guidant's Motion as it relates to Guidant's request for the Court to preclude Plaintiff from taking Lynda Lemoine's deposition.  The Court will **DENY** Guidant's Motion as it relates to Guidant's request for the Court to enter a protective order as to any discovery directed to the Opt-In Plaintiffs.

Further, the Court will **GRANT** Plaintiff's October Motion to Compel [#56].  The Court will also  **DENY AS MOOT** Plaintiff's September Motion to Compel [#50].  Finally, the Court will also **DENY AS MOOT** Plaintiff's Motion to Extend Discovery Deadline [#60].

---

[2] Three of these Motions were previously referred to Magistrate Judge Anthony P. Patti.  On October 15, 2020, this matter was reassigned to Magistrate Judge Curtis Ivy, Jr.  This Court entered an Order Rescinding its Order of Reference to Magistrate Judge on October 28, 2020.  ECF No. 70.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff asserts that he and those "similarly situated" to him are individuals who were employed by Guidant as hourly employees.  ECF No. 8, PageID.24, 27. Plaintiff brings this action against Guidant for allegedly failing to compensate him, and other workers like him, for overtime as required by the FLSA, 29 U.S.C. 201 *et seq*.  *Id.* at PageID.24.  He seeks to recover unpaid overtime and other damages due to him and the Putative Class Members in this collective action.  *Id.*  On December 11, 2019, this Court denied Guidant's Motion to Dismiss, finding that Plaintiff sufficiently alleged Guidant's joint employment relationship.   ECF No. 20, PageID.329.  This Court also determined that Guidant's raised consent issue was moot.  *See id.* at PageID.329.

On August 20, 2020, this Court denied Plaintiff's Motion for Conditional Certification of a class defined as: "[a]ll workers covered by a Guidant Staffing Company Agreement who were paid straight time for overtime within the past 3 years."  *See* ECF No. 43.  In its Opinion and Order, this Court expressed its concern with the action's case management.  Specifically, this Court determined that this matter, at the time of its writing, would not be manageable as a collective action in light of Guidant's assertion that the potential nationwide class may include 200,000 workers, who are employed by over 1,600 staffing agencies and assigned to work at 56 different companies in a variety of different industries.  *Id.* at PageID.1677.  This

Court otherwise found Plaintiff sufficiently demonstrated a class of similarly situated workers existed.

On September 2, 2020, this Court held a Status Conference with the parties. At this Conference, Plaintiff explained that it planned to serve limited discovery requests on Guidant for the specific purpose of addressing the Court's manageability concerns. Guidant expressed its opposition with such discovery, citing proportionality and relevancy concerns. The Court decided to extend discovery by thirty days, concluding on September 30, 2020.

On October 28, 2020, this Court held another Status Conference with the parties. ECF No. 71. At this Conference, the parties discussed the status of their discovery, as well as their recently filed motions, which are now presently before the Court. *Id.* at PageID.2251. Further, the Court emphasized that it previously denied Plaintiff Motion to Certify Class (ECF No. 30) without prejudice. The Court also explained that its decision was confirmed at the September 2, 2020 Status Conference, when it decided to extend discovery as to the parties' manageability disputes. At the conclusion of the October 28, 2020 Conference, the Court entered an Amended Scheduling Order. *Id.* Included in the parties' new dates was a renewed deadline for discovery related to Plaintiff's forthcoming Renewed Class Certification Motion. *Id.* at PageID.2251–52.

The parties timely submitted a Joint Brief of Resolved & Unresolved Issues on November 5, 2020 (hereinafter, "Joint Brief").  ECF No. 75.  In its Joint Brief, the parties explain they resolved the following outstanding issues in the four pending motions:

- Guidant's Motion for Protective Order (ECF No. 48): (1) fact depositions of Christina Cervera and Susan deBlaquiere are scheduled during the week of November 9, 2020; and (2) the manageability 30(b)(6) deposition will go forward, with limitations as to workers in the power/energy industry;

- Plaintiff's September Motion to Compel (ECF No. 50): Guidant will supplement its responses to Plaintiff's First Set of Requests for Production Nos. 2, 4-5, and 7-9, limited to workers in the power/energy industry, with additional limitations set forth in Plaintiff's Motion;

- Plaintiff's October Motion to Compel (ECF No. 56): Guidant will respond to Plaintiff's First Set of Interrogatories and Second Set of Requests for Production, as to Plaintiff, by November 25, 2020.

*Id.* at PageID.2279–80.  Additionally, the parties set forth their unresolved issues:

- Guidant's Motion for Protective Order (ECF No. 48): whether the Court should compel Guidant to present a 30(b)(6) witness as to the Opt-In Plaintiffs and fact witness Lynda Lemoine for deposition; and

- Plaintiff's October Motion to Compel (ECF No. 56): whether the Court

  should compel Guidant to respond to Plaintiff's First Set of Interrogatories

  and Second Set of Requests for Production as to the Opt-in Plaintiffs.

*Id.* at PageID.2280.  Accordingly, this Order will focus on these unresolved issues.

### III. LAW & ANALYSIS

#### A. Guidant's Motion for Protective Order (ECF No. 48)

Guidant moves for a protective order as to the Rule 30(b)(6) deposition concerning the Opt-In Plaintiffs, as well as a protective order barring Plaintiff from taking a fact deposition of Lynda Lemoine.  As for the Rule 30(b)6) deposition, Guidant argues that Plaintiff's requested discovery is "irrelevant and disproportional."  ECF No. 75, PageID.2282.  Guidant emphasizes that the four individuals who have opted into the instant litigation are not yet parties to the case, as conditional certification was previously denied.  *Id.*  As for the fact deposition of Lynda Lemoine (hereinafter, "Lemoine"), Guidant contends that this deposition is "patently disproportionate and irrelevant" given that she "has no involvement with the Duke Program, and, therefore, no involvement with [Plaintiff]."  ECF No. 48, PageID.1707.

#### 1. Legal Standard

The Federal Rules of Civil Procedure allows for a broad scope of discovery. *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 402 (6th Cir.1998).  Rule 26(b)(1) allows

parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense ... if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  As relevant here, Rule 26(b)(1) applies to Rule 30(b)(6) deposition notices.  *See Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 122 (E.D. Mich. 2019) (citation omitted).

Nevertheless, Rule 26(c) provides this Court with authority to issue a protective order for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including," orders "forbidding the disclosure of discovery."  Fed. R. Civ. P. 26(c).  The Sixth Circuit has explained that a moving party "must show good cause for protection from one (or more) harms identified in Rule 26(c)(1)(A) with a particular and specific demonstrate of fact, as distinguished from stereotyped and conclusory statements" in order to sustain a protective order under Rule 26(c).  *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (internal quotation marks and citation omitted).  "Good cause" exists if "specific prejudice or harm will result" should the Court not issue a protective order.  *Id.* (citation omitted).  Moreover, the Court must balance the "right to discovery" with the need to "prevent fishing expeditions."  *Id.* at 236–37 (internal quotation marks and citation omitted).

## 2. Analysis

### a. 30(b)(6) Deposition

The Court will first address the parties' dispute of whether Guidant should be compelled to present a 30(b)(6) witness as to the Opt-In Plaintiffs. Plaintiff originally served Guidant with this disputed 30(b)(6) deposition notice on September 3, 2020. ECF No. 54-6. Guidant maintains that the discovery sought in this deposition is irrelevant and disproportional in light of the Court's Opinion and Order denying conditional certification. ECF No. 75, PageID.2282. It asserts that the Court's Opinion and Order "made no provision for the 'opt ins' to continue to participate in the case." *Id.*

Guidant cites to several district court opinions for the proposition that opt-in plaintiffs are not parties to a case when conditional certification is denied. *Id.* at PageID.2282–83. Plaintiff disputes this argument, asserting that opt-in plaintiffs become parties to a case upon the filing of a consent, even if conditional certification is never requested. *Id.* at PageID.2281. Plaintiff maintains that it would be inappropriate to dismiss the claims of the Opt-In Plaintiffs at this time, where the Court's denial of certification was made without prejudice. ECF No. 54, PageID.1908.

As an initial matter, the Court denotes that the question of an opt-in plaintiff's status, specifically when there is no conditionally certified collective action under

the FLSA, has resulted in a conflict among courts.  Upon careful review of Guidant's cited authority, the Court declines to follow the line of cases which support Guidant's argument that the Opt-In Plaintiffs are not parties to the present case.  Rather, for the reasons discussed below, the Court finds that the Opt-In Plaintiffs are properly before the Court at this juncture.

First, a plain reading of FLSA 29 U.S.C. § 216(b) demonstrates that nothing beyond the filing of a consent, including conditional certification, is required for an opt-in party to become a plaintiff.  As the Eleventh Circuit explained in *Prickett v. DeKalb Cnty.*, Congress, by referring to opt-in plaintiffs as "party plaintiff[s]," indicated that such opt-in plaintiffs "should have the same status in relation to the claims of the lawsuit as do the named plaintiffs."  349 F.3d 1294, 1296 (11th Cir. 2003).  Conditional certification thus does not necessarily serve the purpose of joining plaintiffs to the action, as suggested by Guidant in its present Motion and statement in the parties' Joint Report.  This Court agrees with the Eleventh Circuit's finding that "conditional certification is solely for notice purposes and does nothing to determine if a party becomes a plaintiff."  *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018).

The Court also finds the Ninth Circuit's differentiation of collective actions from Rule 23 class actions informative.  *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018).  While a class action is conditioned on the court's

approval, and involves a "less active role" in the litigation for the class members, a collective action under the FLSA permits aggrieved workers to act as a collective of individual plaintiffs, with individual cases, even before a court approves notice to a conditionally certified class. *Id.* Such aggrieved workers can opt-in to a collective action by their own choosing with a properly filed consent to the appropriate court. *Id.* Stated differently, § 216(b) permits interested, similarly situated parties to join an action even before proper notice has been sent. *Myers v. Hertz Corp.*, 624 F.3d 537, 55 n.10 (2d Cir. 2010) (citation omitted).

Second, the Court does not find that any of the cases cited to by Guidant stand for the proposition that a court must dismiss an opt-in plaintiff upon the denial of certification without prejudice. Rather, the cited out-of-circuit cases suggest that the Court *may* dismiss an opt-in plaintiff when no class has been certified or where the conditionally certified class has been decertified. For example, the district court explained in *Gibbs v. MLK Express Servs., LLC* that existing opt-in plaintiffs are "usually" dismissed from a lawsuit when a conditional certification is denied. No. 2:18-cv-434, 2019 WL 2635746, at *10 (M.D. Fla. June 27, 2019). In *Rowe v. Hosp. Housekeeping Sys., LLC*, the district court determined it was "appropriate" to dismiss the opt-in plaintiffs' claims after it denied the plaintiff's motion for conditional certification without prejudice. No. 18-9376, 2018 WL 1123621, at *1 (E.D. La. Feb. 28, 2018). Importantly, neither of these courts explained that they

were required to reach this conclusion.  The courts instead appear to exercise discretion in dismissing the opt-in plaintiffs at their respective junctures.

This Court declines to prevent the four Opt-In Plaintiffs from participating in the present matter when it neither ruled on a motion for decertification, when an action officially becomes a single plaintiff lawsuit, nor denied Plaintiff's motion for conditional certification with prejudice.  *See Bamgbose v. Delta-T Grp., Inc.*, 724 F. Supp. 2d 510, 514 (E.D. Pa. 2010) (declining to dismiss opt-in plaintiffs until the plaintiff articulated and presented a subclass).  Indeed, the Court expressly permitted Plaintiff to file a Renewed Class Certification Motion no later than January 15, 2021.  ECF No. 71, PageID.2251.  It is therefore premature to dismiss the Opt-In Plaintiffs without prejudice from this matter.

Third, and as alluded to above, the Court emphasizes that it is within its discretion to "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to the statutory commands or the provisions of the Federal Rules of Civil Procedure."  *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The Court finds the Second Circuit's analysis of § 216(b) and the Supreme Court's rationale in *Hoffman-La Roche, Inc.* instructive for its analysis here: "while courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' we refer to here is only the district court's exercise of the discretionary power, upheld in *Hoffmann–La Roche,* to facilitate the

sending of notice to potential class members." *Myers*, 624 F.3d at 55 n.10 (citation omitted).  In adopting this rationale, this Court declines to prevent the Opt-In Plaintiffs from participating in the present action when it may rule on a renewed motion to certify a proposed class within three months of the date of this writing.

Finally, the Court takes notice that the practice of filing consent forms prior to conditional certification of a collective action is commonplace within the Sixth Circuit.  In *Bey v. WalkerHealthCareIT, LLC*, the district court determined that it was not proper to strike the existing consent forms in a case where the court had not yet made a final determination on conditional certification.  No. 2:16-cv-1167, 2018 U.S. Dist. LEXIS 72819, at *29 (S.D. Ohio May 1, 2018).  Importantly, the district court cited to four other district courts within this Circuit where opt-in plaintiffs filed consent forms prior to the representative plaintiff's motion for conditional certification.  *Id.* (citing *Struck v. PNC Bank N.A.*, No. 2:11-cv-00982, 2013 WL 571849, at *1 (S.D. Ohio Feb. 13, 2013) (45 opt-in plaintiffs filed consent forms prior to the motion for conditional certification); *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1067 (S.D. Ohio 2016) (some of the 37 opt-in plaintiffs filed consent forms prior to the motion for conditional certification); *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 211 (S.D. Ohio 2011) (some of the 22 opt-in plaintiffs filed consent forms prior to the motion for conditional certification); *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 1064, 1067 (M.D. Tenn. 2015) (some of the

100 opt-in plaintiffs filed consent forms prior to the motion for conditional certification)). While this Court denotes that Plaintiff here previously moved for conditional certification, it reiterates that its decision to deny the motion was done without prejudice. Further, the Court explicitly provided a deadline for Plaintiff to refile a renewed motion in its Amended Scheduling Order. ECF No. 71, PageID.2251.

In sum, the Opt-In Plaintiffs are properly before the Court at this juncture, where Plaintiff's motion for conditional certification was dismissed without prejudice and the Court has yet to be presented with a renewed motion. Indeed, Plaintiff's decision to file a renewed motion is contingent on the very question of whether this case would be manageable as a collective action. The Court will revisit the question of whether the Opt-In Plaintiffs should be dismissed if it were to deny a renewed motion for class certification with prejudice or eventually grant a motion for decertification.

In light of this conclusion, the Court now must determine whether Plaintiff's requested discovery as to the Opt-In Plaintiffs should be precluded. In its present Motion, Guidant explains that such discovery is irrelevant, disproportional, overbroad, and unduly burdensome. ECF No. 48, PageID.1706. The Court disagrees. Given that the Court determined that the Opt-In Plaintiffs are properly before the Court at this time, the Court finds that such requested discovery is relevant

and appropriate.  Moreover, Guidant fails to present any support beyond conclusory representations that Plaintiff is not entitled to discovery beyond matters directly relevant to Plaintiff's personal claim under the FLSA, including those for the Opt-In Plaintiffs.  The Sixth Circuit has made clear that in order to justify a protective order, one of Rule 26(c)(1)'s enumerated harms "must be illustrated with a particular and specific demonstrate of fact, *as distinguished from stereotyped and conclusory statements*." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (internal quotation marks and citation omitted) (emphasis added).  Guidant relies exclusively on the Court's denial of conditional certification without prejudice to support its present Motion.  ECF No. 48, PageID.1700-01, 1711; ECF No. 59, PageID.2153 ("[T]he Court's order denying conditional certification also precludes Plaintiff from seeking discovery relating to the opt-in plaintiffs, because they are not parties to case where conditional certification is denied.").  However, as the Court explained above, the Opt-In Plaintiffs are properly before the Court, even with the Court's prior denial of conditional certification, which to reiterate was made without prejudice.

Moreover, the Court agrees with Plaintiff that Guidant has not offered any cognizable argument regarding the specific burden or expense of producing this discovery.  *See* ECF No. 54, PageID.1914.  Indeed, Guidant only argues generally that the discovery as putative class members is "plainly overbroad and burdensome."

ECF No. 48, PageID.1711.  As explained *supra*, the Court declines to adopt such conclusory representations.

In sum, the Court concludes that Guidant fails to present good cause as to why it should be protected from presenting a 30(b)(6) witness as to the Opt-In Plaintiffs. Indeed, the Court finds that the Opt-In Plaintiffs are not "off limits" to discovery. *See* ECF No. 48, PageID.1700.  Accordingly, Guidant's Motion for Protective Order, as it relates to the requested discovery directed to the Opt-In Plaintiffs, will be denied.

### b.  Lemoine Fact Witness Deposition

The Court next turns to Plaintiff's request for a fact deposition of Lemoine. As explained above, Guidant argues that Lemoine, who is a Project Manager for Guidant's program with Entergy, is not involved with either the Duke Program or Plaintiff.  ECF No. 48, PageID.1910.  Plaintiff emphasizes that he seeks Lemoine's testimony because Guidant "expressly relied [on this individual] to convince the Court to deny conditional certification based on the size of the class[.]"  ECF No. 54, PageID.1910.

Guidant submitted Lemoine's declaration as an exhibit to its Response to Plaintiff's Renewed Motion to Certify Class.  ECF No. 34-3.  The Court takes notice of Guidant's citation to Lemoine's declaration in its original Response for the proposition that the Court "has not had an opportunity to address a case of this scope

15

and magnitude." ECF No. 34, PageID.1492. The Court also takes notice of Guidant's citation to two other declarations in its original Response brief: declarations by both Christina Cervera (ECF No. 34-2) and Susan deBlaquiere (ECF No. 34-4). In its present Motion, Guidant explains that it did not object to the fact depositions of Cervera and deBlaquiere. ECF No. 48, PageID.1707. As explained *supra*, the parties confirmed in their Joint Report that they agreed to go forward with the Cervera and deBlaquiere depositions during the week of November 9, 2020. ECF No. 75, PageID.2280.

At the hearing, Plaintiff confirmed that the Cervera and deBlaquiere fact depositions were complete. When the Court questioned Plaintiff on whether it was possible to determine the scope of a new proposed class without Lemoine's deposition, Plaintiff explained that he was unsure if he could solely rely on Cervera's and deBlaquiere's depositions in light of their answers. Plaintiff argued that Lemoine's deposition was necessary to finish the outstanding question of manageability.

The Court finds that Guidant has met its burden of establishing good cause for a protective order to issue as to Lemoine's deposition. Specifically, Guidant establishes good cause for protection from undue burden. Fed. R. Civ. P. 26(c)(1). The Court finds that such harm will result from the absence of a protective order as to Lemoine's deposition, especially in light of the recent depositions of both Cervera

and deBlaquiere, who were deposed for the same reason of determining the scope of a new proposed class.  Both Cervera and deBlaquiere are employed by Corestaff Support Services, Inc., where they provide or oversee support of Guidant's administration of several customers' contingent worker programs, ECF No. 34-2, PageID.1502; ECF No. 34-4, PageID.1513, including Duke Energy Corp., the customer which Plaintiff worked with in 2016 and 2017, ECF No. 30-1, PageID.958. Lemoine, however, oversees Guidant's administration of its contingent worker program with Entergy—not Duke Energy Corp.  ECF No. 34-3, PageID.1508.

"A court must balance the right to discovery with the need to prevent fishing expeditions." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236–37 (6th Cir. 2016) (internal quotation marks and citation omitted).  Here, the Court concludes that a third deposition on the issue of manageability would be disproportionate and unduly burdensome for Guidant at this juncture.  Indeed, the Court denotes that Plaintiff initially asked the Court for "limited" discovery on the outstanding question of manageability.  The Court is unable to conclude that Lemoine's deposition fits into this description, especially when the depositions of both Cervera and deBlaquiere already provided Plaintiff with some access to information which can aid in his discovery on the size of the putative class.

Accordingly, the Court will grant Guidant's Motion (ECF No. 48) as it relates to Guidant's request for the Court to preclude Plaintiff from taking Lemoine's deposition.

## B. Plaintiff's October Motion to Compel (ECF No. 56)

Plaintiff moves to Compel Guidant to respond to his First Set of Interrogatories and Second Set of Requests for Production, which he served on September 3, 2020. *See* ECF No. 56-2. The requested discovery concerns the merits of Plaintiff's and the Opt-In Plaintiffs' claims against Guidant. According to Plaintiff, the Opt-In Plaintiffs "remain as much a part of this case" as he does and thus the merits of their claims are relevant and discoverable. ECF No. 56, PageID.2083–84. Guidant argues that this discovery should be precluded, as the Court "limited the case to Plaintiff's claim and, moreover, the [O]pt-[I]ns do not have independent status as parties to the case because there is no class to which they could have opted in." ECF No. 64, PageID.2211.

### 1. Legal Standard

Federal Rules of Civil Procedure 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Federal Rule of Civil Procedure 37 governs motions for compelling disclosure of

discovery upon a party's failure to make such disclosures.  *See* Fed. R. Civ. P. 37.

Under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must

be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

Additionally, Rule 26(e)(1)(A) requires a plaintiff to supplement her responses in a

timely manner.  If the receiving party fails to respond to interrogatories or requests

for production, Rule 37 provides the party who sent the request the means to file a

motion to compel.  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

### 2.  Analysis

As the Court explained *supra*, upon careful review of the parties' presented

arguments, the Opt-In Plaintiffs are properly before the Court at this juncture, where

Plaintiff's motion for conditional certification was dismissed without prejudice and

the Court has yet to be presented with a renewed motion.  The Court thus disagrees

with Guidant's assertion that the Opt-In Plaintiffs do not have independent status as

parties to the present case.  ECF No. 64, PageID.2211; ECF No.75, PageID.2284.

Rather, the Court concludes that the requested discovery related to the Opt-In

Plaintiffs is appropriate, as the Court has yet to provide a final ruling on the

individuals' similarity or dissimilarity.  Moreover, the Court again denotes that the

practice of individuals filing consent forms prior to a final ruling on conditional

certification of the collective action is commonplace within this Circuit.  *Bey v.*

*WalkerHealthCareIT, LLC*, No. 2:16-cv-1167, 2018 U.S. Dist. LEXIS 72819, at \*29 (S.D. Ohio May 1, 2018) (citing cases).

In sum, it would be contrary to the Federal Rules of Civil Procedure, which allow for a broad scope of discovery, to prevent the Opt-In Plaintiffs from participating in the present matter at this juncture. Accordingly, the Court will grant Plaintiff's October Motion to Compel (ECF No. 56). The Court reminds the parties that all discovery related to Plaintiff's forthcoming Renewed Class Certification Motion must be completed by December 31, 2020. ECF No. 71, PageID.2251.

### C. Parties' Remaining Motions (ECF Nos. 50, 60)

Lastly, the Court will briefly address Plaintiff's two remaining discovery-related motions. First, the Court takes notice of the parties' resolution of Plaintiff's September Motion to Compel (ECF No. 50). *See* ECF No. 75, PageID.2280. Accordingly, Plaintiff's September Motion to Compel [#50] is moot. Second, the Court finds that Plaintiff's Motion to Extend Discovery Deadline [#60] is also moot in light of the Court's Order Regarding Status Conference and Setting New Dates (ECF No. 71), which was entered on October 28, 2020.

### IV. CONCLUSION & ORDER

For the reasons articulated above, Guidant's Motion for Protective Order [#48] is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Guidant's Motion as it relates to Guidant's request for the Court to preclude Plaintiff

from taking Lynda Lemoine's deposition.  Guidant thus shall have no obligation to produce Lynda Lemoine for her fact deposition.  The Court **DENIES** Guidant's Motion as it relates to Guidant's request for the Court to enter a protective order as to any discovery directed to the Opt-In Plaintiffs.  Guidant is thus ordered to respond to Plaintiff's outstanding discovery requests as to the Opt-In Plaintiffs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery [#56] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery [#50] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Discovery Deadline [#60] is **DENIED AS MOOT**.

**SO ORDERED.**

Dated:        November 19, 2020

/s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 19, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager