UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHADWICK SMITH,

Plaintiff,

v.

Case No. 19-cv-12318

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

GUIDANT GLOBAL, INC., ET AL.,

Defendants.

_____ /

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE COMPLIANCE WITH ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY [#107] (ECF NO. 110) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL CLASS DATA FOR NOTICE PURPOSES (ECF NO. 128)

### I. INTRODUCTION

On August 6, 2019, Plaintiff Chadwick Smith filed the instant collective action under the Fair Labor Standards Act ("FLSA") for unpaid overtime against Defendant Guidant Global, Inc. *See* ECF No. 1. On September 18, 2019, Plaintiff amended his Complaint to add Defendant Guidant Group, Inc. *See* ECF No. 8.[1]

Presently before the Court is Plaintiff's Motion to Enforce Compliance with Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery (ECF No. 107), filed on July 21, 2021. *See* ECF No. 110. Also before the Court is

---

[1] The Defendants are hereinafter collectively referred to as "Guidant."

1

Plaintiff's Motion to Compel Class Data for Notice Purposes, filed on September 17, 2021. *See* ECF No. 128. Both matters are fully briefed, and the Court held a hearing on both motions on November 15, 2021. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Enforce Compliance with Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery [ECF No. 107] (ECF No. 110) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel Class Data for Notice Purposes (ECF No. 128).

## II. MOTION TO ENFORCE (ECF NO. 110)

### A. Law & Analysis

#### 1. Legal Standard

Federal Rule of Civil Procedure 37(b) provides for sanctions when a party fails to comply with a court order regarding discovery:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;

> (vi)   rendering a default judgment against the disobedient party; or
>
> (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  In addition to, or instead of, the sanctions listed above, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the discovery order, "unless the failure was substantially justified, or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).

"The court has broad discretion to order one or more just sanctions as provided for in Rule 37, and thus, can tailor the imposition of sanctions to the facts of a particular case." *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996) (internal quotation marks omitted); *see also Taylor v. Medtronics, Inc.*, 861 F.2d 980, 985 (6th Cir. 1988) ("It is well established that court orders imposing sanctions under this rule, including the ultimate sanction of dismissal, are reviewable only for abuse of discretion.").  "[U]nder Rule 37(b)(2), whether defendants were 'willful' is only relevant 'to the selection of sanctions, if any, to be imposed.'" *Gen. Ret. Sys. of the City of Detroit v. Alamerica Bank*, No. 14-CV-10032, 2016 WL 8243173, at *3 (E.D. Mich. Mar. 7, 2016) (quoting Fed. R. Civ. P. 37 advisory committee's notes to 1970 amendments).  "Failing to

3

comply with an order to compel, whether willful or not, is sufficient to trigger

sanctions." *Id.*; *see also Societe Internationale Pour Participations v. Rogers*, 357

U.S. 197, 207-08 (1958).

### 2. Discussion

#### i.    Request for Production No. 53

In answer to Plaintiff's Complaint, Guidant raised as a defense that

"Defendants acted in good faith at all times" and their actions "were not willful."

ECF No. 23, PageID.347.  In September 2020, Plaintiff sent Guidant the following

discovery request based on Guidant's good faith and willfulness defenses:

"Produce all DOCUMENTS evidencing all efforts to comply with the

compensation laws of the United States of America, including but not limited to

the FLSA, as opposed to the compensation laws of the United Kingdom."  ECF

No. 56-2, PageID.2108.

In October 2020, Guidant objected to the Request "because it was served

fewer than 30 days before the close of discovery" and "it seeks irrelevant

information and is disproportionate to the litigation insofar as it seeks information

that is not directly related to Plaintiff's claims."  ECF No. 56-3, PageID.2147.

Guidant further objected because the Request is "vague, overbroad, and unduly

burdensome," "[t]he phrase, 'compensation laws,' is unclear," and "[t]here is no

stated time period."  *Id*.  In December 2020, Guidant renewed its objection and

4

averred that previously provided documents were responsive, "including the [Master Service Agreements], supplier agreements, contingent worker templates and so forth."  ECF No. 95-1, PageID.3677.

On May 6, 2021, in response to Plaintiff's third Motion to Compel in this matter (ECF No. 95), the Court "require[d] Guidant to produce the documents requested in Request for Production No. 53, which relates to Guidant's efforts to comply with the FLSA."  ECF No. 107, PageID.4085.  Thus, the Court granted the motion "to the extent such discovery pertains to Plaintiff and the Opt-In Plaintiffs" but denied the motion "as it related to similarly situated workers."  *Id.* at PageID.4087.  Guidant was ordered to supplement its discovery responses within thirty days of that Order.  *Id.* at PageID.4093.

Despite several requests from Plaintiff, ECF No. 110-1, Guidant has not supplemented its discovery response to Request No. 53 in the almost seven months since the Court issued its May 6, 2021 Order, *see* ECF No. 110, PageID.4102.

Instead, Guidant effectively renews the objections from its December 2020 response.  Specifically, it avers certain documents "are irrelevant" and it has already "produced documents which are arguably responsive to the request."  ECF No. 113, PageID.4191.  These include "the Master Service Agreements between Guidant and the power companies, which require that the staffing companies pay their employees staffed to the power companies consistent with applicable law; the

Staffing Company Agreements between Guidant and the staffing agencies employing the Plaintiff and the opt-ins, which agreements flow down to the staffing agencies the power companies' requirement that the staffing agencies pay their employees staffed to the power companies consistent with applicable law; and the audit results for the two opt-ins who were subject to the random auditing provided for in the Staffing Company Agreements." *Id*. Similarly, at the hearing on the motion, Guidant argued it had already produced its responsive documents and Plaintiff was merely dissatisfied with the production.

Nevertheless, the Court finds Guidant is improperly attempting to relitigate a resolved discovery matter. When Guidant objected to the Request in December 2020, it averred the "[Master Service Agreements], supplier agreements, contingent worker templates and so forth," ECF No. 95-1, PageID.3677, constituted its responsive documents to Request No. 53. The Court subsequently rejected this argument. In deciding its May 6, 2021 Order, this Court determined, based on deposition testimony, that Guidant maintains additional documents responsive to Request No. 53. ECF No. 107, PageID.4084-85. If Guidant disagreed with the Court's determination, the proper avenue for expressing that disagreement was to file a motion for reconsideration, not to disregard the Court's Order and fail to supplement its discovery responses.

6

Guidant asserted at the hearing that it is not disputing the contours of the Court's May 6, 2021 Order, it is instead disputing what data it has in its possession.  But this contention asks the Court to reconsider its conclusion that Guidant has further responsive documents.  Moreover, the Court notes Guidant could have supplemented its discovery by indicating it had searched the documents in its possession and concluded that its productions were complete, but Guidant failed to do even that.  The Court has no choice but to conclude Guidant has failed to comply with a discovery order.

Because Guidant has disobeyed a discovery order, the Court must order Defendants to pay reasonable expenses caused by the failure.  Fed. R. Civ. P. 37(b)(2)(C).  Thus, the Court orders Plaintiff to submit a Bill of Costs and any necessary affidavits regarding his reasonable expenses, including attorney fees, related to the various emails Plaintiff sent Guidant seeking compliance with the Court's May 6, 2021 Order as well as preparing and arguing the instant Motion to Enforce.  Once the Court has reviewed Plaintiff's Bill of Costs, the Court shall order Guidant to pay Plaintiff's reasonable expenses.

Guidant has a history of delayed compliance with this Court's discovery orders that the Court will not rehash in its entirety here.  For example, back in December 2020, the Court warned Guidant it would "assess attorney fees and costs against it should there be any delays in discovery moving forward."  ECF 84 at

PageID.2501. Because of this continued noncompliance and the egregious nature of this incident, in addition to paying Plaintiff's reasonable expenses, the Court will impose some of the more severe sanctions listed under Federal Rule of Civil Procedure 37(b)(2)(A). Specifically, the Court will strike Guidant's good faith defense and prohibit it from asserting any evidence or argument in opposition to Plaintiff's willfulness allegations. Fed. R. Civ. P. 37(b)(2)(A)(ii); Fed. R. Civ. P. 37(b)(2)(A)(iii) *see United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (affirming district court's authority to strike plaintiff's claims and thus dismiss case due to plaintiff's noncooperation during discovery).

### ii.   Information and Documents from Staffing Companies

At various stages during the discovery process, Guidant has generally objected to providing information maintained by its staffing companies, which it asserts is "not within [its] possession, custody or control." *See, e.g.*, ECF No. 95-1, PageID.3636; *see also* ECF No. 98, PageID.3990. However, in its May 6, 2021 Order, this Court found "Guidant has the necessary legal right to obtain the requested documents and information through its contractual relationship with the staffing companies." ECF No. 107, PageID.4083. Thus, the Court ordered Guidant to "obtain all responsive information and documents from its staffing companies related to Plaintiff and the Opt-In Plaintiffs as expressed [t]herein." *Id.* at PageID.4093. Specifically, the Court ordered Guidant to supplement its

responses to Interrogatory Nos. 3, 5, 7, 8, 10-13, 17, and 21 and Request for

Production Nos. 7, 9, 10, 13-16, 19, 20, 22-46, 51-52.  *Id.*  As above, Guidant was

ordered to supplement its discovery responses within thirty days of that Order.  *Id.*

Guidant sent letters to its staffing companies twenty-two days after the Court

issued its Order, explaining the status of the litigation and requesting the relevant

documents.  ECF Nos. 110-2, 110-3, 110-4.  It did not begin producing documents

to Plaintiff until June 8, after the Court's deadline.  *See* ECF No. 110-1,

PageID.4108.  When Plaintiff filed his motion to enforce, Guidant's supplemental

discovery from the staffing companies consisted of the following:

- MBO – 1382 pages of production; no supplemental Interrogatory response

- Steele – 12 pages of production; no supplemental Interrogatory response

- Sirius – 10 pages of production; no supplemental Interrogatory response

- Zempleo – 0 pages of production; no supplemental Interrogatory response

ECF No. 110, PageID.4103.  At the hearing on the motion, Defense counsel was

not sure if the productions had been supplemented, but indicated they likely had

not.  Plaintiff contends this production is "defiantly inadequate." *Id.*

The Court agrees and again concludes Guidant has disobeyed a discovery

order.  Specifically, Guidant has not met its discovery obligations under the May 6,

2021 Order with respect to Interrogatory Nos. 3, 5, 7, 8, 10-13, 17, and 21 and

Request for Production Nos. 7, 9, 10, 13-16, 19, 20, 22-46, 51-52.  Guidant

seemingly concedes that it has not yet obtained all the responsive documents from

its staffing companies.  *See* ECF No. 113, PageID.4194.  It also states it informed

Plaintiff that it would supplement its interrogatory responses after obtaining all the

information from the staffing agencies.  *Id.*   In the alternative, Guidant has offered

to provide "premature" interrogatory responses if it is allowed to supplement them

if the staffing agencies provide additional information.  *Id.*

However, the Court finds these offers insufficient.  As with the supplemental

production to Request No. 53, it has now been almost seven months since the

Court issued its May 6, 2021 Order and six months since the deadline for Guidant

to supplement its discovery responses passed.  Yet, Guidant has not completed its

supplemental productions or supplemented its interrogatory responses.  Nor has it

indicated the staffing companies have refused to provide the information sought in

these requests.[2]

Because Guidant has disobeyed a discovery order, the Court must order

Defendants to pay reasonable expenses caused by the failure.  Fed. R. Civ. P.

---

[2] As far as the Court has been informed, Zempleo, Inc.—along with Allied Staff
Augmentation Partners, Inc. and Energy Services Group International, which do
not appear to be implicated by these requests—has only refused to provide contact
information for potential opt-in class members.

37(b)(2)(C).  Thus, the Court orders Plaintiff to include any additional reasonable expenses associated with these requests in the Bill of Costs.

Plaintiff also suggests Guidant should have subpoenaed this information from its staffing companies instead.  ECF No. 110, PageID.4103.  Guidant initially objected to this position.   First, it argued, the Court did not order it to issue subpoenas and to have done so would undermine the Court's conclusion that "Guidant had the 'legal right to obtain the requested documents and information through its contractual relationship with the staffing companies."  ECF No. 113, PageID.4192 (quoting ECF No. 107, PageID.4083).  Second, Guidant contended it would be "anomalous" to require a defendant to issue a subpoena on behalf of a plaintiff and effectively permit the plaintiff to dictate the defendant's defense.  *Id*. Finally, Guidant averred "Plaintiff's request runs counter to the well-established principle that if discovery is easily obtained by one party with a subpoena, the other party is not required to obtain it."  *Id.* at PageID.4193.

Despite these arguments, at the hearing, Defense Counsel stated Guidant would be willing to issue a joint subpoena for any remaining information maintained by the staffing companies.  In accordance with Guidant's concession, the Court will order the parties to issue joint subpoenas to any staffing companies believed to have responsive documents to Interrogatory Nos. 3, 5, 7, 8, 10-13, 17, and 21 and Request for Production Nos. 7, 9, 10, 13-16, 19, 20, 22-46, 51-52 that

have not yet responded or refused to make any/complete productions. Preparing and issuing these subpoenas shall be at Guidant's expense. *See* Fed. R. Civ. P. 37(b)(2)(C).

For those staffing companies that have responded which have already made productions which Guidant assumes are complete, the Court orders Guidant to confirm the status of the productions within ten (10) days of this Order.

## B. Motion to Compel (ECF No. 128)

### 1. Law & Analysis

#### i. Legal Standard

It is well settled that district courts have the discretion under Section 216(b) of the FLSA to direct a defendant employer to disclose the names and addresses of potential class members. *Hoffman-LaRoche v. Sperling,* 493 U.S. 165, 170 (1989) (affirming district court's order permitting discovery of names and addresses of certain employees); *York v. Velox Express, Inc.*, 524 F. Supp. 3d 679, 696 (W.D. Ky. 2021) (ordering employer to produce opt-in plaintiff's contact information so named plaintiffs could issue notice of FLSA collective action). Courts in actions under the FLSA may facilitate the issuance of a notice informing potential "opt-in" plaintiffs of the collective action. *Hoffman-LaRoche,* 493 U.S. at 170. Such notice is facilitated by the disclosure of contact information.

Under Rule 34(a), a party may request the production of documents and various other categories that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). In this district, "[a] party has control over materials in the possession of a third party by virtue of its ability to secure the consent that was necessary to obtain a copy of these materials." *Flagg v. City of Detroit*, 252 F.R.D. 346, 355 (E.D. Mich. 2008). In light of the Rule's language, "[a] party responding to a Rule 34 production request cannot furnish only that information within his immediate knowledge or possession; he is under an affirmative duty to seek that information reasonably available to him from his employees, agents, or others subject to his control." *Id.* at 353 (quoting *Gray v. Faulkner,* 148 F.R.D. 220, 223 (N.D. Ind. 1992)). "[E]xamples of circumstances giving rise to control [include]: contractual provisions granting legal access . . . and documents maintained by a third party on a company's behalf." *J.S.T. Corp. v. Robert Bosch LLC*, No. 15-13842, 2019 WL 2354631, at *6 (E.D. Mich. June 3, 2019), *report and recommendation adopted*, No. 15-13842, 2019 WL 2343705 (E.D. Mich. June 3, 2019).

## A. Discussion

On July 30, 2021, the Court granted Plaintiff's Motion for Conditional Certification and Court-Authorized Notice. ECF 116. Then, on September 9, 2021, the Court granted the parties' Joint Motion to Approve the Notice and Notice

Methods.  ECF 126.  Subject to the parties Joint Motion, Guidant was to "provide the contact information (names, last known address, last known personal email address, and phone numbers) for the Putative Class Members."  ECF No. 119, PageID.4274.

Nevertheless, according to Plaintiff, Guidant's production of class data is as follows:

- No data: Allied Staff Augmentation Partners, Inc. ("ASAP"); Energy Services Group International ("ESG"); Headway; McKim and Creed, Inc.; Theorem Geo Associates, LLC; TRC Engineers

- Incomplete data: APC-Services; Apex Systems, LLC; Cardinal Solutions Group; Centric Consulting, LLC; Ciber Global, LLC; Cognizant Technology Solutions; Environmental and Safety Solutions, Inc.; Eliassen Group; Ernst & Young, LLP; Fusion Technologies - East, LLC; Ettain Group, Inc.; Genesis Technical Staffing (Entergy); HKA Enterprise, LLC; Iepson Consulting Enterprises (Entergy); Kellton Tech; The North Highland Company LLC; Ops Plus, Inc.; RCS Corporation; Optomi, LLC; Planet Forward; Randstad North America, Inc.; ReNuke Services (Entergy); Richard's Consulting, Inc.; Safety Management Group of Indiana, Inc.; The Select Group, LLC; Sherpa, LLC; Signature Commercial Solutions, LLC; Summit Human Capital, LLC; System One Holdings, LLC; Rev1 Power Services, Inc.; Talent Bridge; TSJ Staffing d/b/a MBS Technical; The Turning Point Group, LLC; Vantage Recruiters LLC (Entergy); Zempleo, Inc.; Zolon Tech Solutions[3]

---

[3] Plaintiff also lists a third category of staffing companies which Guidant has represented are no longer in business and Plaintiff is no longer seeking to compel

ECF No. 136, PageID.4768.

Guidant responds that it has provided almost 2400 addresses.  ECF No. 133, PageID.4513.  Additionally, the vast majority of workers for whom address were not provided at all (approximately 611 out of 685) are employed by three staffing companies which have objected to providing the addresses of their workers because they are engaged in parallel litigation with Plaintiff's counsel.  *Id.*, PageID.4532.  "In other instances, partial contact information was provided for some workers (missing one or two of mailing address, phone number and email), but the completeness of the response indicates that the staffing company did not possess the information (or Guidant has continued to follow up)."  *Id.*

The Court will address the productions from each of the staffing companies in turn.

### a.  ASAP, ESG, and Zempleo

Prior to the Court granting conditional certification, Plaintiff subpoenaed ASAP and ESG seeking, *inter alia*, "contact information for each class member [they] provided to, or through, Guidant at any time during the relevant time period."  ECF No. 136-2, PageID.4781.  ASAP objected to the subpoena because

---

Guidant to obtain the missing contact information from them.  ECF No. 136, PageID.4769.  These include: Allied Technical Resources, Inc.; Darton Group Consulting, LLC; IST, Inc.; Joyner Engineers and Trainers, Inc. RF Communications; and Tecmer, Inc.  *Id.* at PageID.4768.

*inter alia*, it sought contact information for full-time and part-time employees,

exempt and non-exempt, regardless of whether they could be included in the class;

notice had not yet issued; the Court had not yet ruled on Plaintiff's Renewed

Motion for Conditional Certification and Court-Authorized Notice (ECF No. 92);

the subpoena did not specify the workers whose contact information was sought;

and the Western District of North Carolina had prohibited Plaintiff's counsel from

seeking similar information in *Thompson v. Applied [sic] Services [sic]*

Augmentation Partners, Inc., No. 3:19-CV-127-FDWDCK, 2019 WL 6405390

(W.D. N.C. Nov. 27, 2019).  *Id.* at PageID.4782.

     ESG also objected to the subpoena.  ECF No. 136-3.  It relied on the

following grounds: "ESG has not employed any Plaintiff or Opt-in Plaintiff in this

case;" Plaintiff should be judicially estopped from subpoenaing ESG employee

information when he has "taken the position that the putative members of the

collective action were employed by Guidant;" the subpoena sought information

that could more readily and efficiently be obtained from other sources, including

Guidant; the disclosure of contact information may be prohibited under federal and

state privacy laws, and would thus require a protective order; the contact

information of ESG employees is not relevant or proportional to the claims and

defenses asserted in this case.  ECF No. 136-3, PageID.4797-98.

Plaintiff did not move to enforce either subpoena.  ECF No. 133, PageID.4516.  Instead, he relied on discovery requests to Guidant pursuant to Federal Rule of Civil Procedure 34.

ASAP responded to Guidant's request for class data by stating it is not contractually obligated to provide contact information about its current and former employees and would not do so given separate, ongoing litigations in which Plaintiff's counsel sought and was denied the same information.  ECF No. 133-2, PageID.4616.  Guidant states it had similar conversations with ESG, "which determined that it is not in its interests to provide the required information."  ECF No. 133, PageID.4520.  However, Guidant has not provided the Court a record of those conversations.

Guidant asked Zempleo to provide contact information for two lists of employees.  *Id.* at PageID.4523.  For the first list of 487 workers, Zempleo provided data for 370 individuals.  *Id*.  Zempleo explained that those 370 were also putative class members in a separate lawsuit filed by Plaintiff's counsel.  *Id*. "[T]he vast majority of the remaining 117 on the list were not paid under the same formula and, rather, were classified as exempt employees under the Computer Professional Exemption."  *Id*.  According to Zempleo, Plaintiff's counsel also tried to include these individuals in the other matter, but Zempleo objected.  *Id*.  The same occurred with 53 of the 221 workers on the second list.  *Id.* at PageID.4524.

Zempleo indicated it was verifying that the excluded employees were, in fact, IT/Computer Professionals and would follow up with Guidant. *Id.* at PageID.4523.

As discussed *supra*, the Court has already held Guidant has the necessary control over data held by its staffing companies to satisfy Rule 34. *See* ECF No. 107, PageID.4083 ("Guidant has the necessary legal right to obtain the requested documents and information through its contractual relationship with the staffing companies."). Guidant has not moved for reconsideration of the Court's Order or pursued any of the other remedies available to it to properly dispute the Court's holding. If ASAP, ESG, and Zempleo dispute Guidant's contractual rights to the data, Guidant should have sued to enforce those rights rather than vicariously flouting a Court order.

Nevertheless, because Defense counsel expressed Guidant's willingness to issue joint subpoenas for the outstanding class data, and Plaintiff indicated a focus on these three companies, the Court will order the parties to issue joint subpoenas for the outstanding class data from ASAP, ESG, and Zempleo. Again, Guidant shall bear the cost of preparing and issuing these subpoenas. *See* Fed. R. Civ. P. 37(b)(2)(C).

**b.  APC-Services, Apex Systems, LLC; Centric Consulting, LLC;
    Environmental and Safety Solutions, Inc.; Iepson Consulting
    Enterprises; Eliassen Group; Ettain Group, Inc.; HKA Enterprise,
    LLC; Planet Forward; Safety Management Group of Indiana, Inc.; The
    Select Group, LLC; Signature Commercial Solutions, LLC; Summit
    Human Capital, LLC; TSJ Staffing d/b/a MBS Technical; Ciber Global,
    LLC; RCS Corporation; Richard's Consulting, Inc.; Ernst & Young,
    LLP; Fusion Technologies – East, LLC; Headway McKim & Creed;
    Optomi, LLC; Rev1 Power Services, Inc.; Randstad North America,
    Inc.; Ops Plus, Inc.; Talent Bridge; ReNuke Services; Sherpa, LLC; and
    TRC Engineers, Inc.**

The above listed staffing companies all provided incomplete data—either
not including all the information for each employee or including information for
some of their employees but not all of them.  For most of them, Guidant explicitly
states it "assumed" the staffing company did not have the missing information.
*See, e.g.*, ECF No. 133, PageID.4523.  Accordingly, the Court orders Guidant to
follow up with these companies within ten (10) days of this Order to confirm they
do not, in fact, have the missing information or are unable to retrieve it from their
subcontractors.

**c.  Cardinal Solutions Group, Kellton Tech, and Theorem Geo Associates,
    LLC**

Kellton Tech is no longer in the Duke program and has not responded
to Guidant's overtures.  *Id.* at PageID.4526.  Guidant speculates that the two
workers from this company may be located in India.  *Id.*  Similarly, Theorem

Geo Associates is no longer in the Duke program and has not responded to

Guidant's requests for information about its one worker.  *Id.* at PageID.4528

Cardinal Solutions Group is also no longer part of the Duke program

either.  However, Cardinal Solutions has expressly declined to provide

contact information for its one worker and directed Guidant to check

LinkedIn for the information.  *Id.* at PageID.4526.

Because the number of workers in this category (affiliated with

companies no longer contractually obligated to provide Guidant with the

information) is small, The Court orders Guidant to search its own records for

the workers' data.  Assuming the workers' LinkedIn profiles are likely not in

Guidant's possession, custody, or control, the Court does not order Guidant

to search LinkedIn or other social media for the information.

### d.  Genesis Technical Staffing

Genesis Technical did not provide data for one worker who was improperly

identified as working for that staffing company.  *Id.* at PageID.4524.  Thus, the

Court orders Guidant to determine for which supplier the employee worked and

obtain his or her contact information from that supplier.

### e.  The North Highland Company LLC and Vantage Recruiters LLC

The North Highland Company provided complete contact information for

three workers.  *Id.* at PageID.4528.  It objected to providing the remainder because

those individuals did not work during the timeframe covered by the class definition. *Id*. Similarly, Vantage Recruiters did not provide data for one worker because that worker never submitted any time. ECF No. 133, PageID.4524. Guidant denoted this on the master list with "No time logged." *Id*. Therefore, the Court finds these employees are not properly part of the potential opt-ins and should be removed from the master list.

### f. System One Holdings, LLC and The Turning Point Group, LLC

System One has one worker in the putative class for whom it has not provided any data. ECF No. 133 at PageID.4529. Guidant describes the company as "inactive and hard to even find." *Id*. Similarly, Turning Point, which is also "inactive" has only provided contact information for 2 of 3 of its placements, and Guidant assumes it does not have data for the third. *Id*.

Given that Plaintiff has decided not to pursue compelling Guidant to obtain missing information from staffing companies that are no longer in business, ECF No. 136, PageID.4768-69, the Court strikes these workers from the potential opt-ins.

### C. Equitable Tolling

Finally, Plaintiff requests the Court "equitably toll the statute of limitations for those potential opt-ins whose claims may be extinguished or diminished

through no fault of their own if Guidant continues to fail to produce the class data this Court ordered Guidant to produce."  ECF No. 136, PageID.4772.

"Under the FLSA, a lawsuit to recover unpaid compensation must 'be commenced within two years after the cause of action accrued,' unless the cause of action arose 'out of willful violation,' in which case the lawsuit must 'be commenced within three years after the cause of action accrued.' 29 U.S.C. § 255(a)."  *Hughes v. Region VII Area Agency on Aging,* 542 F.3d 169, 187 (6th Cir.2008).  Although equitable tolling is potentially available in an FLSA case, the doctrine is "to be carefully applied."  *Id.* at 187.  To determine whether to apply equitable tolling to time-barred claims, courts consider: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Id.*

As at least three district courts within the Sixth Circuit have recognized, the above five-factor test simply is not "suitable for preemptive, one-size-fits-all application to a group of as-yet unidentified potential plaintiffs."  *Mathews v. ALC Partner, Inc.*, No. 2:08-CV-10636, 2009 WL 2591497, at *8 (E.D. Mich. Aug. 24, 2009), *modified,* No. 08-CV-10636, 2009 WL 10680524 (E.D. Mich. Oct. 27, 2009); *see also Knispel v. Chrysler Grp. LLC*, No. 11-11886, 2012 WL 553722, at

\*7 (E.D. Mich. Feb. 21, 2012); *Noble v. Serco, Inc.,* No. CIV.A. 3:08-76-DCR, 2009 WL 3254143, at \*3 (E.D. Ky. Oct. 7, 2009).

The Court will follow the same approach taken in *Matthews:* "[T]he Court will not enter an order equitably tolling the statute of limitations at this time.  If and when potential plaintiffs whose claims would otherwise be timebarred choose to opt in to the class, they may apprise the Court of their circumstances and individually move for equitable tolling." *Matthews,* 2009 WL 2591497, at \*8 (E.D. Mich. Aug. 24, 2009).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Enforce Compliance with Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery [ECF No. 107] (ECF No. 110) is **GRANTED** and Plaintiff's Motion to Compel Class Data for Notice Purposes (ECF No. 128) is **GRANTED IN PART AND DENIED IN PART.**

Accordingly, the Court **ORDERS** the following:

1.  Plaintiff is directed to submit within twenty-one (21) days of this Opinion and Order a detailed Bill of Costs and any necessary affidavits regarding their reasonable expenses, including attorney fees, related to seeking compliance with this Court's May 6, 2021 Order and the instant Motion to Enforce.

2. Defendant's good faith and willfulness affirmative defenses stated in Defendant's Answer are **STRICKEN**.

3. The parties will issue joint subpoenas to any staffing companies believed to have responsive documents to Interrogatory Nos. 3, 5, 7, 8, 10-13, 17, and 21 and Request for Production Nos. 7, 9, 10, 13-16, 19, 20, 22-46, 51-52 that have not yet responded or refused to make any/complete productions.  Guidant shall bear the cost of preparing and issuing the subpoenas.  Fed. R. Civ. P. 37(b)(2)(C).

4. Guidant is **ORDERED** to follow up with all staffing companies that have not completed their productions, confirmed they have provided all the information in their possession or that can be retrieved from their subcontractors, or refused to complete productions to confirm they have produced all the information to which they have access.

5. The parties will issue joint subpoenas to ASAP, ESG, and Zempleo for the outstanding class data.  Guidant shall bear the cost of preparing and issuing the subpoenas.  Fed. R. Civ. P. 37(b)(2)(C).

6. Guidant is **ORDERED** to follow up with all staffing companies that have not completed their productions of class data, confirm they have provided all the contact information in their possession or that can be retrieved from their subcontractors, or refused to complete

productions to confirm they have produced all the address information to which they have access.

7.  Within ten (10) days of this Order, Guidant is **ORDERED** to search its own records for the contact information of the workers from Cardinal Solutions Group, Kellton Tech, and Theorem Geo Associates, LLC and either provide the information to Plaintiff or confirm it cannot be located.

8.  Within ten (10) days of this Order, Guidant is **ORDERED** to determine for which staffing company the worker improperly affiliated with Genesis Technical Staffing works and request his contact information from them.

9.  The workers from the North Highland Company LLC, Vantage Recruiters LLC, System One Holdings, LLC, and the Turning Point Group, LLC are **STRICKEN** from the master list.

10. Plaintiff's request for equitable tolling is **DENIED**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  December 2, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 2, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager